UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PHILIP L. TROPEANO
PETER TROPEANO
CAROLYN PATTON
    PLAINTIFFS

03 CV 12231 RGS

VS

MAGISTRATE JUDGE _____

Charlene Dorman

Bianca Dorman

Lydia Dorman

Todd Dorman            NOVEMBER 12, 2003

T & N Realty Trust

Captain Parker Arms Partnership
    DEFENDANTS

COMPLAINT

NATURE OF ACTION

1. This is an action for determination of the value of the partnership interest of partners who have retired from a partnership by and between:
   a. Philip Tropeano, Peter Tropeano and Carolyn Patten, residents of Massachusetts, the Plaintiffs; and
   b. Charlene Dorman, Bianca Dorman, and Lydia Dorman, residents of the State of California, and Todd Dorman, resident of the State of New York, the Defendants.

PARTIES

2. The Plaintiff Philip L. Tropeano is a resident of Beverly, Essex County, Massachusetts;

3. The Plaintiff Peter Tropeano is a resident of Lexington, Middlesex County, Massachusetts;

4. The Plaintiff Carolyn Patten is a resident of Marshfield, Plymouth County, Massachusetts

1

5. The Defendant Charlene Dorman is a resident of Menlow Park, California;

6. The Defendant Bianca Dorman is a resident of Menlow Park, California;

7. The Defendant Lydia Dorman is a resident of Menlow Park, California;

8. The Defendant Todd Dorman is a resident of New York, New York;

9. a. The Defendant T & N Realty Trust is a Massachusetts nominee trust created by written instrument dated June 26, 1962, as amended, filed in the Land Registration Office of the Commonwealth of Massachusetts, Middlesex County Registry of Deeds, Southern District, as Document No. 401177.

   b. The principal place of business of the T & N Realty Trust is in Lexington, Middlesex County, Massachusetts.

   c. The Trustees of the T & N Realty Trust are the defendants Charlene Dorman, Bianca Dorman, Lydia Dorman and Todd Dorman.

   d. The sole Beneficiary of the T & N Realty Trust is the Captain Parker Arms Partnership (see Paragraph 10 below);

10. a. The Defendant Captain Parker Arms Partnership is a Massachusetts Partnership created by written instrument dated January 8, 1964, as amended.

    b. The principal place of business of the Captain Parker Arms Partnership is in Lexington, Middlesex County, Massachusetts.

    c. The General Partners of the Captain Parker Arms Partnership are the defendants Charlene Dorman, Bianca Dorman, Lydia Dorman and Todd Dorman.

JURISDICTION

11. The acts that create the subject matter of the Complaint are as follows:

    a. The Defendants Charlene Dorman, Bianca Dorman, Lydia Dorman and Todd Dorman are the sole General Partners of Captain Parker Arms Partnership, a Massachusetts partnership, the only business of which is to own and operate a 96 Unit residential complex in Lexington, Massachusetts.
    b. The Defendants Charlene Dorman, Bianca Dorman, Lydia Dorman and Todd Dorman are trustees of T & N Realty Trust, a Massachusetts Nominee Trust the only asset of which is real estate (the 96 Unit residential complex) located in Lexington, Middlesex County, Massachusetts.

    c. The Defendant Captain Parker Arms Partnership is a Massachusetts Partnership, the only business of which is to own and operate the 96 Unit residential complex in Lexington, Massachusetts.
    d. The Defendant T & N Realty Trust is a Massachusetts Nominee Trust the only purpose of which is to hold bare legal title to the land and buildings (the 96 Unit residential complex) in Lexington Massachusetts for the benefit of the Captain Parker Arms Partnership.
    e. All of the business of the Partnership is conducted in Lexington, Middlesex County, Massachusetts.

12. The jurisdiction of this Court is invoked under the Court's diversity jurisdiction pursuant to 28 U.S.C §1332. The citizenship of the parties is diverse and there is more than Seventy-five thousand ($75,000.00) dollars in controversy in this matter.

**VENUE**

13. Venue is proper in this district pursuant to 28 U.S.C. Section 1391(a)(1) and (2) because the underlying asset, the value of which is to be ascertained, is located in Lexington, Middlesex County, Massachusetts and because the Defendants conduct their business of rental of the 96 Unit residential complex individually, and through their agents, in Lexington, Middlesex County, Massachusetts.

**FIRST COUNT – ASCERTAIN THE VALUE OF THE INTEREST OF THE RETIRING PARTNERS**

14. Prior to October 1, 2003, the partners of Captain Parker Arms Partnership and their respective partnership interests were as follows:

| | |
|---|---|
| Charlene Dorman<br>320 Arlington Way<br>Menlo Park, CA 94025 | 36.14% |
| Bianca Dorman<br>320 Arlington Way<br>Menlo Park, CA 94025 | 7.00% |
| Lydia Dorman<br>320 Arlington Way<br>Menlo Park, CA 94025 | 7.00% |
| Todd Dorman<br>25 W. 70th Street - Apt 2A<br>New York, NY10025 | 7.00% |

|  |  |
|---|---|
| Philip L. Tropeano<br>Beverly, Massachusetts | 21.43% |
| Peter Tropeano<br>Lexington, Massachusetts | 10.715% |
| Carolyn Patten<br>Marshfield, Massachusetts | 10.715% |
| **TOTAL** | 100.00% |

15. By letter dated August 21, 2003, at a time when the Plaintiffs were General Partners of the Captain Parker Arms Partnership (hereafter the "Partnership") and having collectively a 42.86% ownership interest in the Partnership, they notified the defendants Charlene Dorman, Bianca Dorman, Lydia Dorman and Todd Dorman that, pursuant to the provisions of Massachusetts General Laws Ch. 108A, Section 29, they were going to retire from the Partnership effective October 1, 2003 (hereafter the "date of dissolution") and that pursuant to the provisions of Ch. 108A, Section 42 they wished to have their Partnership interest ascertained as of the date of dissolution. Enclosed with this letter was an appraisal by a Certified Appraiser of the real estate of the Partnership showing a gross value of the 96 Unit Residential Complex located in Lexington, Massachusetts of $18,800,000.00.

16. By letter dated September 15, 2003, the defendants (through their attorney Kevin M. Sargis, Esquire) notified the Plaintiffs that based upon Defendants opinion of the value, they would only value the Partnership interest of the Plaintiffs at $2,750,000.00.

17. The Plaintiffs value their collective Partnership interest (including both real estate and personal property) at not less than $6,600,000.00.

18. The parties are unable to agree upon the value of the interest of the retiring partners in the Partnership as of October 1, 2003.

## SECOND COUNT – ACCOUNTING FOR PROFITS OF THE PARTNERSHIP

19. The Plaintiffs were General Partners of the Captain Parker Arms Partnership during the period January 1, 2003 to October 1, 2003.

20. The Plaintiffs are entitled to a pro rata share of the profits of the Partnership during the period January 1, 2003 to October 1, 2003.

21. The Plaintiffs have not received an accounting of the profits of the Partnership for the period January 1, 2003 to October 1, 2003.

4

## THIRD COUNT – INTEREST ON THE ASCERTAINED VALUE (or in the alternative, the profits attributable to the use of property)

22. Until such time as the claim of the Plaintiffs for the value of their Partnership interest is paid, the Plaintiffs are entitled to interest on the value of their claim (or, at the option of the Plaintiffs, in lieu of interest, the profits attributable to the use of their right in the property of the dissolved partnership).

23. The Plaintiffs have not received an accounting of the profits of the Partnership for the period of October 1, 2003 to date (and continuing).

WHEREFORE, the Plaintiffs pray for judgment:

a. That as to the FIRST COUNT, the value of their interest in the Captain Parker Arms Partnership be determined as of October 1, 2003;
b. That as to the SECOND COUNT, an accounting be had from the Defendants for the profits of the Captain Parker Arms Partnership for the period January 1, 2003 to October 1, 2003;
c. That as to the THIRD COUNT an accounting be had from the defendants for the profits of the Captain Parker Arms Partnership from October 1, 2003 to the date of hearing in this Court;
d. That as to all Counts, Interest pursuant to the Massachusetts General Laws Chapter 231, Section 6C and 6H;
e. Attorney's fees;
f. Costs of suit; and
g. Any such relief as in law or equity the Court deems appropriate.

The PLAINTIFFS

BY: _____  
Frederick J. Conroy, Esquire  
Board of Bar Overseers No 096300  
114 Waltham Street  
Lexington, MA 02421  
Tel. 781-862-8060  

By: _____  
Matthew J. Conroy, Esquire  
Board of Bar Overseers No. 566928  
Belesi & Donovan, P. C.  
1225 Franklin Avenue – Suite 400  
Garden City, N. Y. 11530  
Tel. 516-248-9581  

Dated: November 12, 2003  
A JURY TRIAL IS RESPECTFULLY REQUESTED

5