UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-CV-12231-RGS

PHILIP L. TROPEANO,
PETER TROPEANO,
CAROLYN PATTON

v.

CHARLENE DORMAN, BIANCA DORMAN,
LYDIA DORMAN, TODD DORMAN, T&N REALTY TRUST AND
CAPTAIN PARKER ARMS PARTNERSHIP

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISQUALIFY
PLAINTIFFS' COUNSEL

March 17, 2004

STEARNS, D.J.

In this case, which involves a dispute between minority and majority members of a

Partnership, Defendants Charlene Dorman, Bianca Dorman, Lydia Dorman, Todd Dorman,

T&N Realty Trust, and the Captain Parker Arms Partnership, seek the disqualification of

Frederick Conroy, Esq., as counsel for plaintiffs, on grounds that he has previously

represented the defendants in matters involving the Partnership.

Rule 1.7 of the Massachusetts Rules of Professional Conduct, 426 Mass. 1330

(1998), states:

> (a) A lawyer shall not represent a client if the representation of that client will
> be directly adverse to another client, unless: (1) the lawyer reasonably
> believes the representation will not adversely affect the relationship with the
> other client; and (2) each client consents after consultation.

> (b) A lawyer shall not represent a client if the representation of that client
> may be materially limited by the lawyer's responsibilities to another client or
> to a third person, or by the lawyer's own interests, unless: (1) the lawyer

reasonably believes the representation will not be adversely affected; and (2) the client consents after consultation.  When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

Additionally, Rule 1.9 provides that a lawyer who formerly represented one client shall not thereafter represent another in a "substantially related matter in which that person's interests are materially adverse to the interests of the former client."  See Adoption of Erica, 426 Mass. 55 (1997).  This is true even in the absence of proof that the attorney misused confidences to the former client's disadvantage.  Bays v. Theran, 418 Mass. 685, 691 (1994). Rather, the former client need only establish that (1) a previous attorney-client relationship existed, and (2) the former and current representations are adverse and substantially related. Id.; Adoption of Erica, 426 Mass. at 59.  Cf. id. at 58 (disqualification "is a measure which courts should hesitate to impose except when absolutely necessary").

In her affidavit, Charlene Dorman attests that Conroy had previously represented the Partnership and the individual partners in litigation, had drafted legal documents for the Partnership and the Realty Trust, and most recently, had advised the partners on the desirability of changing the legal form of the Partnership.  This case focuses on the respective rights of plaintiffs and the defendants as individual members of the Partnership. In light of Conroy's prior legal work on behalf of the parties and the plaintiffs' silence on the matter (the plaintiffs have not filed an opposition to the motion to disqualify), the court agrees that Attorney Conroy's continued representation of the plaintiffs constitutes a conflict of interest.

ORDER

For the foregoing reasons, defendants' Motion to Disqualify Plaintiffs' Counsel is

ALLOWED.  Plaintiffs will have sixty (60) days to cause successor counsel to enter an appearance.  The court will stay the pending motion to dismiss pending such an appearance.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE