UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PHILIP L. TROPEANO, PETER TROPEANO and CAROLYN PATTON,<br><br>Plaintiffs,<br>v.<br><br>CHARLENE DORMAN, BIANCA DORMAN, LYDIA DORMAN, AND TODD DORMAN, INDIVIDUALLY AND AS THEY ARE TRUSTEES OF THE T&N REALTY TRUST AND PARTNERS OF THE CAPTAIN PARKER ARMS PARTNERSHIP,<br><br>Defendants. | DOCKET NO.<br>03-CV-12231-RGS |

**ASSENTED-TO MOTION FOR LEAVE TO CONDUCT IMMEDIATE
VIDEO DEPOSITION OF PHILIP TROPEANO PURSUANT TO F.R.C.P. 27(b)**

Pursuant to Federal Rule of Civil Procedure 27(b), Plaintiffs Philip Tropeano, Peter Tropeano and Carolyn Patton (collectively, "Plaintiffs") hereby move for leave to conduct the immediate video deposition of Plainiff Philip Tropeano, 237 Dodge Street, Beverly, Massachusetts.

In support of their Motion, Plaintiffs state as follows:

1. At the heart of this dispute between Plaintiffs and Defendants is the intent of a certain amended partnership agreement as it relates to the ability of partners to withdraw from, or terminate, the partnership.

2. Plaintiffs, all partners of the Captain Parker Arms Partnership (the "Partnership"), filed this action with the District Court seeking, inter alia, a declaratory judgment of their rights to terminate the Partnership, a declaratory judgment of their

rights to retire from the Partnership pursuant to G.L. c. 108A, § 42, and a partnership accounting.

3.  On December 2, 2004, the District Court heard Defendants' Motion to Dismiss and Plaintiffs' Opposition and Cross-Motion for Summary Judgment. On February 24, 2005, the District Court issued a final order dismissing Plaintiffs' action. Plaintiffs filed a timely notice of appeal on March 15, 2005, and the parties have since filed their respective appellate briefs with the First Circuit Court of Appeals ("Appeals Court"). The Appeals Court is presently scheduled to hear oral argument of the appeal on October 6, 2005.

4.  A possible result of the appeal is that the Appeals Court will reverse the decision of the District Court and remand the matter for trial. In the event that this occurs, the primary question of fact will be the intent of the original partners of the Partnership as it relates to certain provisions of the original partnership agreement and subsequent amendment.

5.  Philip Tropeano is the only living original partner, and was a party to both the original partnership agreement and subsequent amendment. As such, he has personal knowledge concerning the intent of these documents, which personal knowledge would be the subject of his proposed video deposition.

6.  Philip Tropeano is eighty-three years of age, and is afflicted by generally bad health complicated by diabetes and severe emotional distress caused by the recent deaths of his wife and eldest son. As a result, Plaintiffs are legitimately concerned that Philip Tropeano might not be able, or available, to testify at a deposition in the ordinary

course of discovery should the Appeals Court reverse the District Court and remand the matter for trial.

7. The parties expect that the video deposition of Philip Tropeano will take less than one full day, and can reasonably be accomplished without significant inconvenience or expense to the parties.

8. The video deposition of Philip Tropeano at this time would preserve important testimony on a key issue in this dispute in the medium most appropriate for trial, and would protect against a potential failure of justice should Philip Tropeano not be available to testify at a later date.

9. While Defendants do not concede the factual averments at Paragraphs 1 through 8 above, they do assent to the allowance of this Motion.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion and permit the parties to conduct the video deposition of Plaintiff Philip Tropeano as soon as reasonably convenient for all counsel.

Respectfully submitted,

PHILIP L. TROPEANO, PETER TROPEANO and CAROLYN PATTON

By their attorney

*Thomas Ciampa*
Thomas M. Ciampa (BBO#566898)
Ciampa & Associates
45 Bromfield Street, Suite 200
Boston, MA 02108
(617) 742-5955

ASSENTED TO:

*Gary Crossen/TMC*
Gary C. Crossen
Counsel for Defendants

Dated: September 9, 2005

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September, 2005, a copy of the foregoing Assented-To Motion for Leave to Conduct Immediate Video Deposition of Philip Tropeano Pursuant to F.R.C.P. 27(b) was served by first-class mail, postage prepaid, upon counsel for the defendants.

*Thomas Ciampa*
Thomas M. Ciampa