UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                    )
PHILIP L. TROPEANO, PETER TROPEANO  )
and CAROLYN PATTON,                 )
                                    )
       Plaintiffs,                  )
v.                                  )
                                    )   DOCKET NO.
                                    )   03-CV-12231-RGS
CHARLENE DORMAN, BIANCA DORMAN,     )
LYDIA DORMAN, AND TODD DORMAN,      )
INDIVIDUALLY AND AS THEY ARE        )
TRUSTEES OF THE T&N REALTY TRUST    )
AND PARTNERS OF THE CAPTAIN         )
PARKER ARMS PARTNERSHIP,            )
                                    )
       Defendants.                  )
_____)
```

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION FOR REAL ESTATE ATTACHMENT

Pursuant to Fed. R. Civ. P. 64 and Mass. R. Civ. P. 4.1, Plaintiffs Philip Tropeano, Peter Tropeano and Carolyn Patton hereby move that this Honorable Court issue a real estate attachment in the amount of $8,772,145.13 of all right, title and interest in real property: (1) in the name of any or all of the defendants Charlene Dorman, Bianca Dorman, Lydia Dorman or Todd Dorman (as Trustees of T&N Realty Trust), and/or (2) in the name of the defendant T&N Realty Trust. Such attachment to include, but not be limited to, all such right, title and interest in real property located at 125 Worthen Road, Lexington, Middlesex County, Massachusetts.

In support of their Motion, Plaintiffs rely upon the Affidavit of Peter Tropeano and state as follows:

1. Federal courts may authorize the attachment of real property during the course of an action "under the circumstances and in the manner provided by the law of the state in which the district court is held." Fed. R. Civ. P. 64. Massachusetts law provides that this District Court may allow for pretrial attachment of the defendants' property after notice to the defendants, a hearing, and,

> upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above any liability insurance shown by the defendant to be available to satisfy judgment.

Mass. R. Civ. P. 4.1(c).

2. Plaintiffs, all partners of Captain Parker Arms Partnership (the "Partnership"), sought by this action to enforce their rights to withdraw from the Partnership and to have the value of their respective partnership interests ascertained and paid pursuant to G.L. c. 108, §42.

3. On February 24, 2005, after granting Defendants' Motion to Dismiss First Amended Complaint for Failure to State a Claim Under Rule 12(b)(6), the District Court entered an Order of Dismissal dismissing Plaintiffs' action in its entirety.

4. Following Plaintiffs' appeal, the First Circuit Court of Appeals entered a Judgment dated March 24, 2006 by which it ordered that the District Court's judgment be reversed, and the case remanded for further disposition in accordance with the Appeals Court's decision. The Judgment of the Appeals Court was certified and issued as Mandate under Fed. R. App. P. 41 on April 14, 2006.

5. Pursuant to the Judgment of the Appeals Court, Plaintiffs did lawfully withdraw or retire from the Partnership on October 1, 2003, and are entitled to receive

from the Partnership the value of Plaintiffs' respective partnership interests as of that date pursuant to G.L. c. 108A, §42. As a result, Plaintiffs are certain to recover judgment. The only question that remains is the amount of Plaintiffs' entitlement under Section 42.

6. In connection with this matter, Plaintiffs did retain Eric Reenstierna Associates, a real estate appraisal firm, which provided a written appraisal as to the value of the real estate beneficially owned by the Partnership (the "Reenstierna Appraisal"). A true and accurate copy of the Reenstierna Appraisal is attached to Affidavit of Peter Tropeano ("Tropeano Aff.") as Exhibit A. According to the Reenstierna Appraisal,

> the market value of the Fee Simple Estate in the subject property, "as is," expressed as cash to the Seller in a hypothetical transfer, as of July 21, 2003, is Eighteen Million Eight Hundred Thousand U.S. Dollars ($18,800,000).

Tropeano Aff., Exhibit A, p. 14.

7. According to the Captain Parker Arms Financial Statement for September 2003 (the "Financial Statement"), as of September 30, 2003, the Partnership had assets (not including land, building or equipment) of $300,731.58, and total liabilities of $3,479,729.70. A true and accurate copy of the Financial Statement is attached to Tropeano Aff. as Exhibit B.

8. Pursuant to the Reenstierna Appraisal and the Financial Statement, as of October 1, 2003, the Partnership had net assets of at least $15.62 million ($18,800,000 + $300,731.58 - $3,479,729.70). As the Plaintiffs together owned a 42.87% interest in the Partnership, the value of their collective interest as of October 1, 2003 was no less than $6,696.294.00.

9.  Pursuant to G.L. c. 108A, §42, each Plaintiff is entitled to

have the value of his interest at the date of dissolution ascertained, and
shall receive as an ordinary creditor an amount equal to the value of his
interest in the dissolved partnership with interest, or, at his option, or at the
option of his legal representative, in lieu of interest, the profits attributable
to the use of his right in the property of the dissolved partnership.

10.  Plaintiffs need not elect between interest and profits until after there has been an accounting of the Partnership assets. Moseley v. Moseley, 196 F.2d. 663, 666-67 (9th Cir. 1952); Casida v. Hollis, 51 Cal. 2d. 853, 856-57 (1959)("It should be noted in this connection that plaintiff was entitled to have the accounting made before being compelled to choose between profits and interest").

11.  However, in the event that Plaintiffs choose interest, it shall be deemed to accrue at a rate of twelve percent (12%) per annum. Conetta v. National Hair Care Centers, Inc., 236 F.3d 67, 77 (1st Cir. 2001) ("The rate of interest on an award is commonly treated as a matter of substantive law, and so as to a state claim, state law customarily governs in deciding whether interest is required or permitted and, if so, in what amount"); Conway v. Electro Switch Corp., 825 F.2d 593, 602 (1st Cir. 1987)("We recognize that an award of prejudgment interest is a substantive aspect of a remedy formulation which mandates the application of state law to state law claims in federal court"). See also G.L. c. 231, §6C (establishing the statutory rate of contract interest at twelve percent (12%)).

12.  As of this date, it has been over 2 years and 7 months since the effective date of Plaintiffs' withdrawal from the Partnership. Since that time, interest has accrued on the value of Plaintiffs' collective partnership interest in the amount of at least

$2,075,851.13 ($6,696,294 at 12% per annum). Plaintiffs are therefore entitled to receive from the Partnership, as of this date, payment in the amount of at least $8,772,145.13.

13. Plaintiffs are not aware of any asset other than the real estate that they seek to attach from which the Partnership might satisfy the judgment Plaintiffs will receive, nor are Plaintiffs aware of any insurance available to satisfy this judgment. Tropeano Aff., ¶ 5.

14. On information and belief, all of the individual defendants reside outside of the Commonwealth of Massachusetts. The individual defendants are also the majority of trustees of T&N Realty Trust, the nominal owner of the real estate at issue. Tropeano Aff., ¶ 4.

15. Plaintiffs have reasonable concerns that should they not be permitted to attach the real estate in question, it might be sold by the defendants and the proceeds diverted outside the Commonwealth of Massachusetts, seriously complicating and potentially threatening Plaintiffs' recovery.

WHEREFORE, Plaintiffs hereby move that this Honorable Court issue a real estate attachment in the amount of $8,772,145.13 of all right, title and interest in real property: (1) in the name of any or all of the defendants Charlene Dorman, Bianca Dorman, Lydia Dorman or Todd Dorman (as Trustees of T&N Realty Trust), and/or (2) in the name of the defendant T&N Realty Trust. Such attachment to include, but not be limited to, all such right, title and interest in real property located at 125 Worthen Road, Lexington, Middlesex County, Massachusetts.

Respectfully submitted,

PHILIP L. TROPEANO, PETER TROPEANO and CAROLYN PATTON

By their attorney,

/s/ Thomas Ciampa
Thomas M. Ciampa (BBO#566898)
Ciampa & Associates
45 Bromfield Street, Suite 200
Boston, MA 02108
(617) 742-5955

Dated: May 10, 2006