UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PHILIP L. TROPEANO, PETER TROPEANO )
and CAROLYN PATTON, )
  )
  Plaintiffs, )
  )
v. )
  ) DOCKET NO.
  ) 03-CV-12231-RGS
CHARLENE DORMAN, BIANCA DORMAN, )
LYDIA DORMAN, AND TODD DORMAN, )
INDIVIDUALLY AND AS THEY ARE )
TRUSTEES OF THE T&N REALTY TRUST )
AND PARTNERS OF THE CAPTAIN )
PARKER ARMS PARTNERSHIP, )
  )
  Defendants. )

## MOTION FOR SHORT ORDER OF NOTICE

Plaintiffs hereby request that this Honorable Court issue a Summons and Order of Notice that the defendants appear for a hearing on Plaintiff's Motion for Real Estate Attachment on Tuesday, May 16, 2006 at 2:00p.m.

In support of this Motion, Plaintiffs state that:

1.   Plaintiffs, all partners of Captain Parker Arms Partnership (the "Partnership"), sought by this action to enforce their rights to withdraw from the Partnership and to have the value of their respective partnership interests ascertained and paid pursuant to G.L. c. 108, §42.

2.   On February 24, 2005, after granting Defendants' Motion to Dismiss First Amended Complaint for Failure to State a Claim Under Rule 12(b)(6), the District Court entered an Order of Dismissal dismissing Plaintiffs' action in its entirety.

[Handwritten margin note: Denied. An order of notice is to issue in ordinary course. Plaintiffs are advised to file future pleadings electronically, as Court rules require. R.B. Stearns DJ, 5-12-06]

3.  Following Plaintiffs' appeal, the First Circuit Court of Appeals entered a Judgment dated March 24, 2006 by which it ordered that the District Court's judgment be reversed, and the case remanded for further disposition in accordance with the Appeals Court's decision. The Judgment of the Appeals Court was certified and issued as Mandate under Fed. R. App. P. 41 on April 14, 2006.

4.  Pursuant to the Judgment of the Appeals Court, Plaintiffs did lawfully withdraw or retire from the Partnership on October 1, 2003, and are entitled to receive from the Partnership the value of Plaintiffs' respective partnership interests as of that date pursuant to G.L. c. 108A, §42. As a result, Plaintiffs are certain to recover judgment.

5.  The amount of the judgment Plaintiffs are likely to receive is no less than $8,772,145.13, and plaintiff are seeking a real estate attachment upon certain real property of the defendants as security for their eventual recovery.

6.  Plaintiffs are not aware of any asset other than the real estate that they seek to attach from which the Partnership might satisfy the judgment Plaintiffs will receive, nor are Plaintiffs aware of any insurance available to satisfy this judgment. Tropeano Aff., ¶ 5.

7.  On information and belief, all of the individual defendants reside outside of the Commonwealth of Massachusetts. The individual defendants are also the majority of trustees of T&N Realty Trust, the nominal owner of the real estate at issue. Tropeano Aff., ¶ 4.

8.  Plaintiffs have reasonable concerns that should they not be permitted to immediately attach the real estate in question, it might be sold by the defendants and the

proceeds diverted outside the Commonwealth of Massachusetts, seriously complicating and potentially threatening Plaintiffs' recovery.

9. The defendants will not be prejudiced in any way by a hearing of Plaintiffs' Motion for Real Estate Attachment on Tuesday, May 16, 2006 at 2:00p.m.

10. An expedited hearing is required to protect the legitimate interests of Plaintiffs.

11. The relief sought will simply maintain the status quo.

WHEREFORE, Plaintiffs hereby request that this Honorable Court issue a Summons and Order of Notice that the defendants appear for a hearing on Plaintiff's Motion for Real Estate Attachment on Tuesday, May 16, 2006 at 2:00p.m.

Respectfully submitted,

PHILIP L. TROPEANO, PETER TROPEANO and CAROLYN PATTON

By their attorney,

_Thomas Ciampa_
Thomas M. Ciampa (BBO#566898)
Ciampa & Associates
45 Bromfield Street, Suite 200
Boston, MA 02108
(617) 742-5955

Dated: May 10, 2006