UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIP L. TROPEANO, PETER TROPEANO and CAROLYN PATTEN,<br><br>Plaintiffs,<br>v.<br><br>CHARLENE DORMAN, BIANCA DORMAN, LYDIA DORMAN, AND TODD DORMAN, INDIVIDUALLY AND AS THEY ARE TRUSTEES OF THE T&N REALTY TRUST AND PARTNERS OF THE CAPTAIN PARKER ARMS PARTNERSHIP,<br><br>Defendants. | DOCKET NO.<br>03-CV-12231-RGS |

**PLAINTIFFS' MOTION FOR SCHEDULING CONFERENCE**

Plaintiffs Philip L. Tropeano, Peter Tropeano and Carolyn Patten hereby move that this Honorable Court immediately convene a scheduling conference for the purpose of confirming a scheduling order to govern the limited discovery necessary to determine the liquidation value of the assets of The Captain Parker Arms Partnership (the "Partnership") as of October 1, 2003.

In support of their Motion, Plaintiffs state as follows:

1. Plaintiffs, all former partners of the Partnership, sought by this action to enforce their rights to withdraw or retire from the Partnership and to have the value of their respective partnership interests ascertained and paid pursuant to G.L. c. 108, §42.

2. On February 24, 2005, after granting Defendants' Motion to Dismiss First Amended Complaint for Failure to State a Claim Under Rule 12(b)(6), the District Court entered an Order of Dismissal dismissing Plaintiffs' action in its entirety.

3.      Following Plaintiffs' appeal, the First Circuit Court of Appeals entered a Judgment dated March 24, 2006 by which it ordered that the District Court's judgment be reversed, and the case remanded for further disposition in accordance with the Appeals Court's decision.  The Judgment of the Appeals Court was certified and issued as Mandate under Fed. R. App. P. 41 on April 14, 2006.

4.      Pursuant to the Judgment of the Appeals Court, Plaintiffs did lawfully withdraw or retire from the Partnership effective October 1, 2003 and are entitled under G.L. c. 108A, §42 to receive from the Partnership the full liquidation value of their respective Partnership interests as of October 1, 2003.  As a result, the only question of fact or law remaining to be determined in this action is the liquidation value of the Partnership's assets as of October 1, 2003.

5.      It has now been more than two months since the Judgment of the Appeals Court was certified and issued as Mandate, and more than two and one-half years since Plaintiffs filed this action.  Moreover, Plaintiff Philip Tropeano is eighty-three years of age and is afflicted by generally bad health complicated by diabetes and severe emotional distress caused by the relatively recent deaths of his wife and eldest son.[1]

6.      Thirty-three (33) months of interest at the statutory rate has already accrued on whatever monetary judgment eventually enters in favor of Plaintiffs.  Assuming the accuracy of Plaintiffs' expert report, which values the Partnership's real property alone as having been worth $6.6 million on October 1, 2003, pre-judgment interest in the amount of approximately $2.2 has already accrued.

---

[1] This issue was originally raised by the Plaintiffs in their Assented-To Motion for Leave to Conduct Immediate Video Deposition of Philip Tropeano Pursuant to F.R.C.P. 27(b) which was filed on September 12, 2005 and allowed by the Court on September 20, 2005.

7.   An expeditious conclusion to this matter is therefore in the interest of all parties.

WHEREFORE, Plaintiffs hereby move that this Honorable Court immediately convene a scheduling conference for the purpose of confirming a scheduling order to govern the limited discovery necessary to determine the liquidation value of the assets of the Partnership as of October 1, 2003.

> Respectfully submitted,
>
> PHILIP L. TROPEANO, PETER TROPEANO and CAROLYN PATTON
>
> By their attorney,
>
> /s/ Thomas M. Ciampa
> _____
> Thomas M. Ciampa (BBO# 566898)
> Ciampa & Associates
> 45 Bromfield Street, Suite 200
> Boston, MA 02108
> (617) 742-5955

Dated:  June 29, 2006

### CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June, 2006, a copy of the foregoing Plaintiffs' Motion for Scheduling Conference was served by first-class mail, postage prepaid, upon counsel of record for the defendants.

> /s/ Thomas M. Ciampa
> _____
> Thomas M. Ciampa