UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIP L. TROPEANO,<br>PETER TROPEANO, and<br>CAROLYN PATTON,<br><br>              Plaintiffs,<br><br>v.<br><br>CHARLENE DORMAN,<br>BIANCA DORMAN,<br>LYDIA DORMAN,<br>TODD DORMAN,<br>T&N REALTY TRUST, and<br>CAPTAIN PARKER ARMS PARTNERSHIP,<br><br>              Defendants. | CIVIL ACTION<br>NO. 03-CV-12231-RGS |

## AFFIDAVIT OF NORTON S. REMMER, P.E.

I, Norton S. Remmer, hereby depose and state as follows:

1.   I am a mechanical engineer (P.E.) licensed in the Commonwealth of Massachusetts (License No. 22496) with more than thirty years of experience providing building code and accessibility analysis, zoning and planning consultation and construction management services in Massachusetts and New Hampshire. I am familiar with the Massachusetts architectural barriers (accessibility) regulations, 521 CMR 1.00 *et seq.*, and regularly refer to them in my professional work.

2.   I make this Affidavit at the request of the Defendants, in connection with their opposition to Plaintiffs' Motion for Real Estate Attachment. I have personal knowledge of the matters set forth herein and would be competent to testify thereto.

3. On December 1, 2006, I visited the property known as Captain Parker Arms in Lexington, Massachusetts. During my visit, I was given access to building common areas and exterior common areas.

4. Based upon my observations, none of the Captain Parker Arms buildings comply with the Massachusetts accessibility regulations which were in place as October 1, 2003 and at all times thereafter, and many of the exterior components, such as parking, curb cuts and building access, also fail to comply with such regulations.

5. The Massachusetts architectural barriers (accessibility) regulations, 521 CMR 1.00, *et seq.*, describe when existing buildings must be made handicap accessible. For example, renovations to existing buildings must be handicap accessible "[i]f the work being performed, in a three year period, exceeds 30% of the full and fair cash value of the building." 521 CMR 3.3, *et seq.*

6. Based upon my years of experience working with state and local inspectors, for the purposes of the Massachusetts architectural barriers (accessibility) regulations, "fair cash value" of a building is determined by reference to the assessed value of the building.

7. Based upon my years of experience, much of the work done by The Dolben Company, property mangers for Captain Parker Arms, to maintain and improve the property over the last three years, such as boiler replacements, repavement and berm repair, HVAC replacements and repair and correction to land drainage, would be defined by an inspector as "alterations or repairs" within the meaning of 521 CMR 3.3, and would therefore be counted towards the 30% threshold.

8. If these repairs and other renovations met the 30% threshold, at least 5% of the dwelling units would need to be renovated to comply with the section of the Dwelling Unit

Interiors section of the code (521 CMR 9.5). These units must be distributed across the total number of units according to number of bedrooms, size, quality, price and location (521 CMR 9.4.2), and thus the entryways, parking and sidewalks of five of the buildings also would need to be modified to provide accessibility. Furthermore, because the buildings do not have sprinkler systems, the handicapped accessible units also would need to be provided an alternative exit. The cost of the renovations required to comply with 521 CMR would, in my opinion, exceed $1 million.

I declare under penalty of perjury that the foregoing is true and correct. Executed 8th day of December, 2006.

_____
Norton S. Remmer, P.E.

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system pursuant to Local Rule 5.4 will be sent electronically to all other parties.

_/s/ Christine M. O'Connor_