UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
PHILIP L. TROPEANO, PETER                 )
TROPEANO and CAROLYN PATTON,              )
                                          )
              Plaintiffs,                 )
                                          )
       v.                                 )        CIVIL ACTION
                                          )        NO. 03CV12231 (RGS)
CHARLENE DORMAN, BIANCA DORMAN,           )
LYDIA DORMAN, TODD DORMAN,                )
T&N REALTY TRUST and CAPTAIN              )
PARKER ARMS PARTNERSHIP,                  )
                                          )
              Defendants.                 )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' EMERGENCY MOTION TO STRIKE**

In support of their Emergency Motion to Strike, Plaintiffs state as follows:

1.      Plaintiffs filed and served their Motion for Real Estate Attachment and supporting memorandum of law on May 10, 2006.

2.      Pursuant to Local Rule 7.1(B)(2), the defendants were required to file an opposition, if any, "within fourteen (14) days after service of the motion," or no later than the end of business on May 24, 2006.

3.      At or about 4:30p.m. on Friday, December 8, 2006, seven days before the Court's scheduled hearing of Plaintiffs' motion and seven months after Plaintiffs filed and served their motion, the defendants filed with the Court an eighteen (18) page opposition to Plaintiffs motion and seventy-five (75) pages of supporting affidavits.

4.    The defendants did not receive (or even seek) an extension of time within which to file their opposition, nor did they provide Plaintiffs or the Court with any advance notice of their intentions.

5.    Despite the impressive heft of the defendants' submission, it is devoid of any reasonable explanation as to why the defendants were unable to respond to Plaintiffs' motion in a timely manner; undoubtedly because there is no such reasonable explanation.

6.    Compounding the defendants' discourtesy in dumping almost 100 pages of new pleadings on Plaintiffs and the Court so soon before the hearing (and 7 months after they were due) is the facial absurdity of the arguments defendants raise, particularly as they relate to the value of Plaintiffs' interest in Captain Parker Arms Partnership (the "Partnership").

7.    Despite the fact that both this Court and the First Circuit have already made clear that Plaintiffs are entitled to their respective interests in the liquidation value of the Partnership's assets as of October 1, 2003, the defendants devote numerous pages to arguing that a liquidation value is inappropriate.

8.    Moreover, in arguing an absurdly low fair market value of the Partnership's real property, the defendants advance a series of hypothetical calculations that completely ignore (and in fact, contradict) an actual offer made by Princeton Properties on December 13, 2004 to purchase the Captain Parker Arms Apartments for $16,450,000.  A true and accurate copy of the Princeton Properties offer letter, and the defendants' December 16, 2004 letter rejecting that offer, is attached hereto as Exhibit A.

9.    The defendants' arguments are therefore as unsupportable as their delay is inexcusable.

For all of these reasons, this Honorable Court should immediately strike defendants' Opposition to Plaintiffs' Motion for Real Estate Attachment and all pleadings filed in support to avoid the undue and improper burden upon Plaintiffs and the Court that would otherwise result.

Respectfully submitted,

PHILIP L. TROPEANO, PETER TROPEANO and CAROLYN PATTON

By their attorney,

  /s/   Thomas M. Ciampa
_____
Thomas M. Ciampa (BBO#566898)
Ciampa & Associates
20 Park Plaza, Suite 804
Boston, MA 02108
(617) 742-5955

Dated: December 12, 2006

## Certificate of Service

I hereby certify that this document filed through the ECF system pursuant to Local Rule 5.4 will be sent electronically to all other parties.

____/s/ Thomas M. Ciampa_____