UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PHILIP L. TROPEANO,<br>PETER TROPEANO, and<br>CAROLYN PATTON,<br><br>          Plaintiffs,<br><br>  v.<br><br>CHARLENE DORMAN,<br>BIANCA DORMAN,<br>LYDIA DORMAN,<br>TODD DORMAN,<br>T&N REALTY TRUST, and<br>CAPTAIN PARKER ARMS PARTNERSHIP,<br><br>          Defendants. | CIVIL ACTION<br>NO. 03-CV-12231-RGS |

## OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO STRIKE

Defendants hereby oppose Plaintiffs' Emergency Motion to Strike, served on December 12, 2006, on the grounds that Defendants filed their opposition papers on the date instructed by the Court Clerk. Had Plaintiffs complied with their Local Rule 7.1(A)(2) obligation to confer in advance of filing their Motion to Strike, they would have learned such fact and it would not have been necessary to engage in further motion practice.

In connection with this opposition, Defendants state the following:

    1.    On May 10, 2006, Plaintiffs filed and served their Motion for Real Estate Attachment, and supporting memorandum and affidavit (docket entries # 38-40). On the same day, May 10, 2006, the Court denied, without prejudice, Plaintiffs' Motion for Real Estate Attachment.

2. On May 11, 2006, Plaintiffs filed a Motion for Short Order Notice that the Defendants appear for a hearing on Plaintiffs' Motion for Real Estate Attachment (docket entry # 42). On May 12, 2006, the Court denied Plaintiffs' Motion for Short Order Notice.

3. Because the Court promptly denied the Motion for Real Estate Attachment and the Motion for Short Order of Notice, Defendants neither had an opportunity nor were required to file opposition papers at that point in time. The suggestion that Defendants' opposition to an already denied motion was due no later than the end of business on May 24, 2006 (Plaintiffs' Memorandum in Support of Motion to Strike, ¶2) is without merit.

4. On November 2, 2006, Plaintiffs sent a letter to Judge Stearns requesting that he consider allowing a hearing on Plaintiffs' previously denied Motion for Real Estate Attachment. Such letter was not in the form of a motion and did not comply with Local Rule 7.1, which requires that all motions be accompanied by a memorandum in support (Local Rule 7.1(B)(1), and that no motion shall be filed unless counsel certify that they have conferred (Local Rule 7.1(A)(2))[1]. Accordingly, Defendants did not prepare an opposition upon receipt of the letter.

5. On November 21, 2006, Defendants received electronic notification that the Court had scheduled a hearing on Plaintiffs' Motion for Real Estate Attachment. Only then did Defendants learn that the Court had decided to treat the November 2 letter as a renewal of the previously denied Motion for Real Estate Attachment (Affidavit of Christine O'Connor, ¶2).

6. Upon receipt of the electronic notice, counsel for the Defendants immediately attempted to contact this Court's Courtroom Clerk, Mary Johnson. Attorney O'Connor left Ms. Johnson a voicemail explaining that Defendants intended to file opposition papers, having had no

---

[1] Notably, Plaintiffs also failed to submit the required certification when the Motion for Real Estate Attachment was initially filed, and when they filed their December 12, 2006 Motion to Strike.

2

previous opportunity to do so, and seeking advice on how to proceed given the unusual procedural posture of Plaintiffs' motion (*Id.*, ¶3).

7. Ms. Johnson returned Ms. O'Connor's telephone call later on November 21, 2006. She stated that the Court would permit defendants to file an opposition and that, pursuant to Local Rule 7.1(B)(2), the opposition was to be filed within fourteen days (*Id.*, ¶4).

8. On Tuesday, December 5, 2006, Ms. O'Connor again spoke with Ms. Johnson and was given permission to file Defendants' opposition papers by the close of business on Friday, December 8, 2006 (*Id.*, ¶5).

9. Defendants did in fact electronically file their opposition papers on Friday, December 8, 2006 (docket entries # 50-55).

10. Plaintiffs again have failed to confer with the Defendants before filing their Motion to Strike, as required by Local Rule 7.1(A)(2). If they had, counsel for Defendants would have explained all of the above and the Court would not have been burdened by the additional motion practice.

11. Because Defendants filed their opposition papers on the date instructed by the Court Clerk, there is no merit to Plaintiffs' Motion and it should be denied.

WHEREFORE, Plaintiffs' Emergency Motion to Strike should be denied.

Respectfully submitted,

/s/ Christine M. O'Connor
Sander A. Rikleen – BBO# 420280
srikleen@eapdlaw.com
Christine M. O'Connor – BBO# 647535
coconnor@eapdlaw.com
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, Massachusetts 02199
Ph: 617·239·0100   Fx: 617·227·4420

Dated: December 12, 2006             Attorneys for the Defendants

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system pursuant to Local Rule 5.4 will be sent electronically to all other parties.

/s/ Christine M. O'Connor