UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIP L. TROPEANO, PETER TROPEANO and CAROLYN PATTON,<br><br>    Plaintiffs,<br><br>    v.<br><br>CHARLENE DORMAN, BIANCA DORMAN, LYDIA DORMAN, TODD DORMAN, T&N REALTY TRUST and CAPTAIN PARKER ARMS PARTNERSHIP,<br><br>    Defendants. | CIVIL ACTION<br>NO. 03CV12231 (RGS) |

## REPLY OF PETER TROPEANO TO DEFENDANTS' COUNTERCLAIM

Plaintiff/Defendant-in-Counterclaim Peter Tropeano ("Tropeano") hereby answers the numbered paragraphs of Defendants' Counterclaim (the "Counterclaim") as follows:

80. Tropeano lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Counterclaim and therefore denies the same.

81. Tropeano lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Counterclaim and therefore denies the same.

82. Tropeano lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Counterclaim and therefore denies the same.

83. Tropeano lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Counterclaim and therefore denies the same.

84. Tropeano admits the allegations contained in Paragraph 84 of the Counterclaim.

85. The allegations contained in Paragraph 85 of the Counterclaim state a conclusion of law to which no response is required.

86. To the extent the allegations contained in Paragraph 86 of the Counterclaim characterize the terms of a written partnership agreement and subsequent amendment(s), such documents speak for themselves. Tropeano lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 86 of the Counterclaim and therefore denies the same.

87. Tropeano admits that each of the Tropeanos and the Dormans have, at certain times, been partners of Captain Parker Arms, but denies the remaining allegations contained in Paragraph 87 of the Counterclaim.

88. Tropeano admits the allegations contained in Paragraph 88 of the Counterclaim.

89. Tropeano admits that he held a 10.715% interest in Captain Parker Arms as of September 30, 2003, but denies the remaining allegations contained in Paragraph 89 of the Counterclaim.

90. Tropeano admits that Carolyn Patten held a 10.715% interest in Captain Parker Arms as of September 30, 2003, but denies the remaining allegations contained in Paragraph 90 of the Counterclaim.

91. Tropeano admits the allegations contained in Paragraph 91 of the Counterclaim.

92. To the extent the allegations contained in Paragraph 92 of the Counterclaim characterize the terms of a trust instrument and subsequent amendment(s), such documents speak for themselves.  Tropeano lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 92 of the Counterclaim and therefore denies the same.

93. Tropeano lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Counterclaim and therefore denies the same.

94. To the extent the allegations contained in Paragraph 94 of the Counterclaim characterize the terms of a trust instrument and subsequent amendment(s), such documents speak for themselves; otherwise denied.

### COUNTERCLAIM COUNT I – BREACH OF FIDUCIARY DUTIES
### (vs. Defendant-in-Counterclaim Peter Tropeano)

95. Tropeano repeats and incorporates by reference his responses to Paragraphs 80 through 94 of the Counterclaim as if fully set forth herein.

96. Tropeano denies the allegations contained in Paragraph 96 of the Counterclaim.

97. Tropeano admits that he was the property manager until the summer of 2003, but denies the remaining allegations contained in Paragraph 97 of the Counterclaim.

98. Tropeano admits that Jean Tropeano received, during a certain period of time, a commission for each new lease executed, but denies the remaining allegations contained in Paragraph 98 of the Counterclaim.

99. Tropeano admits that Dolben replaced him as the property manager in or around August 2003.  Tropeano lacks knowledge or information sufficient to form a belief as to the truth

of the remaining allegations contained in Paragraph 99 of the Counterclaim and therefore denies the same.

    100.    Denied.

    101.    Denied.

    102.    Denied.

    103.    Tropeano admits that during his tenure as property manager the Trustees of the Trust decided that the units should be upgraded with central air conditioning, but denies the remaining allegations of Paragraph 103 of the Counterclaim.

    104.    Denied.

    105.    Denied.

    106.    Denied.

    107.    Denied.

**COUNTERCLAIM COUNT II – REPAYMENT OF NEGATIVE CAPITAL ACCOUNTS**
**(vs. All Defendants-in-Counterclaim)**

    108.    Tropeano repeats and incorporates by reference his responses to Paragraphs 80 through 107 of the Counterclaim as if fully set forth herein.

    109.    Tropeano lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Counterclaim and therefore denies the same.

    110.    Tropeano lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Counterclaim and therefore denies the same.

    111.    To the extent the allegations contained in Paragraph 111 of the Counterclaim characterize Schedule K-1s filed by Captain Parker Arms with the Internal Revenue Service for

2003, such documents speak for themselves. Tropeano lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 111 of the Counterclaim and therefore denies the same.

112. Tropeano admits that the defendants-in-counterclaim have withdrawn as partners from the Captain Parker Arms effective October 1, 2003, but denies the remaining allegations contained in Paragraph 112 of the Counterclaim.

113. Denied.

### COUNTERCLAIM COUNT III – TRUSTEE RESIGNATION OF THE TROPEANOS
(vs. All Defendant-in-Counterclaim)

114. Tropeano repeats and incorporates by reference his responses to Paragraphs 80 through 113 of the Counterclaim as if fully set forth herein.

115. To the extent the allegations contained in Paragraph 115 of the Counterclaim characterize the terms of Exhibit C to the First Amended Complaint, such document speaks for itself; otherwise denied.

116. To the extent the allegations contained in Paragraph 116 of the Counterclaim characterize the terms of the Trust documents and the Captain Parker Arms Partnership Agreement, such documents speak for themselves; otherwise denied.

117. Tropeano admits that he has not resigned his position as a trustee of the Trust, but denies that he is legally required to do so.

118. Denied.

119. Denied.

### AFFIRMATIVE DEFENSES

Tropeano puts forth the following affirmative defenses and reserves the right to raise additional defenses based on information learned in discovery.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs-in-Counterclaim have failed to state any claim against Tropeano upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs-in-Counterclaim's claims against Tropeano are barred by the Doctrine of Laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs-in-Counterclaim's claims against Tropeano are barred by the Doctrine of Waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs-in-Counterclaim's claims against Tropeano are barred by the applicable Statutes of Limitation.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs-in-Counterclaim's claims against Tropeano are barred by the doctrine of Estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs-in-Counterclaim's claims against Tropeano are barred by the doctrine of Unclean Hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs-in-Counterclaim may not prevail on their claims against Tropeano because Plaintiffs-in-Counterclaim's injuries, if any, resulted from their own negligent or wrongful conduct or the conduct of third parties for whom Tropeano is not responsible.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff-in-Counterclaim's claims against Tropeano violate G.L. c. 231, § 6F in that they are frivolous, and not advanced for any proper purpose, but rather to burden Tropeano with the costs and expenses of litigation in order to extort a settlement or other improper advantage over Tropeano and the other named defendants-in-counterclaim.

WHEREFORE, Tropeano requests that this Court award judgment against Plaintiffs-in-Counterclaim as follows:

1. Dismiss with prejudice all claims against Tropeano in the Counterclaim;

2. Award Tropeano his costs and expenses, including reasonable attorneys' fees, pursuant to G.L. c. 231, §6F, for defending against the Counterclaim; and

3. Grant Tropeano such other and further relief as this Court deems just and proper.

**A TRIAL BY JURY IS DEMANDED ON ALL COUNTS SO TRIABLE.**

Respectfully submitted,

PETER TROPEANO

By his attorney,

  /s/   Thomas M. Ciampa

Thomas M. Ciampa (BBO# 566898)
Ciampa & Associates
20 Park Plaza, Suite 804
Boston, MA 02108
(617) 742-5955

Dated:  January 22, 2007

**Certificate of Service**

I hereby certify that this document filed through the ECF system pursuant to Local Rule 5.4 will be sent electronically to all other parties.

___/s/ Thomas M. Ciampa____