UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PHILIP L. TROPEANO, PETER TROPEANO and CAROLYN PATTON,<br><br>Plaintiffs,<br><br>v.<br><br>CHARLENE DORMAN, BIANCA DORMAN, LYDIA DORMAN, TODD DORMAN, T&N REALTY TRUST and CAPTAIN PARKER ARMS PARTNERSHIP,<br><br>Defendants. | CIVIL ACTION<br>NO. 03CV12231 (RGS) |

## REPLY OF PHILIP TROPEANO AND CAROLYN PATTEN TO DEFENDANTS' COUNTERCLAIM

Plaintiffs/Defendants-in-Counterclaim Philip Tropeano and Carolyn Patten (together, "Defendants") hereby answer the numbered paragraphs of Defendants' Counterclaim (the "Counterclaim") as follows:

80. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Counterclaim and therefore deny the same.

81. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Counterclaim and therefore deny the same.

82. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Counterclaim and therefore deny the same.

83. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Counterclaim and therefore deny the same.

84. Defendants admit the allegations contained in Paragraph 84 of the Counterclaim.

85. The allegations contained in Paragraph 85 of the Counterclaim state a conclusion of law to which no response is required.

86. To the extent the allegations contained in Paragraph 86 of the Counterclaim characterize the terms of a written partnership agreement and subsequent amendment(s), such documents speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 86 of the Counterclaim and therefore deny the same.

87. Defendants admit that each of the Tropeanos and the Dormans have, at certain times, been partners of Captain Parker Arms, but deny the remaining allegations contained in Paragraph 87 of the Counterclaim.

88. Defendants admit the allegations contained in Paragraph 88 of the Counterclaim.

89. Defendants admit that Peter Tropeano held a 10.715% interest in Captain Parker Arms as of September 30, 2003, but deny the remaining allegations contained in Paragraph 89 of the Counterclaim.

90. Defendants admit that Carolyn Patten held a 10.715% interest in Captain Parker Arms as of September 30, 2003, but deny the remaining allegations contained in Paragraph 90 of the Counterclaim.

91. Defendants admit the allegations contained in Paragraph 91 of the Counterclaim.

92. To the extent the allegations contained in Paragraph 92 of the Counterclaim characterize the terms of a trust instrument and subsequent amendment(s), such documents speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 92 of the Counterclaim and therefore deny the same.

93. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Counterclaim and therefore deny the same.

94. To the extent the allegations contained in Paragraph 94 of the Counterclaim characterize the terms of a trust instrument and subsequent amendment(s), such documents speak for themselves; otherwise denied.

### COUNTERCLAIM COUNT I – BREACH OF FIDUCIARY DUTIES
### (vs. Defendant-in-Counterclaim Peter Tropeano)

95. Defendants repeat and incorporate by reference their responses to Paragraphs 80 through 94 of the Counterclaim as if fully set forth herein.

96-107. These paragraphs do not state allegations against Defendants and, as such, no response is required by Defendants.

**COUNTERCLAIM COUNT II – REPAYMENT OF NEGATIVE CAPITAL ACCOUNTS**
**(vs. All Defendants-in-Counterclaim)**

108.    Defendants repeat and incorporates by reference their responses to Paragraphs 80 through 107 of the Counterclaim as if fully set forth herein.

109.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Counterclaim and therefore deny the same.

110.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Counterclaim and therefore deny the same.

111.    To the extent the allegations contained in Paragraph 111 of the Counterclaim characterize Schedule K-1s filed by Captain Parker Arms with the Internal Revenue Service for 2003, such documents speak for themselves.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 111 of the Counterclaim and therefore deny the same.

112.    Defendants admit that the defendants-in-counterclaim have withdrawn as partners from the Captain Parker Arms effective October 1, 2003, but deny the remaining allegations contained in Paragraph 112 of the Counterclaim.

113.    Denied.

**COUNTERCLAIM COUNT III – TRUSTEE RESIGNATION OF THE TROPEANOS**
**(vs. All Defendant-in-Counterclaim)**

114.    Defendants repeat and incorporates by reference their responses to Paragraphs 80 through 113 of the Counterclaim as if fully set forth herein.

115. To the extent the allegations contained in Paragraph 115 of the Counterclaim characterize the terms of Exhibit C to the First Amended Complaint, such document speaks for itself; otherwise denied.

116. To the extent the allegations contained in Paragraph 116 of the Counterclaim characterize the terms of the Trust documents and the Captain Parker Arms Partnership Agreement, such documents speak for themselves; otherwise denied.

117. Defendants admit that Philip Tropeano has not resigned his position as a trustee of the Trust, but deny that he is legally required to do so.

118. Denied.

119. Denied.

## AFFIRMATIVE DEFENSES

Defendants put forth the following affirmative defenses and reserve the right to raise additional defenses based on information learned in discovery.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs-in-Counterclaim have failed to state any claim against Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs-in-Counterclaim's claims against Defendants are barred by the Doctrine of Laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs-in-Counterclaim's claims against Defendants are barred by the Doctrine of Waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs-in-Counterclaim's claims against Defendants are barred by the applicable Statutes of Limitation.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs-in-Counterclaim's claims against Defendants are barred by the doctrine of Estoppel.

### SIXTH  AFFIRMATIVE DEFENSE

Plaintiffs-in-Counterclaim's claims against Defendants are barred by the doctrine of Unclean Hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs-in-Counterclaim may not prevail on their claims against Defendants because Plaintiffs-in-Counterclaim's injuries, if any, resulted from their own negligent or wrongful conduct or the conduct of third parties for whom Defendants are not responsible.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff-in-Counterclaim's claims against Defendants violate G.L. c. 231, § 6F in that they are frivolous, and not advanced for any proper purpose, but rather to burden Defendants with the costs and expenses of litigation in order to extort a settlement or other improper advantage over Defendants and the other named defendant-in-counterclaim.

WHEREFORE, Philip Tropeano and Carolyn Patten request that this Court award judgment against Plaintiffs-in-Counterclaim as follows:

1. Dismiss with prejudice all claims against Defendants in the Counterclaim;

2. Award Defendants' their costs and expenses, including reasonable attorneys' fees, pursuant to G.L. c. 231, §6F, for defending against the Counterclaim; and

        3.      Grant Defendants such other and further relief as this Court deems just and proper.

**A TRIAL BY JURY IS DEMANDED ON ALL COUNTS SO TRIABLE.**

        Respectfully submitted,

        PHILIP TROPEANO and
        CAROLYN PATTEN

        By their attorney,

        /s/   Thomas M. Ciampa

        Thomas M. Ciampa (BBO# 566898)
        Ciampa & Associates
        20 Park Plaza, Suite 804
        Boston, MA 02108
        (617) 742-5955

Dated:  January 22, 2007

**Certificate of Service**

    I hereby certify that this document filed through the ECF system pursuant to Local Rule 5.4 will be sent electronically to all other parties.

        ___/s/ Thomas M. Ciampa____