UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

_____
                                                )
PHILIP L. TROPEANO,                             )
PETER TROPEANO, and                             )
CAROLYN PATTON,                                 )
                                                )
                    Plaintiffs,                 )
                                                )
          v.                                    )   CIVIL ACTION
                                                )   NO. 03-CV-12231-RGS
CHARLENE DORMAN,                                )
BIANCA DORMAN,                                  )
LYDIA DORMAN,                                   )
TODD DORMAN,                                    )
T&N REALTY TRUST, and                           )
CAPTAIN PARKER ARMS PARTNERSHIP,                )
                                                )
                    Defendants.                 )
_____)


**STIPULATION AND AGREEMENT CONCERNING PLAINTIFFS' REBUTTAL
EXPERT WEBSTER A. COLLINS**

WHEREAS, predecessor counsel for Defendants retained the services of Steven Kaye, a

Senior Vice President and Partner of CB Richard Ellis ("CBRE"), based in the Boston office of

CBRE, as an expert to assist in the defense of this action, and Defendants contend that such

engagement has not been terminated; and

WHEREAS, Mr. Kaye performed the services in connection with the defense of this

action for which he was engaged by Defendants, and Defendants contend that such performance

involved privileged and confidential communications and the sharing of attorney work product

with Mr. Kaye; and

WHEREAS, Mr. Kaye has been designated as a non-testimonial expert; and

WHEREAS, some or all of his communications with defense counsel, the attorney work

product exchanged with him, and his own work, analysis, conclusions, and opinions may constitute privileged communications and/or protected work product of Defendants' counsel; and

WHEREAS, the communications with and the work, analysis, conclusions, and opinions of Mr. Kaye are subject to the confidentiality provision of his engagement agreement and, pursuant to the Code of Professional Ethics of the Appraisal Institute and of the Uniform Standards of Professional Appraisal Practice, are confidential and not to be disclosed to anyone other than the appraiser's client; and

WHEREAS, Plaintiffs recently retained Webster A. Collins, Executive Vice President and Partner of CBRE, also based in the Boston office of CBRE, as a rebuttal expert in this matter; and

WHEREAS, immediately upon learning of the identity of Plaintiffs' rebuttal expert, Defendants notified Plaintiffs' counsel of the potential conflict and their belief that Mr. Collins failed to conduct a conflict check within the CBRE Boston office before accepting Plaintiffs' engagement; and

WHEREAS, counsel for Defendants conferred with counsel for Plaintiffs on September 7, 2007 and advised Plaintiffs' counsel that if Mr. Collins has been or should become exposed to, however inadvertently, information communicated by Defendants to Mr. Kaye, work product of Defendants' counsel, or work product of Mr. Kaye, Defendants will seek to disqualify Mr. Collins as an expert witness; and

WHEREAS, counsel for Defendants also advised counsel for Plaintiffs that their research discloses that courts have held that the disqualification of a conflicted expert witness may also require the disqualification of counsel; and

WHEREAS, on August 30, 2007, following Defendants' disclosure of their engagement

of Mr. Kaye, Mr. Collins met with Mr. Kaye, confirmed the fact of the engagement of Mr. Kaye, and was shown the cover of what purported to be a report prepared by Mr. Kaye in 2004, which Mr. Collins did not touch or open; and

WHEREAS, the cover of the report did not disclose any of Mr. Kaye's analysis or conclusions, or any other potentially privileged information; and

WHEREAS, Plaintiffs believe that Mr. Collins has not been exposed to information communicated by Defendants to Mr. Kaye, work product of Defendants' counsel, or work product of Mr. Kaye, and have concluded that they will proceed with their engagement of Mr. Collins as a rebuttal expert, but are willing to enter into this stipulation and agreement to confirm the safeguards to be put in place to protect the information communicated by Defendants to Mr. Kaye, work product of Defendants' counsel, and work product of Mr. Kaye.

NOW, THEREFORE:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their respective counsel, that:

1.      Within ten (10) days of the date of execution of this Stipulation and Agreement, Mr. Collins will attest, by sworn affidavit, that other than as described above:

(a)      he has not reviewed or been exposed to, even if inadvertently, any documents, materials or files, including electronically-stored documents, materials or files, that were obtained in the course of Mr. Kaye's engagement, concerning (i) the engagement of Mr. Kaye, (ii) Captain Parker Arms Apartments, (iii) the property located at 125 Worthen Road, Lexington, Massachusetts, or (iv) Defendants ("Defendants' Information");

(b)     he has not reviewed or been exposed to, even if inadvertently, any analysis, conclusion, opinions, or other work product that were developed, formulated or created in the course of Mr. Kaye's engagement, nor has he reviewed or been exposed to any communications between Mr. Kaye and Defendants' counsel, past or present ("Defendants' Work Product");

(c)     he and CBRE have put in place safeguards to prevent access by Mr. Collins, or any other CBRE employee that is involved in any capacity in Mr. Collins' work for Plaintiffs, to Defendants' Information and Work Product; and

(d)     he has not and will not participate in any discussions with Mr. Kaye, or any other CBRE employee that has been involved in any capacity in Mr. Kaye's work for the Defendants, that concern any aspect of this litigation, or that concern any aspect of Mr. Kaye's work for Defendants.

2.     If Mr. Collins is exposed, even if inadvertently, to Defendants' Information or Work Product, Mr. Collins will not discuss such Information or Work Product with anyone, or communicate such Information or Work Product to anyone, including Plaintiffs or Plaintiffs' counsel, unless the Court determines that such information is otherwise discoverable by Plaintiffs.

3.     If, notwithstanding the protections agreed to herein, Defendants' Information or Work Product becomes known to Mr. Collins, Plaintiffs or Plaintiffs' counsel, even if inadvertently, such Information or Work Product cannot be used in any manner or capacity in the course of this litigation, including any appeals, during settlement discussions, or in any subsequent litigation between any of the parties to this litigation, unless the Court determines that such information is otherwise discoverable by Plaintiffs.

4.      Mr. Collins and counsel for the Plaintiffs will immediately notify Defendants if Mr. Collins is exposed, even if inadvertently, whether by access to written material or in oral communications, to Defendants' Information or Work Product.

5.      Notwithstanding the above, Defendants reserve their right to seek disqualification of Mr. Collins, and/or object to any testimony or opinions he may offer, if he is exposed, even if inadvertently, to Defendants' Information or Work Product.

6.      Notwithstanding the above, Defendants reserve their right to seek disqualification of Plaintiffs' counsel if he is exposed, even if inadvertently, to Defendants' Information or Work Product.

7.      It is understood and agreed that, whether in conjunction with or independent of the measures undertaken by Mr. Collins and CBRE to prevent the disclosure of Defendants' Information and Work Product, Mr. Kaye also shall make every reasonable effort to prevent such disclosure, specifically including, but not limited to, by segregating and securing, in a manner reasonably likely to prevent inadvertent disclosure, any documents and information relating to his engagement by Defendants not otherwise within the control or joint control of CBRE, whether such documents and information are in electronic or non-electronic form.

8.      This Stipulation and Agreement is without prejudice to the arguments any party might have otherwise made about Mr. Collins' qualifications and/or the admissibility of his testimony on grounds other than those which are the subject hereof.

BOS111 12204011.1

STIPULATED AND AGREED:


_____/s/ Thomas M. Ciampa_____
Thomas M. Ciampa – BBO# 566898
Ciampa & Associates
20 Park Plaza, Suite 804
Boston, Massachusetts 02116
Tel.:  (617) 742-5955
Attorney for the Plaintiffs


_____/s/ Christine M. O'Connor_____
Sander A. Rikleen – BBO# 420280
Christine M. O'Connor – BBO# 647535
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, Massachusetts 02199
Ph:  617·239·0100
Fx:  617·227·4420
Attorneys for the Defendants

September 27, 2007

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system pursuant to Local Rule 5.4 will be sent electronically to all other parties.

_____/s/ Christine M. O'Connor_____