UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PHILIP L. TROPEANO, PETER TROPEANO, and CAROLYN PATTON, <br><br> Plaintiffs, <br><br> v. <br><br> CHARLENE DORMAN, BIANCA DORMAN, LYDIA DORMAN, TODD DORMAN, T&N REALTY TRUST, and CAPTAIN PARKER ARMS PARTNERSHIP, <br><br> Defendants. | CIVIL ACTION <br> NO. 03-CV-12231-RGS |

## DEFENDANTS' MOTION IN LIMINE TO ESTABLISH INTEREST RATE

The Defendants hereby move, *in limine*, that the Court rule that the interest to which Plaintiffs are entitled on the value of their partnership interests, pursuant to Mass. Gen. Laws ch. 108A, § 42, is 6% per annum.

In support of this Motion, the Defendants state the following:

1.  In this action, Plaintiffs seek a determination as to the amount to which they are entitled for their former partnership interests in the Captain Parker Arms Partnership. Pursuant to Mass. Gen. Laws ch. 108A, § 42 and the decision of the First Circuit herein, each Plaintiff is entitled to:

> the value of his interest in the dissolved partnership with interest, or, at his option . . . in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership; . . .

Pursuant to this statute, Plaintiffs have elected to recover interest on the value of their former partnership interests.

2.  The parties do not agree on the applicable interest rate to which Plaintiffs are entitled. Defendants submit that the applicable interest rate is 6% per annum. Mass. Gen. Laws ch. 107, § 3. Plaintiffs argue that the applicable interest rate is 12% per annum pursuant to Mass. Gen. Laws ch. 231, § 6C.

3.  The issue presented by this Motion is solely a question of law and must be ruled upon by the Court before it can enter a decision on the merits herein.

4.  Although this issue would normally be addressed at trial, the amount of interest is substantial. Using the partnership valuation provided in the report of Defendants' expert, which is materially lower than the values appearing in the reports of Plaintiffs' experts, the difference between the interest amount calculated using the rate for which Defendants advocate and the interest amount calculated using the rate for which Plaintiffs advocate will be a minimum of $650,000 by the end of the December trial. Using Plaintiffs' highest valuation, the difference in interest amount, depending on the rate applied, will be approximately $1,600,000. Accordingly, Defendants believe that a pre-trial decision by the Court as to the correct interest rate might assist discussions for a non-judicial resolution of this case.

5.  The reasons why the Plaintiffs are entitled 6% interest on the value of their partnership interests, pursuant to Mass. Gen. Laws ch. 108A, § 42, appear in the accompanying Memorandum of Law.

WHEREFORE, the Defendants pray that their Motion be granted.

|  |  |
|---|---|
|  | _____/s/ Sander A. Rikleen_____ |
|  | Sander A. Rikleen – BBO# 420280 |
|  | Christine M. O'Connor – BBO#647535 |
|  | EDWARDS ANGELL PALMER & DODGE LLP |
|  | 111 Huntington Avenue |
|  | Boston, Massachusetts 02199 |
|  | Ph:  617·239·0100 |
| Dated:  October 11, 2007 | Fx:  617·227·4420 |
|  | Attorneys for the Defendants |

### LOCAL RULE 7.1 (A) (2) CERTIFICATION

On October 11, 2007, I conferred with Thomas Ciampa, counsel for Plaintiffs, and attempted in good faith to resolve or narrow the issues raised in this motion.  We were unable to reach agreement.

_____/s/  Christine M. O'Connor_____

**Certificate of Service**

I hereby certify that this document filed through the ECF system pursuant to Local Rule 5.4 will be sent electronically to all other parties.

/s/ Sander A. Rikleen