UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIP L. TROPEANO, ) | |
| PETER TROPEANO, and ) | |
| CAROLYN PATTON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO.  03-CV-12231-RGS |
| CHARLENE DORMAN, ) | |
| BIANCA DORMAN, ) | |
| LYDIA DORMAN, ) | |
| TODD DORMAN, ) | |
| T&N REALTY TRUST, and ) | |
| CAPTAIN PARKER ARMS PARTNERSHIP, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION IN LIMINE TO ESTABLISH INTEREST RATE**

At trial, the Court will determine the value of each Plaintiff's former interest in the

Captain Parker Arms Partnership ("CPA") as of the date of his/her withdrawal on October 1,

2003.  Plaintiffs have already elected, pursuant to Mass. Gen. Laws ch. 108A, § 42, to have

interest added to the value so determined by this Court.

The parties do not agree on the rate of interest to which Plaintiffs are entitled.  As

discussed more fully below, Defendants submit that the applicable interest rate is 6% per annum,

pursuant to Mass. Gen. Laws ch. 107, § 3.  Plaintiffs contend that they are entitled to interest

under Mass. Gen. Laws ch. 231, § 6C, at the rate of 12% per annum.  See Memorandum of Law

In Support of Plaintiffs' Motion for Real Estate Attachment (docket entry #39), ¶¶ 9-12.

The Court's determination of which statute controls the rate of interest to which Plaintiffs

are entitled is a purely legal one, and no evidence will be presented at trial with respect to this issue.

Defendants have raised this issue by motion in limine because after four years of litigation, the interest amount is substantial, and Defendants believe that a pre-trial decision as to the correct interest rate might assist the parties in reaching a non-judicial resolution of this case. Using the lowest expert valuation of Plaintiffs' partnership interests, the difference in the interest amount, depending on which interest rate is applied, will be a minimum of $650,000 by the end of the December trial.  Using the highest expert valuation of Plaintiffs' partnership interests, the difference in the interest amount will be approximately $1,600,000.  Indeed, by the time of the December trial, the 12% interest rate for which Plaintiffs advocate would add more than 50% to the value of their former partnership interests.   Because the financial impact of applying one interest rate versus the other is considerable, a pre-trial determination of the purely legal issue of which statute controls the rate of interest would inform and might assist the parties in discussions aimed at a non-judicial resolution of this case.

### Background

On appeal taken by Plaintiffs, the First Circuit determined that the value of Plaintiffs' former partnership interests in CPA should be determined pursuant to section 42 of the Massachusetts Uniform Partnership Act (Mass. Gen. Laws ch. 108A) ("MUPA").  Tropeano v. Dorman, 441 F.3d 69, 78-82 (1st Cir. 2005).

Section 42 of the MUPA provides:

> When any partner retires . . ., and the business is continued . . . [the retiring partner] may have the value of his interest at the date of dissolution ascertained, and shall receive . . . an amount equal to the value of his interest in the dissolved partnership . . . with interest, or, at his option . . . in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership; . . .

The date upon which Plaintiffs withdrew from CPA – the "date of dissolution" – was October 1, 2003.  Tropeano, 441 F.3d at 72; First Amended Complaint (docket entry #14), ¶ 31.  The First Circuit remanded the case for determination of the value of Plaintiffs' former partnership interests under Mass. Gen. Laws ch. 108A, § 42.  Id. at 82.

## Argument

This action involves rights in a Massachusetts partnership and is controlled by Massachusetts law.  Tropeano, 441 F.3d at 75.

**I.    UNDER MASSACHUSETTS LAW, WHERE A STATUTE PROVIDES FOR INTEREST BUT DOES NOT SPECIFY THE RATE, INTEREST IS CALCULATED PURSUANT TO MASS. GEN. LAWS CH. 107, § 3.**

While section 42 of the MUPA permits Plaintiffs to receive interest on the value of their former partnership interests, the statute is silent as to the interest rate to be applied.  Where a statute provides for interest but does not specify the rate, interest is calculated pursuant to Mass. Gen. Laws ch. 107, § 3.  MacCuish v. Volkswagenwerk A.G., 22 Mass. App. Ct. 380, 399-400 (1986), aff'd, 400 Mass. 1003 (1987).

In MacCuish, a wrongful death action, the trial court clerk computed interest from the date of commencement of the action at a rate of 12%.  22 Mass. App. Ct. at 399.  The Appeals Court held that the defendant's motion to correct the judgment should have been granted, noting that the controlling statute provided for interest but did not specify a rate.  Id. at 399-400.  "Since the rate is unspecified, G.L.c. 107, Section 3 applies."  Id.

In Sharpe v. Springfield Bus Terminal Corp., 406 Mass. 62, 64-65 (1989) (rejecting prejudgment interest rate of 12%), the Massachusetts Supreme Judicial Court again affirmed that if a statute provides for interest but does not set forth the rate, the interest rate set forth in chapter 107, section 3 is applied ("Our view has not changed since our decision in MacCuish.").

Here, the parties and the Court have been instructed to value Plaintiffs' former

Memo iso mtn in limine to determine interest rate v3.DOC

partnership interests pursuant to section 42 of the MUPA.  Tropeano, 441 F.3d at 78-82.  Like

the statute at issue in MacCuish, section 42 of the MUPA provides for interest but does not set

forth an interest rate.  Nor is an interest rate specified elsewhere in the MUPA.  Accordingly,

because the MUPA provides for interest but does not set a rate, the proper rate for calculating

Plaintiffs' interest is 6% per annum, as provided by Mass. Gen. Laws ch. 107, § 3.

## II.    PLAINTIFFS' CLAIM TO PREJUDGMENT INTEREST PURSUANT TO MASS. GEN. LAWS CH. 231, § 6C IS UNAVAILING.

The statutory provision on which Plaintiffs rely, Mass. Gen. Laws ch. 231, § 6C, cannot

apply here because it provides for prejudgment interest only on awards of damages for breach of

contract.  It provides in pertinent part:

> In all actions based on contractual obligations, upon a verdict, finding or order for
> judgment for pecuniary damages, interest shall be added by the clerk of the court
> to the amount of damages . . .

Mass. Gen. Laws ch. 231, § 6C.  Thus, for a claim to fall within the scope of section 6C, there

must be two elements:  "a breach of a contractual obligation must occur and that breach

ultimately must ripen into a judgment for pecuniary damages."  Protective Life Ins. Co. v.

Dignity Viatical Settlement Partners, 171 F.3d 52, 54 (1st Cir. 1999).  The purpose of chapter

231, section 6C is to compensate a party that has been wronged by the other party's breach of a

contract.  Here, there is neither a breach of contract nor will there be an award of pecuniary

damages to Plaintiffs.

First, section 6C only applies in matters concerning breach of contractual obligations.  In

this case, the First Circuit has determined that Plaintiffs' right to a valuation of their former

partnership interests did not arise under the partnership agreement, instead finding an at will

partnership and rights arising from the MUPA.  Tropeano, 441 F.3d at 78-82.  Because

Plaintiffs' right to have their former partnership interests valued arises under the MUPA, and not

Memo iso mtn in limine to determine interest rate v3.DOC

pursuant to any contract, Mass. Gen. Laws ch. 231, § 6C is not applicable.  Anastos v. Sable, 443

Mass. 146, 155 (2004) (right to have the value of a former partnership interest determined under

the MUPA arises from the statute and is not based upon a contractual obligation).

Moreover, Plaintiffs never alleged, much less produced any evidence of, a contractual

breach by Defendants.  Plaintiffs do not seek damages for breach of the partnership agreement,

instead raising all of their claims under the MUPA.  See generally First Amended Complaint

(docket entry #14).  Indeed, as this Court previously ruled, it was Plaintiffs, not Defendants, who

acted contrary to the expired partnership agreement.  Thus, even if Plaintiffs could somehow

revive the expired partnership agreement they fought to set aside, they still are not entitled to the

12% interest rate provided by section 6C.  Protective Life Ins., 171 F.3d at 55 ("[s]ection 6C's

language unequivocally predicates prejudgment interest on a contractual breach" (emphasis

added)).

Second, this Court's determination of the value of Plaintiffs' former partnership interests

will not result in an award of damages.  With or without litigation, withdrawing partners are

entitled to receive the value of their former partnership interests.  The term "damages," on the

other hand, encompasses compensation for injury caused by the unlawful act or omission of

another.  See Hanover Ins. Co. v. Gaudette, 408 Mass. 591, 593-94 (1990).

The Supreme Judicial Court of Massachusetts has held that the amount paid a

withdrawing partner pursuant to the MUPA is not properly characterized as damages.  Anastos,

443 Mass. at 155.  In Anastos, the plaintiff argued that he was entitled to prejudgment interest

pursuant to Mass. Gen. Laws ch. 231, § 6C.  Id. at 154-55.  The SJC noted that plaintiff's right to

Memo iso mtn in limine to determine interest rate v3.DOC

payment arose only from section 38(2)(b) of the MUPA[1] and not from a partnership agreement.

Id. at 155.  The SJC concluded that section 38's use of the phrase "value of his interest in the

partnership at the dissolution" refers to the buyout amount due the withdrawing partner, and held

that determination of such buyout amount is **not** an award of damages.  Id.

Because his right to payment did not arise under a contract and because the statutory

buyout amount is not an award of damages, Anastos was not entitled to prejudgment interest

pursuant to Mass. Gen. Laws ch. 231, § 6C.  443 Mass. at 154-55.  Moreover, because section 38

does not provide for interest as part of the buyout amount due a wrongfully withdrawing partner,

Anastos was not even entitled to any interest.

Like Anastos, Plaintiffs' right to payment arises only from the MUPA – in this case,

section 42.  Like section 38(2)(b), section 42 uses the nearly identical phrase "value of his

interest at the date of dissolution" to describe the amount due a withdrawing partner.  Because

the Court will resolve the parties' dispute as to the value of Plaintiffs' former partnership

interests, and thus determine the statutory buyout amount to which Plaintiffs are entitled, the

monetary determination to be made in this case will not be an award of damages.  Anastos, 443

Mass. at 155.

Unlike section 38, however, section 42 of the MUPA does provide for interest to be

included in the buyout amount paid following a permissible withdrawal from a continuing

partnership.  Compare Mass. Gen. Laws ch. 108A, § 38, with § 42.  Accordingly, although

---

[1]    Mass. Gen. Laws ch. 108A, § 38(2)(b) provides for payment to a partner who has withdrawn
from a partnership in violation of the terms of a partnership agreement, "the value of his
interest in the partnership at the dissolution".  In Anastos, the plaintiff was the wrongfully
withdrawing partner.  In contrast, Mass. Gen. Laws ch. 108A, § 42, applicable in this case,
concerns dissolution of a continuing partnership following a permitted withdrawal by a
partner.  Section 42 provides, in nearly identical language, for payment to the withdrawing
partner "the value of his interest at the date of dissolution".

Memo iso mtn in limine to determine interest rate v3.DOC

Plaintiffs are not entitled to prejudgment interest pursuant to Mass. Gen. Laws ch. 231, § 6C,

they are entitled to statutory interest.  Where, as here, a statute provides for interest but does not

specify the rate, interest is to be calculated pursuant to Mass. Gen. Laws ch. 107, § 3.  Sharpe,

406 Mass. at 64-65; MacCuish, 22 Mass. App. Ct. at 399-400.

### Conclusion

For the reasons set forth above, Defendants respectfully ask the Court for a pre-trial

determination that the interest rate to be applied to the value of Plaintiffs' former interests in the

Captain Parker Arms Partnership is 6% per annum from the date of their withdrawal from the

partnership, pursuant to Mass. Gen. Laws ch. 107, § 3.

Respectfully submitted,

            /s/  Sander A. Rikleen
Sander A. Rikleen – BBO# 420280
Christine M. O'Connor – BBO# 647535
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, Massachusetts 02199
Ph:  617·239·0100
Dated:  October 11, 2007                    Fx:  617·227·4420
Attorneys for the Defendants

### Certificate of Service

I hereby certify that this document filed through the ECF system pursuant to Local Rule 5.4 will be sent
electronically to all other parties.

/s/ Sander A. Rikleen

Memo iso mtn in limine to determine interest rate v3.DOC