UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PHILIP L. TROPEANO, PETER TROPEANO and CAROLYN PATTON,  )<br><br>Plaintiffs,  )<br><br>v.  )<br><br>CHARLENE DORMAN, BIANCA DORMAN, LYDIA DORMAN, TODD DORMAN, T&N REALTY TRUST and CAPTAIN PARKER ARMS PARTNERSHIP,  )<br><br>Defendants.  ) | CIVIL ACTION<br>NO. 03CV12231 (RGS) |

**PLAINTIFFS' MOTION TO EXTEND DISCOVERY
FOR 90 DAYS AND CONTINUE TRIAL**

Now come the plaintiffs, Philip L. Tropeano, Peter Tropeano, and Carolyn Patten (collectively, "Plaintiffs"), and hereby request that this Honorable Court extend discovery in this matter until and including February 7, 2008 and continue the trial -- currently scheduled to commence on December 17, 2007-- until some date in March 2008 convenient for the Court.

As grounds for their motion, Plaintiffs state as follows:

1. A number of substantial, purely legal issues must be resolved by the Court before the parties can intelligently proceed with discovery. The resolution of these issues, which cannot practically take place within the current pre-trial schedule, would also substantially increase the opportunity for settlement by the parties.

2. The exchange of expert reports, which occurred just two months ago, revealed for the first time the defendants' position regarding a host of key issues, both factual and legal,

specifically including, but not limited to, issues concerning application of the Massachusetts architectural barriers (accessibility) and fire suppression regulations, and the actual and estimated cost figures that the defendants contend would have triggered enforcement of these regulations. Plaintiffs could not have intelligently conducted deposition discovery prior to receiving the defendants' expert reports and having them analyzed by Plaintiffs' own rebuttal experts. Having received these reports, it is clear to Plaintiffs that they will need to conduct a multitude of lengthy depositions.

     3.     Plaintiffs counsel, a solo practitioner, also represents certain defendants in a separate matter before this Court, a factually and legally complex, labor intensive civil Rico and insurance fraud matter with a previously-extended fact discovery deadline of January 31, 2008. Were the trial in this matter to commence as scheduled on December 17, 2007, the undersigned would be required to take, defend, or attend, between now and that date, no less than twenty depositions in just the two cases, in addition to all of the other pre-trial work that would be required to appropriately represent Plaintiffs' interests in this case. Even were these the only two matters currently being handled by Plaintiffs' counsel (which they are not), the combined commitment required under the existing schedule would be patently untenable and would necessarily prejudice Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court extend discovery in this matter until and including February 7, 2008 and continue the trial -- currently scheduled to commence on December 17, 2007-- until some date in March 2008 convenient for the Court.

                                        Respectfully submitted,

                                        PHILIP L. TROPEANO, PETER TROPEANO
                                        and CAROLYN PATTEN

                                        By their attorney,

                                        /s/   Thomas M. Ciampa
                                        _____
                                        Thomas M. Ciampa (BBO# 566898)
                                        Ciampa & Associates
                                        20 Park Plaza, Suite 804
                                        Boston, MA 02108
                                        (617) 742-5955

Dated:  October 15, 2007

### Certificate of Service

I, Thomas M. Ciampa, hereby certify that on this 15th day of October, 2007, this document was filed through the CM/ECF and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                            ___/s/ Thomas M. Ciampa____