# EXHIBIT G

AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Philip L. Tropeano, et al.                DISTRICT OF                Massachusetts

## SUBPOENA IN A CIVIL CASE

V.

Charlene Dorman, et al.

Case Number:[1]  03 CV 12231 (RGS)

TO:  Walter H. Pennell, MAI, CRE
c/o Christine M. O'Connor, Esq.
Edwards Angell Palmer & Dodge LLP
111 Huntington Avenue, Boston, MA 02199

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Ciampa & Associates, 20 Park Plaza, Suite 804, Boston, MA | DATE AND TIME  11/9/2007 10:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Schedule A

| PLACE  Ciampa & Associates, 20 Park Plaza, Suite 804, Boston, MA | DATE AND TIME  11/9/2007 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Thomas Ciampa*   Attorney for Plaintiff | 10/9/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Thomas M. Ciampa, Ciampa & Associates, 20 Park Plaza, Suite 804, Boston, MA 02116  (617) 742-5955

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] *If action is pending in district other than district of issuance, state district under case number.*

AO88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                                DATE                                        SIGNATURE OF SERVER

                                                                    _____
                                                                    ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

### Definitions and Instructions

For the purpose of these requests, the definitions set forth in Local Rule 26.5 shall apply. In addition:

1.     "Hunneman" shall mean Hunneman Appraisal and Consulting Co. and its parent corporations, predecessors, successors, officers, directors, employees, agents, divisions, subsidiaries, and affiliates.

2.     "Dolben" shall mean the The Dolben Company, Inc. and its parent corporations, predecessors, successors, officers, directors, employees, agents, divisions, subsidiaries, and affiliates.

3.     The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside the scope of the request.

4.     As used herein, the term "each" includes the term "every" and vice versa.

5.     As used herein, the term "any" includes the term "all" and vice versa.

6.     The use of the singular of any word includes the plural and vice versa.

7.     The use of the past tense of any word includes the present tense and vice versa.

8.     For the purpose of responding to these requests, unless otherwise noted, the relevant time period shall be from January 1, 2002 up to and including the date of such response.

9.     The term "identify" when used herein to refer to an act or event (including, but not limited to, an oral communication, a meeting, conversation, discussion,

demonstration, test or experiment), means to: (a) state the date and place of the act or event, (b) identify each person present or taking part therein, (c) state precisely what was said and/or done by each such person, including yourself, and (d) describe in detail what transpired during the act or event.

10.    If you withhold any documents requested in these requests on the ground of privilege, identify the nature of the privilege asserted and describe generally the information withheld, including: (i) a description of the subject matter of the document sufficient to identify it, (ii) its date, and (iii) its author(s) and addressee(s), including any carbon copy addressee(s).

11.    If you have lost, destroyed or discarded any document requested in these requests, identify the document, including: (i) a detailed description of the subject matter of the document, (ii) its date, and (iii) its author(s) and addressee(s), including any carbon copy addressee(s).

12.    These requests specifically seek documents and information otherwise subject to attorney-client privilege and attorney work-product protection.

## Requests

1.    All documents and the contents of any files concerning: (a) Captain Parker Arms, 125 Worthen Road, Lexington, Massachusetts, (b) Captain Parker Arms Partnership, or (c) T&N Realty Trust.

2.    All documents containing, referencing, referring or relating to information provided or shown to you in connection with your formulation of expert opinion(s) in this case.

3.    All documents containing, referencing, referring or relating to information considered by you in connection with your formulation of expert opinion(s) in this case.

4.    All documents containing, referencing, referring or relating to information reviewed, reflected upon, read and/or used by you in connection with your formulation of expert opinion(s) in this case.

5.    All documents containing, referencing, referring or relating to information relied upon by you in connection with your formulation of expert opinion(s) in this case.

6.    All notes concerning your formulation of expert opinion(s) in this case.

7.    All draft versions of any written report(s), or parts thereof, created or modified in connection with this case.

8.    All documents concerning communications between you or Hunneman on the one hand and any person or entity on the other concerning your formulation of expert opinions in this case, specifically including, but not limited to, all documents concerning such communications with (a) Defendants, (b) Defendants' current or former counsel, (c) Dolben, or (d) any expert ever engaged by or on behalf of Defendants.

9.    All documents concerning internal Remmer communications referencing, referring or relating to: (a) Captain Parker Arms, 125 Worthen Road, Lexington, Massachusetts, (b) Captain Parker Arms Partnership, or (c) T&N Realty Trust.

10.    All correspondence to or from you or Hunneman concerning this case, including, but not limited to, email.

11.    All documents prepared at any time by you or Hunneman in connection with this case.

12.    All documents provided to you or Hunneman by Defendants' counsel (whether current or prior) and/or any other of Defendants' experts in connection with this case.

13.    All articles, research, studies, books, papers or other scientific, technical or popular writings reviewed or relied upon by you in connection with your formulation of expert opinion(s) in this case.

14.    All appraisal reports authored, in whole or in part, by you between January 1, 2000 and the present.

15.    All appraisal reports authored, in whole or in part, by you concerning property in Lexington, Massachusetts based upon such property's use as: (a) multi family residential apartments, or (b) condominiums.

16.    All contracts or agreements between you or Hunneman on the one hand and Defendants or Defendants' counsel on the other.

17.    All billing records concerning this case.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIP L. TROPEANO, PETER TROPEANO, and CAROLYN PATTON, <br><br> Plaintiffs, <br><br> v. <br><br> CHARLENE DORMAN, BIANCA DORMAN, LYDIA DORMAN, TODD DORMAN, T&N REALTY TRUST and CAPTAIN PARKER ARMS PARTNERSHIP, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) DOCKET NO. <br> ) 03-CV-12231-RGS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### NOTICE OF DEPOSITION DUCES TECUM OF
### WALTER H. PENNELL, MAI, CRE

TO:    Christine M. O'Connor, Esq.
       Edwards Angell Palmer & Dodge LLP
       111 Huntington Avenue
       Boston, MA 02199

PLEASE TAKE NOTICE that the plaintiffs in this matter shall take the deposition of

Walter H. Pennell, MAI, CRE on Friday, November 9, 2007, at 10:00 a.m. at the offices of

Ciampa & Associates, 20 Park Plaza, Suite 804, Boston, Massachusetts pursuant to the

applicable provisions of the Federal and Local Rules of Civil Procedure, before a notary public

or other person authorized by law to administer oaths.  The examination will continue from day-

to-day until completed.

The deponent is hereby requested to produce at the deposition the documents and things

set forth in the attached Schedule A.

You are invited to attend and cross-examine.

PLAINTIFFS

By their attorney,

*Thomas Ciampa*

Thomas M. Ciampa (BBO# 566898)
Ciampa & Associates
20 Park Plaza, Suite 804
Boston, Massachusetts 02116
Tel.: (617) 742-5955

Dated: October 9, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October, 2007, a true and accurate copy of the foregoing was served by hand upon counsel of record for the defendants.

*Thomas Ciampa*

Thomas M. Ciampa

## SCHEDULE A

## Definitions and Instructions

For the purpose of these requests, the definitions set forth in Local Rule 26.5 shall apply. In addition:

1.    "Hunneman" shall mean Hunneman Appraisal and Consulting Co. and its parent corporations, predecessors, successors, officers, directors, employees, agents, divisions, subsidiaries, and affiliates.

2.    "Dolben" shall mean the The Dolben Company, Inc. and its parent corporations, predecessors, successors, officers, directors, employees, agents, divisions, subsidiaries, and affiliates.

3.    The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside the scope of the request.

4.    As used herein, the term "each" includes the term "every" and vice versa.

5.    As used herein, the term "any" includes the term "all" and vice versa.

6.    The use of the singular of any word includes the plural and vice versa.

7.    The use of the past tense of any word includes the present tense and vice versa.

8.    For the purpose of responding to these requests, unless otherwise noted, the relevant time period shall be from January 1, 2002 up to and including the date of such response.

9.    The term "identify" when used herein to refer to an act or event (including, but not limited to, an oral communication, a meeting, conversation, discussion,

demonstration, test or experiment), means to: (a) state the date and place of the act or

event, (b) identify each person present or taking part therein, (c) state precisely what was

said and/or done by each such person, including yourself, and (d) describe in detail what

transpired during the act or event.

10.    If you withhold any documents requested in these requests on the ground

of privilege, identify the nature of the privilege asserted and describe generally the

information withheld, including: (i) a description of the subject matter of the document

sufficient to identify it, (ii) its date, and (iii) its author(s) and addressee(s), including any

carbon copy addressee(s).

11.    If you have lost, destroyed or discarded any document requested in these

requests, identify the document, including: (i) a detailed description of the subject matter

of the document, (ii) its date, and (iii) its author(s) and addressee(s), including any carbon

copy addressee(s).

12.    These requests specifically seek documents and information otherwise

subject to attorney-client privilege and attorney work-product protection.

### Requests

1.    All documents and the contents of any files concerning: (a) Captain Parker
Arms, 125 Worthen Road, Lexington, Massachusetts, (b) Captain Parker Arms
Partnership, or (c) T&N Realty Trust.

2.    All documents containing, referencing, referring or relating to information
provided or shown to you in connection with your formulation of expert opinion(s) in this
case.

3.    All documents containing, referencing, referring or relating to information
considered by you in connection with your formulation of expert opinion(s) in this case.

4.    All documents containing, referencing, referring or relating to information
reviewed, reflected upon, read and/or used by you in connection with your formulation of
expert opinion(s) in this case.

5.    All documents containing, referencing, referring or relating to information relied upon by you in connection with your formulation of expert opinion(s) in this case.

6.    All notes concerning your formulation of expert opinion(s) in this case.

7.    All draft versions of any written report(s), or parts thereof, created or modified in connection with this case.

8.    All documents concerning communications between you or Hunneman on the one hand and any person or entity on the other concerning your formulation of expert opinions in this case, specifically including, but not limited to, all documents concerning such communications with (a) Defendants, (b) Defendants' current or former counsel, (c) Dolben, or (d) any expert ever engaged by or on behalf of Defendants.

9.    All documents concerning internal Remmer communications referencing, referring or relating to: (a) Captain Parker Arms, 125 Worthen Road, Lexington, Massachusetts, (b) Captain Parker Arms Partnership, or (c) T&N Realty Trust.

10.    All correspondence to or from you or Hunneman concerning this case, including, but not limited to, email.

11.    All documents prepared at any time by you or Hunneman in connection with this case.

12.    All documents provided to you or Hunneman by Defendants' counsel (whether current or prior) and/or any other of Defendants' experts in connection with this case.

13.    All articles, research, studies, books, papers or other scientific, technical or popular writings reviewed or relied upon by you in connection with your formulation of expert opinion(s) in this case.

14.    All appraisal reports authored, in whole or in part, by you between January 1, 2000 and the present.

15.    All appraisal reports authored, in whole or in part, by you concerning property in Lexington, Massachusetts based upon such property's use as: (a) multi family residential apartments, or (b) condominiums.

16.    All contracts or agreements between you or Hunneman on the one hand and Defendants or Defendants' counsel on the other.

17.    All billing records concerning this case.