# EXHIBIT H

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PHILIP L. TROPEANO, PETER TROPEANO, )
and CAROLYN PATTON, )
)
Plaintiffs, )
)
v. ) DOCKET NO.
) 03-CV-12231-RGS
CHARLENE DORMAN, BIANCA DORMAN, )
LYDIA DORMAN, TODD DORMAN, T&N )
REALTY TRUST and CAPTAIN PARKER )
ARMS PARTNERSHIP, )
)
Defendants. )

## PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANTS

Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs hereby request that each of the Defendants separately respond to each of the Interrogatories contained herein, which are to be answered separately and under oath within thirty (30) days of the date of service of these Interrogatories.

## DEFINITIONS AND INSTRUCTIONS

For the purpose of these requests, the definitions set forth in Local Rule 26.5 shall apply. In addition:

1. "Partnership" means the Captain Parker Arms Partnership.

2. "Trust" means the T&N Realty Trust.

3. "Conduct" means any act and/or omission to act.

4. As used herein, the term "each" includes the term "every" and vice versa.

5. As used herein, the term "any" includes the term "all" and vice versa.

6.  The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all information that might otherwise be construed to be outside the scope of the Interrogatory.

7.  The use of the singular of any word includes the plural and vice versa.

8.  The use of the past tense of any word includes the present tense and vice versa.

9.  The term "identify" when used herein to refer to an act or event (including, but not limited to, an oral communication, a meeting, conversation, discussion, demonstration, test or experiment), means to state the date and place of the act or event, identify each person present or taking part therein, state precisely what was said and/or done by each such person, including yourself, and describe in detail what transpired during the act or event.

10. If any Defendant withholds any information requested in these Interrogatories on the ground of privilege, identify the nature of the privilege asserted and describe generally the information withheld, including: (a) with respect to oral communications, (i) the name and position of the person making the communication and the name(s) and position(s) of the person(s) present while the communication was made and, when not apparent, the relationship of the person(s) present to the person making the communication; (ii) the date and place of the communication, and (iii) a description of the subject matter of the communication sufficient to identify it; and (b) with respect to documents, (i) a description of the subject of the document sufficient to identify it, (ii) its date, and (iii) its author(s) and addressee(s), including any carbon copy addressee(s).

11. Each Interrogatory must be answered separately, and an answer should not be supplied by reference to another answer unless the information provided is intended to be identical.

12. Supplemental answers, updating the answers given, must be submitted periodically as additional information becomes available. Final supplemental submissions must be made no later than a reasonable time prior to the trial of this action.

## INTERROGATORIES

Interrogatory No. 1

Please state the basis for your contention that "[t]he cost of addressing the above-listed problems caused by Peter Tropeano's mismanagement of the property during his tenure as property manager exceeded $400,000," as alleged in Paragraph 102 of the Counterclaim, specifically including, but not limited to, all cost data and calculations underlying this contention.

Interrogatory No. 2

Please state the basis for your contention that Peter Tropeano caused a delay in the upgrade/installation of central air conditioning at The Captain Parker Arms Apartments that "added to the overall cost of the central air conditioning project," as alleged in Paragraph 103 of the Counterclaim, specifically including, but not limited to, the amount of such additional cost and the cost data and formula used to calculate such additional cost.

Interrogatory No. 3

Please state the basis for your contention that "[t]he piecemeal approach to the window replacement adopted by Peter Tropeano increased the overall cost of the project," as alleged in Paragraph 104 of the Counterclaim, specifically including, but not limited to, the amount of such increased cost and the cost data and formula used to calculate such increased cost.

Interrogatory No. 4

Please identify each person that has, or claims to have, information or documents supporting the allegation that Peter Tropeano breached his fiduciary duties to the Trust and its beneficiaries (or the Partnership and its partners) as alleged in Count I of the Counterclaim.

Interrogatory No. 5

Please describe in detail all efforts to repair or mitigate any damage caused by Peter Tropeano's mismanagement of Partnership/Trust property and/or his breach of fiduciary duty, as alleged in the Counterclaim, specifically including, but not limited to, a detailed description of: (a) all such efforts that were made, (b) when such efforts were made, (c) by whom such efforts were made, (d) the adverse condition or damage the efforts were intended to address, and (e) the cost associated with such efforts.

Interrogatory No. 6

For every witness (i) whom Defendants expect to call as a witness at trial, and (ii) who is expected to present opinion or expert testimony under Fed. R. Evid. 702, 703 and/or 705, please set forth:

(a) the name and address of the witness, and his or her qualifications to provide opinion or expert testimony;

(b) the subject matter on which the witness is expected to testify;

(c) a complete statement of the substance of the facts and opinions as to which the witness is expected to provide opinion or expert testimony (if the witness has prepared an expert report, include in your answer an identification of the specific portions of the expert report as to which the witness is expected to testify);

(d) a complete statement of the data or other information considered by the witness in formulating his opinions or expert testimony; and

(e) a complete statement of the grounds for each such opinion to which the witness is expected to testify.

Interrogatory No. 7

Please disclose all information and documents required by Fed. R. Civ. P. 26(a).

Respectfully submitted,

PLAINTIFFS

By their attorney

*Thomas Ciampa*
Thomas M. Ciampa (BBO#566898)
Ciampa & Associates
20 Park Plaza, Suite 804
Boston, MA 02116
Phone: (617) 742-5955
Fax: (617) 423-4855

Dated: October 10, 2007

4

## CERTIFICATE OF SERVICE

I, Thomas M. Ciampa, hereby certify that on October 10, 2007, I served a copy of Plaintiffs' Second Set of Interrogatories to Defendants upon counsel for the defendants by hand.

_____
Thomas M. Ciampa

5