UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| PHILIP L. TROPEANO,<br>PETER TROPEANO, and<br>CAROLYN PATTON, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION<br>NO.  03-CV-12231-RGS |
| CHARLENE DORMAN,<br>BIANCA DORMAN,<br>LYDIA DORMAN,<br>TODD DORMAN,<br>T&N REALTY TRUST, and<br>CAPTAIN PARKER ARMS PARTNERSHIP, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

_____)

### MOTION FOR JUDGMENT ON THE PLEADINGS, DISMISSING CLAIMS AGAINST THE T&N REALTY TRUST AND ITS DEFENDANT TRUSTEES

The Defendants hereby move, pursuant to Rule 12(c), Fed. R. Civ. P., for judgment on the pleadings dismissing all claims against T&N Realty Trust (the "Trust") and the individual Defendants in their capacity as trustees.

In support of this Motion, the Defendants rely upon the Memorandum of Law filed herewith and state the following:

1.      In this action, Plaintiffs seek a determination as to the amount to which they are entitled for their former partnership interests in the Captain Parker Arms Partnership.

2.      Although the original Complaint "named" the Trust as a Defendant (docket entry #1, ¶9a), no claim was alleged against the Trust or any of its trustees, nor was any relief sought against the Trust.

3.      In April 2004, Plaintiffs sought and received leave to amend their complaint (docket entry #14 and electronic order granting leave dated April 13, 2004).[1]  Although Plaintiffs' did not formally "dismiss" the Trust as a defendant, the caption of the Amended Complaint and the section subtitled "Parties" no longer made any reference to the Trust as a Defendant.  Instead, the Amended Complaint purported to make claims against the individual defendants "individually and as trustees" (at ¶¶4-7).[2]  Inspection of the Amended Complaint reveals that Plaintiffs do not assert claims against, or seek relief from, either the Trust or the individual Defendants in their capacity as trustees.  Rather, all claims therein are asserted under the Massachusetts Uniform Partnership Act (the "Partnership Act"), Mass. Gen. Laws ch. 108A.

4.      Because the Trust is not treated as a defendant in the Amended Complaint and the Amended Complaint supersedes the original Complaint, Plaintiffs have failed to state any claim against the Trust.  See Cicchetti v. Lucey, 514 F.2d 362, 366 n.5 (1st Cir. 1975) (an amended complaint is treated as completely replacing the original complaint).  Even if the Trust remained a formal defendant after the filing of the Amended Complaint, Plaintiffs' only claims are

---

[1]  Because the First Amended Complaint does not appear on the Court's electronic docket, a copy is attached hereto as Exhibit 1.

[2]  Defendants' Answer and Counterclaim denies that the individual Defendants are the only trustees of the Trust because, in fact, two of the Plaintiffs were then and continue to be trustees (docket entry #60, ¶9).  Indeed, Defendants' third counterclaim seeks to compel resignation of the Tropeano trustees (id., ¶¶114-19).  In their answers to the Counterclaim, Plaintiffs Peter Tropeano and Philip Tropeano admit that they are Massachusetts residents (docket entries #64 & 65, each at ¶84) and that they continue to be trustees (id., each at ¶117).

asserted pursuant to the Partnership Act, and thus there are no claims against the Trust upon which relief may be granted.  Finally, under Massachusetts law, a trust in not a legal entity and lacks the capacity to be sued.  <u>Morrison v. Lennett</u>, 415 Mass. 857, 859-60 (1993).  Accordingly, judgment on the pleadings dismissing any claims against the Trust is appropriate.

5.       Similarly, because Plaintiffs fail to state any claims against, or seek relief from, the individual Defendants in their capacity as trustees, judgment on the pleadings dismissing any claims against the individual Defendants in their capacity as trustees also is appropriate.

6.       The reasons why the Court should grant this motion for judgment on the pleadings are more fully described in the accompanying Memorandum of Law.

WHEREFORE, the Defendants pray that their Motion be granted.

<br>

|  |  |
|---|---|
|  | _____/s/  Sander A. Rikleen_____ |
|  | Sander A. Rikleen – BBO# 420280 |
|  | Christine M. O'Connor – BBO#647535 |
|  | EDWARDS ANGELL PALMER & DODGE LLP |
|  | 111 Huntington Avenue |
|  | Boston, Massachusetts 02199 |
|  | Ph:  617·239·0100 |
| Dated:  November 14, 2007 | Fx:  617·227·4420 |
|  | Attorneys for the Defendants |

## LOCAL RULE 7.1(A)(2) CERTIFICATION

On November 6, 2007, I first conferred with Thomas Ciampa, counsel for Plaintiffs, and attempted in good faith to resolve or narrow the issues raised in this motion.  On November 12, 2007, Sander A. Rikleen conferred with Thomas Ciampa, counsel for Plaintiffs, in a good faith attempt to resolve or narrow the issues raised in this motion.  Despite our efforts, we were unable to reach agreement.

_____/s/  Christine M. O'Connor_____

## Certificate of Service

I hereby certify that this document filed through the ECF system pursuant to Local Rule 5.4 will be sent electronically to all other parties.

/s/ Sander A. Rikleen