UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PHILIP L. TROPEANO, <br> PETER TROPEANO, and <br> CAROLYN PATTON, <br><br> Plaintiffs, <br><br> v. <br><br> CHARLENE DORMAN, <br> BIANCA DORMAN, <br> LYDIA DORMAN, <br> TODD DORMAN, <br> T&N REALTY TRUST, and <br> CAPTAIN PARKER ARMS PARTNERSHIP, <br><br> Defendants. | CIVIL ACTION <br> NO. 03-CV-12231-RGS |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS,
DISMISSING CLAIMS AGAINST
THE T&N REALTY TRUST AND ITS DEFENDANT TRUSTEES**

Pursuant to Federal Rule of Civil Procedure 12(c), Defendants have moved for judgment on the pleadings, dismissing any and all claims which Plaintiffs may have asserted against the T&N Realty Trust (the "Trust") and the individual Defendants in their capacity as trustees. Defendants' motion has been made to make it clear, prior to commencement of the trial (scheduled for December 18, 2007), that there are no claims by Plaintiffs against the Trust or the individual Defendants in their capacity as trustees.

**Relevant Procedural Background**

On November 13, 2003, Plaintiffs' predecessor counsel filed the Complaint herein, naming as Defendants the four Dorman Defendants in their individual capacities, the Trust and

the Captain Parker Arms Partnership (Complaint, docket entry #1, ¶¶2-10 (under subtitle "Parties")). Although the Trust was referred to as a "party", no claim was alleged against the Trust or any of its trustees, nor was any relief sought against the Trust.

After the appearance of Plaintiffs' current counsel, they were granted leave to amend the Complaint (docket entry #14 and electronic order granting leave dated April 13, 2004).[1] The caption of the Amended Complaint and the section subtitled "Parties" no longer made any reference to the Trust as a Defendant. Although the Amended Complaint purported to make claims against the individual defendants "individually and as trustees" (at ¶¶4-7),[2] inspection of the Amended Complaint reveals no claim alleged against the Trust, no claim which arises out of the individual defendants' capacity as trustees, nor any relief sought against the Trust. Instead, all claims therein are asserted under the Massachusetts Uniform Partnership Act (the "Partnership Act"), Mass. Gen. Laws ch. 108A (id., ¶¶40-73).

In the letter giving notice of their resignation as partners of the Captain Parker Arms Partnership (Exhibit C the Amended Complaint; see Exhibit 1 to the Motion), Plaintiffs announced their intention to resign as trustees of the Trust. After the First Circuit decision, Defendants requested that Plaintiffs document their resignations as trustees (see, e.g., the

---

[1] Because the First Amended Complaint does not appear on the Court's electronic docket, a copy is attached to the Motion for Judgment on the Pleadings as Exhibit 1.

[2] Defendants' Answer and Counterclaim denies that the individual Defendants are the only trustees of the Trust because, in fact, two of the Plaintiffs were then and continue to be trustees (docket entry #60, ¶9). Indeed, Defendants' third counterclaim seeks to compel resignation of the Tropeano trustees (id., ¶¶114-19). In their answers to the Counterclaim, Plaintiffs Peter Tropeano and Philip Tropeano admit that they are Massachusetts residents (docket entries #64 & 65, each at ¶84) and that they continue to be trustees (id., each at ¶117).

September 21, 2006 and July 30, 2007 letters attached hereto as <u>Exhibit A</u>).[3]  Although Plaintiffs' counsel has confirmed his clients' intention to resign as trustees of the Trust, inexplicably, they have not done so to date.  Defendants are concerned that Plaintiffs have intentionally delayed their resignations as trustees in an effort to retain a procedural mechanism for avoiding the judgment of this Court if Plaintiffs are dissatisfied with the outcome of the trial.[4]  To prevent such gamesmanship, Defendants have made their Motion for Judgment on the Pleadings.

After more than four years of litigation, Defendants should be able to proceed to trial without the threat of Plaintiffs raising an unwarranted and late jurisdictional dispute.  Accordingly, Defendants respectfully ask this Court to enter judgment on the pleadings, dismissing any claims against the Trust and the individual Defendants in their capacity as trustees, before the trial commences.

## **Argument**

The standard for evaluating a Rule 12(c) motion for judgment on the pleadings "is essentially the same as that for deciding a Rule 12(b)(6) motion".  <u>Pasdon v. City of Peabody</u>,

---

[3] The letters attached hereto as Exhibit A, although outside the pleadings, are provided to demonstrate why Defendants did not make this motion earlier.  Such letters do not affect the merits of the Motion for Judgment on the Pleadings, and thus do not necessitate conversion of the motion to one for summary judgment.

[4] Plaintiffs have asserted diversity jurisdiction pursuant to 28 U.S.C. §1332 (Complaint ¶12, Amended Complaint ¶13).  Citizenship of a trust is determined by the citizenship of its trustees.  <u>Navarro Sav. Ass'n v. Lee</u>, 446 U.S. 458, 464 (1980).  Because at least two of the trustees of the Trust are citizens of Massachusetts (<u>see</u> footnote 2, above), the Trust is a citizen of Massachusetts for diversity purposes.  Plaintiffs also are citizens of Massachusetts.  Accordingly, if the Trust is a true defendant herein – either as pled in the original Complaint or from identifying some of the Defendants as having been sued in their capacity as trustees – the diversity jurisdiction of this Court may be challenged at any time, even after trial.  Fed. R. Civ. P. 12(h)(3) (lack of diversity jurisdiction can be raised at any time).  Accordingly, it appears that by delaying their resignations and the status of the Trust in this litigation, Plaintiffs seek to retain a basis for challenging this Court's subject matter jurisdiction.

417 F.3d 225, 226 (1st Cir. 2005).  A party may seek judgment on the pleadings any time after the close of pleadings (id.), and such motion "shall be heard and determined before trial on the application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial" (Fed. R. Civ. P. 12(d)).

I.    THE PLEADINGS MAKE NO ALLEGATIONS OR CLAIMS AGAINST THE TRUST.

Neither the initial Complaint, in which the Trust was "named" as a defendant, nor the Amended Complaint, in which Plaintiffs appear to "drop" the Trust as a party, state any claims against the Trust or seek relief from the Trust.  In such circumstances, judgment on the pleadings to dismiss the Trust as a party to this case is appropriate.  Fed. R. Civ. P. 12(h)(2) (failure to state a claim defense may be raised by motion for judgment on the pleadings); American Honda Motors Co. v. Bernardi's Inc., 113 F. Supp. 2d 58, 59-60 (D. Mass. 1999) (applying Rule 12(h)(2)).

Because the Trust is not treated as a defendant in the Amended Complaint and the Amended Complaint supersedes the original Complaint, it is clear that Plaintiffs have failed to state a claim against the Trust.  See Cicchetti v. Lucey, 514 F.2d 362, 366 n.5 (1st Cir. 1975) (an amended complaint is treated as completely replacing the original complaint); see also Tuxford v. Vitts Networks, Inc., No. C.A. 01-170-M, 2003 WL 118242, at *3 n.4 (D.N.H. 2003) ("It is a cardinal rule of civil procedure that an amended complaint ordinarily renders the original complaint of no legal effect.  It is as though the original complaint was never served." (citations and internal quotation marks omitted)); Austin v. Spaulding, C.A. No. 00-104 T, 2001 U.S. Dist. LEXIS 4955, at *3 (D.R.I. 2001) (noting that amended complaint superseded the original complaint and rendered the original complaint of no legal effect).

Furthermore, even if the Trust continued to be a formal defendant herein after the filing of the Amended Complaint, Plaintiffs' claims therein are asserted only against the Captain Parker Arms Partnership and its partners. The original Complaint states that it "is an action for determination of the value of the partnership interest of [the Plaintiffs]" (docket entry #1, ¶1), that Plaintiffs seek "to have their Partnership interest ascertained" pursuant to the Partnership Act (id., ¶15), and that they seek an accounting from the Partnership (id., ¶¶19-21) and interest on the ascertained value of their Partnership interests (id., ¶¶22-23). None of these claims are asserted against the Trust. Similarly, all counts of the Amended Complaint arise under the Partnership Act (Ex. 1 to the Motion for Judgment on the Pleadings, ¶¶40-73), and thus are not claims against the Trust. Accordingly, Plaintiffs have failed to state any claim for relief against the Trust, and judgment on the pleadings should be granted, dismissing the Trust from this action.

## II. PLAINTIFFS MAKE NO CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS IN THEIR CAPACITY AS TRUSTEES.

Although the Amended Complaint purports to "name" the individual Defendants in their capacity as trustees of the Trust, as noted above, all of Plaintiffs' claims seek relief under the Partnership Act (id., ¶¶40-73). Plaintiffs have not alleged that the Defendant trustees have breached their fiduciary duties to the Plaintiffs or the beneficiaries of the Trust.[5] In the absence of any allegations that the Dorman Defendants acted against the interests of the Trust or its beneficiaries, it must be assumed that Plaintiffs, by "naming" the individual defendants in their capacity as trustees, were merely describing the individual defendants. Because Plaintiffs fail to assert any claims, or seek relief from, the Trust or the trustees in their trustee capacity, the Court

---

[5] In contrast, in their Counterclaims, the individual Defendants assert that Plaintiff Peter Tropeano breached his fiduciary duties as a Trustee (First Counterclaim, docket entry #60, ¶¶95-107, especially ¶¶105-107).

should grant judgment on the pleadings and dismiss and claims against the individual Defendants in their capacity as trustees from this action.

### III. THE TRUST LACKS THE CAPACITY TO BE SUED, AND THUS CANNOT BE A DEFENDANT IN THIS SUIT IN ANY EVENT.

Even if the Trust is still viewed as a party to this case, any claims against it must be dismissed because the Trust has no capacity to be sued. The capacity of unincorporated entities to sue or be sued is determined by the law of the state in which the district court is held. Fed. R. Civ. P. 17(b).[6] It has long been established under Massachusetts law that a trust is not a legal entity and lacks the capacity to sue or be sued. Morrison v. Lennett, 415 Mass. 857, 859-60 (1993); Swenson v. Horgan, 341 Mass. 153, 154 (1960); Larson v. Sylvester, 282 Mass. 352, 357-358 (1933). Accordingly, claims against the Trust, if any, "are not maintainable." Morrison, 415 Mass. at 860; see also Dodora Unified Comms., Inc. v. Direct Information PVT Ltd., 379 F. Supp. 2d 10, 14 (D.Mass. 2005) (noting that under Massachusetts law unincorporated entities may not be sued and dismissing claim against an unincorporated entity named as a defendant).

Because the Trust is neither a legal entity nor an entity with the capacity to be sued, the Court should enter judgment on the pleadings, dismissing the Trust from this action.

\*   \*   \*   \*   \*

---

[6] The exception to the above rule which appears in Fed. R. Civ. P. 17(b)(1) applies only in cases brought to enforce a substantive federal right. This exception plays no role in diversity of citizenship disputes like the instant case. 4 COQUILLETTE ET AL., MOORE'S FEDERAL PRACTICE §17.26[4][c] (3rd ed. 2007).

## Conclusion

For the reasons discussed above, the Court should grant Defendants' Motion for Judgment on the Pleadings prior to commencement of the trial, dismissing any and all claims against the T&N Realty Trust and the individual Defendants in their capacity as Trustees from this action.

Respectfully submitted,

_____/s/  Sander A. Rikleen_____
Sander A. Rikleen – BBO# 420280
Christine M. O'Connor – BBO# 647535
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, Massachusetts 02199
Ph:  617·239·0100
Fx:  617·227·4420
Attorneys for the Defendants

Dated:  November 14, 2007

## Certificate of Service

I hereby certify that this document filed through the ECF system pursuant to Local Rule 5.4 will be sent electronically to all other parties.

/s/ Sander A. Rikleen