UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIP L. TROPEANO,<br>PETER TROPEANO, and<br>CAROLYN PATTON,<br><br>               Plaintiffs,<br><br>v.<br><br>CHARLENE DORMAN,<br>BIANCA DORMAN,<br>LYDIA DORMAN,<br>TODD DORMAN,<br>T&N REALTY TRUST, and<br>CAPTAIN PARKER ARMS PARTNERSHIP,<br><br>               Defendants. | CIVIL ACTION<br>NO. 03-CV-12231-RGS |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF SUBSEQUENT MARKET ACTIVITY, AND OPINIONS OF VALUE BASED UPON SUCH DATA**

The Defendants hereby move, *in limine*, that the Court exclude from evidence at trial:

(a)    third party expressions of interest in purchasing the Captain Parker Arms Apartments made after October 1, 2003,

(b)    sales of allegedly comparable real estate which took place after October 1, 2003, and

(c)    any opinions of value of the Captain Parker Arms Apartments, or the value of Plaintiffs' former partnership interests, which are based thereon.

In support of their Motion, the Defendants state the following:

1.    In this action, Plaintiffs seek the Court's determination of the amount to which they are entitled for their former partnership interests in the Captain Parker Arms Partnership. Pursuant to Mass. G.L.c. 108A, §42 and the decision of the First Circuit herein, each Plaintiff is

entitled to the value of his or her former partnership interest **as of October 1, 2003**. The sole business of the partnership is to operate the Captain Parker Arms Apartments, located in Lexington, Massachusetts. Accordingly, valuation of the real property as of October 1, 2003, or of the income stream generated by the apartment complex, is a necessary step in determination of the value of Plaintiffs' partnership interests.

2. Plaintiffs' expert disclosures include reports of two appraisal experts, Eric Reenstierna and Webster Collins, both of whom opine as to the value of the Captain Parker Arms apartment complex as of October 1, 2003. In support of their opinions, each relied upon allegedly "comparable sales" which took place in July and September 2004, and a purported "offer" letter from Princeton Properties dated December 13, 2004, more than a year after Plaintiffs had withdrawn from the partnership and this action had been commenced.

3. Discovery has revealed that Plaintiffs encouraged Princeton Properties to make its unsolicited "offer", Princeton Properties did not consider the letter of December 2004 to be binding upon it, and if it had been permitted to conduct due diligence, Princeton Properties was free to reduce its price or even abandon its interest in the property. No agreement was ever reached with Princeton Properties and the individual Defendants continue to own and run the Captain Parker Arms Apartments.

4. Market activity after October 1, 2003 is neither relevant evidence – because it could not have been known by or influenced the hypothetical willing buyer and seller on that date – nor reliable evidence – because an expert's analysis of later sales may improperly influence determination of value as of an earlier date. Non-binding expressions of interests have no probative value whatsoever because they do not reflect a market participant's true opinion of value.

5.  Accordingly, the purportedly comparable sales that took place in 2004 and the Princeton Properties' letter of December 2004 are not relevant to determination of the value of Plaintiffs' former partnership interests as of October 1, 2003, and cannot form the basis for any expert opinions as to the value of the Captain Parker Arms Apartments as of October 1, 2003.

6.  This Court should exclude at trial all evidence of purportedly comparable sales and expressions of interest in purchasing the Captain Parker Arms Apartments that occurred after October 1, 2003. Additionally, any opinions of value of the Captain Parker Arms Apartments or the value of Plaintiffs' former partnership interests that are based upon such subsequent events also should be excluded.

7.  In support of this Motion, Defendants rely upon the Affidavit of Sander A. Rikleen which presents deposition testimony discussing the Princeton Properties "offer" letter, and their supporting Memorandum of Law, both of which are filed herewith.

8.  As required by Local Rule 26.4(A), the Motion constitutes timely notice that Defendants seek to exclude from evidence at trial such subsequent market activity, the December 2004 expression of interest, and any opinions relying on such data.

WHEREFORE, the Defendants pray that their Motion be granted.

Dated: November 21, 2007

/s/ Sander A. Rikleen
Sander A. Rikleen – BBO# 420280
Christine M. O'Connor – BBO# 647535
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, Massachusetts 02199
Ph: 617·239·0100
Fx: 617·227·4420
Attorneys for the Defendants

## LOCAL RULE 7.1(A)(2) CERTIFICATION

On November 14 and 20, 2007, I conferred with Thomas Ciampa, counsel for Plaintiffs, and attempted in good faith to resolve or narrow the issues raised in this motion. We were unable to reach agreement.

/s/ Christine M. O'Connor

### Certificate of Service

I hereby certify that this document filed through the ECF system pursuant to Local Rule 5.4 will be sent electronically to all other parties.

/s/ Sander A. Rikleen