UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIP L. TROPEANO, PETER TROPEANO, and CAROLYN PATTON, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CHARLENE DORMAN, BIANCA DORMAN, LYDIA DORMAN, TODD DORMAN, T&N REALTY TRUST and CAPTAIN PARKER ARMS PARTNERSHIP, )<br>)<br>Defendants. ) | DOCKET NO.<br>03-CV-12231-RGS |

**PLAINTIFFS' MOTION IN LIMINE TO DETERMINE
THE APPLICABILITY OF A MINORITY INTEREST AND/OR LACK OF
MARKETABILITY DISCOUNT IN DETERMINING THE VALUE OF
PLAINTIFFS' FORMER PARTNERSHIP INTERESTS**

Plaintiffs hereby move, in limine, and respectfully request that this Honorable Court rule that Plaintiffs are entitled to their respective interests in the liquidation value of all assets of the Captain Parker Arms Partnership (the "Partnership"), as of October 1, 2003, specifically including, but not limited to, all real property held in the name of the T&N Realty Trust, and that no minority interest or lack of marketability discount should apply.

In support of this Motion, Plaintiffs state the following:

1.  In this action, Plaintiffs seek a determination as to the amount to which they are entitled for their former partnership interests in the Partnership. Pursuant to

M.G.L. c. 108A, § 42[1] and a decision of the First Circuit in this case, each of Plaintiffs is entitled to:

> the value of his interest in the dissolved partnership with interest, or, at his option … in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership; ….

2.      The parties do not agree on the method appropriate for valuing Plaintiffs' respective interests. Plaintiffs contend that they are entitled to their respective interests in the liquidation value of all Partnership assets as of October 1, 2003, specifically including, but not limited to, all real property held in the name of the T&N Realty Trust. The defendants assert that the Court should apply both a minority interest and a lack of marketability discount to those amounts.

3.      The issue presented by this Motion is solely a question of law and must be ruled upon by the Court as part of its decision on the merits.

4.      Although this issue would normally be addressed at trial, the amount in dispute between the parties is substantial. Using the partnership valuation provided in the report of the defendants' experts, which is significantly lower than the values appearing in the reports of Plaintiffs' experts, the minority interest and lack of marketability discounts advocated by the defendants would reduce Plaintiffs' collective recovery by no less than $1.5 million. Using Plaintiffs' higher valuations, the discounts advocated by the defendants would reduce Plaintiffs' total recovery by more than $2 million.

5.      In the absence of a pre-trial decision by the Court on this issue, there is no likelihood of the parties reaching a non-judicial resolution of this case.

---

[1] The provisions of M.G.L. c. 108A are expressly incorporated by reference into the subject partnership agreement.

6.  In further support of this Motion, Plaintiffs rely upon the accompanying Memorandum of Law.

WHEREFORE, Plaintiffs pray that this Honorable Court rule that Plaintiffs are entitled to their respective interests in the liquidation value of all assets of the Captain Parker Arms Partnership, as of October 1, 2003, specifically including, but not limited to, all real property held in the name of the T&N Realty Trust, and that no minority interest or lack of marketability discount should apply.

PHILIP L. TROPEANO, PETER TROPEANO and CAROLYN PATTEN

/s/ Thomas M. Ciampa
_____
Thomas M. Ciampa (BBO# 566898)
Ciampa & Associates
20 Park Plaza, Suite 804
Boston, MA 02116
(617) 742-5955

Dated:  November 26, 2007


**Certification Pursuant to Local Rule 7.1(A)(2)**

I hereby certify that I have conferred with counsel for the defendants and attempted in good faith to resolve or narrow the issues addressed in this motion.  We were unable to reach agreement.


**Certificate of Service**

I, Thomas M. Ciampa, hereby certify that on this 26th day of November, 2007, this document was filed through the CM/ECF and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

___/s/ Thomas M. Ciampa____