UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **PHILIP L. TROPEANO, et al.** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.  03-CV-12231-RGS** |
| | ) | |
| **CHARLENE DORMAN, et al.,** | ) | |
| **Defendants.** | ) | |
| | ) | **FILED PER ORDER DATED NOVEMBER 28, 2007** |
| | ) | **GRANTING DEFENDANTS' UNOPPOSED MOTION** |
| | ) | **FOR LEAVE TO A FILE REPLY MEMORANDUM** |

**DEFENDANTS' MEMORANDUM IN REPLY TO PLAINTIFFS' OPPOSITION TO
THE MOTION IN LIMINE TO ESTABLISH INTEREST RATE**

Plaintiffs' opposition (docket entry #80) to Defendants' Motion *in Limine* to Establish

Interest Rate (docket entry #72) advances five points, each of which fails to withstand scrutiny.

As such, the Court should conclude that the applicable interest rate is 6% per annum, pursuant to

Mass. Gen. Laws ch. 107, § 3.

**First**, Plaintiffs argue that the obligation to pay interest to the withdrawing partners is a

contractual obligation arising under a partnership agreement (Opp. at 2-3).  Plaintiffs have

argued repeatedly that any and all agreements between the partners of Captain Parker Arms

expired in January 1994, many years in advance of Plaintiffs' October 2003 withdrawal from the

partnership, and that the partnership had continued as a partnership-at-will up through the time of

Plaintiffs' withdrawal.  See, e.g., excerpts from the Brief for the Plaintiffs-Appellants submitted

to the First Circuit, attached hereto as Exhibit A at 7, 11, 12, 15-16 & at 20 (arguing that this

Court erred in considering a modification of the partnership agreement because such

consideration was improper for a partnership at will); excerpts from the Reply Brief for the

Plaintiffs-Appellants, attached hereto as Exhibit B at 1 ("The express 30-year term of the

Partnership Agreement expired on January 8, 1994, leaving the Partnership one at will"), 11-12.

The First Circuit agreed with Plaintiffs, holding that the partnership agreement had expired and

that the partnership had continued as a partnership-at-will pursuant to Mass. Gen. Laws ch. 108A

(the "Partnership Act").  Tropeano v. Dorman, 441 F.3d 69, 77, 79 (1st Cir. 2006) (affirming this

Court's conclusion that the agreement had expired in 1994 and holding that "the Partnership was

an 'at will' partnership when plaintiffs announced their decision to retire").

Having specifically sought and received judicial rulings as to the expiration of the

partnership agreement and continuation as an at-will partnership, Plaintiffs are judicially

estopped from now arguing that their claims for interest arise under the long-expired agreement,

rather than under the Partnership Act.  Graupner v. Town of Brookfield, 450 F.Supp. 2d 119,

126-27 (D.Mass. 2006) ("[t]he purpose of the judicial estoppel doctrine is to 'protect the integrity

of the judicial process by prohibiting parties from deliberately changing positions according to

the exigencies of the moment.'" (quoting New Hampshire v. Maine, 532 U.S. 742, 749-50

(2001)).

**Second**, Plaintiffs completely ignore Anastos v. Sable, 443 Mass. 146 (2004), which held

that if the withdrawing partner's claim for the value of his partnership interest arises under the

Partnership Act, instead of under a partnership agreement, "his claim is not based upon a

contractual obligation."  443 Mass. at 155.  Plaintiffs' citation to dicta and lower court cases

(Opp. at 4) has no persuasive force in light of the SJC's holding in Anastos that claims such as

Plaintiffs' are not properly characterized as contractual obligations (443 Mass. at 155), and that

prejudgment interest pursuant to Mass. Gen. Laws ch. 231, § 6C is not available when a

withdrawing partner is paid for his/her partnership interest (id. at 154-55).

**Third**, Plaintiffs' alternative argument that they are entitled to 12% interest pursuant to

Mass. Gen. Laws ch. 231, § 6H (Opp. at 5-6) fails because section 6H is only applicable where

12217386_4.DOC

"damages are awarded, but in which interest on said damages is not otherwise provided by law"
(emphasis added). The SJC in Anastos already has held that this Court's determination of the
amount to which Plaintiffs are entitled for their partnership interests will not be an award of
damages (443 Mass. at 155). Furthermore, the section of the Partnership Act under which
Plaintiffs' claims arise specifically provides for the payment of interest. Mass. Gen. Laws ch.
108A, § 42 (the withdrawing partner "shall receive . . . an amount equal to the value of his
interest in the dissolved partnership . . . with interest . . ."). Thus, section 6H is inapplicable
here.

      **Fourth**, Plaintiffs' attempt to distinguish the cases upon which Defendants rely (Opp. at
6-7) is unavailing. The factual context of such cases is not relevant to the analysis. The Court is
to look to the statute pursuant to which the claims for relief arise and, if that statute provides for
interest but does not set forth the rate, the Court is to apply the interest rate set forth in Mass.
Gen. Laws ch. 107, § 3. Sharpe v. Springfield Bus Terminal Corp., 406 Mass. 62, 64-65 (1989).
It is clear that the Legislature chose to set a specific rate of interest under the wrongful death
statute without modifying Chapter 107. The Sharpe Court noted the amendment before setting
forth the proper analysis by which to determine the applicability of Chapter 107. Id. at 63. Thus,
Chapter 107 remains in full force and effect, and the Sharpe holding controls the analysis here.

      **Fifth**, Plaintiffs' reliance on Perkins School for the Blind v. Rate Setting Comm'n, 383
Mass. 825 (1981) (Opp. at 7-8) is misplaced because in that case, the SJC did not consider the
Partnership Act but rather the statutory scheme by which providers of educational services to
special needs students are compensated. In the face of the SJC's more recent and controlling
Anastos decision, and its on-point holding that Chapter 231, § 6C is inapplicable to claims
arising under the Partnership Act (443 Mass. at 155), Perkins provides no guidance.

12217386_4.DOC

Moreover, the SJC has narrowed its holding in <u>Perkins</u>.[1]   <u>C&M Constr. Co. v. Commonwealth</u>, 396 Mass. 390, 394 (1985).  In <u>C&M</u>, the Court explained that "<u>Perkins</u> did not involve a claim for interest on a judgment, but rather was a case of unreasonable detention of money due under a contract."  <u>Id.</u>  The SJC further explained, "[t]he doctrine of improper detention turns on consulting the statutory scheme which regulates the relationship between the contracting parties . . . to determine the contractual obligations of the Commonwealth.  That doctrine has no application where, as here, the purported obligation has no roots in contract."  <u>Id.</u> The instant case does not concern the contractual obligations of the Commonwealth and, as determined by <u>Anastos</u>, Plaintiffs' claims have "no roots in contract".  Accordingly, Plaintiffs' argument that the doctrine of improper detention would be "frustrated if the language of Section 42 was interpreted as providing for interest at only 6%" (Opp. at 8) is without merit.

Respectfully submitted,

_/s/  Sander A. Rikleen_
Sander A. Rikleen – BBO# 420280
Christine M. O'Connor – BBO# 647535
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, Massachusetts 02199
Ph: 617·239·0100;  Fx: 617·227·4420
Attorneys for the Defendants

Dated:  November 28, 2007

**Certificate of Service**

This document was filed pursuant to the Order dated November 28, 2007 granting Defendants' Unopposed Motion for Leave to File a Reply Memorandum.
I hereby certify that this document filed through the ECF system pursuant to Local Rule 5.4 will be sent electronically to all other parties.

/s/ Sander A. Rikleen

---

[1]   Plaintiffs' suggestion that they are entitled to interest on top of interest is ludicrous.  Not only are Defendants unable to find a single case in which interest on top of interest has been applied pursuant to <u>Perkins</u>, the <u>Perkins</u> Court did not even apply this concept.  383 Mass at 836.  <u>See</u> <u>also</u>, <u>Sargeant v. Comm'r of Pub. Welfare</u>, 383 Mass. 808, 824 (1981) (observing that "the general rule is that, in the absence of an agreement or of equitable considerations to the contrary, a plaintiff may not receive interest on interest").