UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PHILIP L. TROPEANO, PETER TROPEANO, and CAROLYN PATTON,<br><br>Plaintiffs,<br><br>v.<br><br>CHARLENE DORMAN, BIANCA DORMAN, LYDIA DORMAN, TODD DORMAN, T&N REALTY TRUST and CAPTAIN PARKER ARMS PARTNERSHIP,<br><br>Defendants. | DOCKET NO.<br>03-CV-12231-RGS |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS, DISMISSING CLAIMS AGAINST
<u>THE T&N REALTY TRUST AND ITS DEFENDANT TRUSTEES</u>**

In a pleading predominated by revisionist history, feigned misapprehensions of law, and insults directed at Plaintiffs' counsel, the defendants request the dismissal of all claims in this matter against the T&N Realty Trust and the individual defendants in their capacity as trustees. Plaintiffs oppose the defendants' motion insofar as it seeks to eliminate from this action an indispensable party for purposes of determining whether Plaintiffs could have, by terminating the Captain Parker Arms Partnership, caused the liquidation of all partnership assets, specifically including all real estate and other assets held in the name of the T&N Realty Trust.

<u>Relevant Procedural History</u>

Plaintiffs filed this action on November 13, 2003, requesting that the Court determine the value of their former interest in the Captain Parker Arms Partnership (the "Partnership") and enter an order requiring immediate payment in that amount. In their

original complaint, Plaintiffs named as defendants Charlene Dorman, Bianca Dorman, Lydia Dorman, and Todd Dorman, all in their individual capacity, the Partnership, and the T&N Realty Trust. Following a change in counsel, Plaintiffs filed an Amended Complaint. The Amended Complaint, both in its caption and under a heading entitled "Parties," named as defendants Charlene Dorman, Bianca Dorman, Lydia Dorman, and Todd Dorman, individually and as they are trustees of the T&N Realty Trust and partners of Captain Parker Arms Partnership. See Amended Complaint ("AC"), caption and ¶¶ 4-7.[1] Among other relief, the Amended Complaint sought declarations that: (1) the Partnership was a partnership at will and therefore terminable by any partner, (2) Plaintiffs lawfully dissolved or terminated the Partnership effective October 1, 2003, and (3) Plaintiffs are entitled to receive their respective interests in the liquidation value of the Partnership assets as of October 1, 2003. See AC, ¶¶ 40-43, 47-49, and 59-62.

On December 8, 2006, more than three years after the commencement of this case and by then represented by new counsel, the defendants filed their Opposition to Plaintiffs' Motion for Real Estate Attachment. In it, the defendants asserted for the first time that Plaintiffs were not entitled to their respective interests in the liquidation value of the Partnership assets as of October 1, 2003 because the defendants, as a majority of the trustees of T&N Realty Trust, would have refused to liquidate the assets held in the name of the trust even if Plaintiffs had terminated the Partnership. The defendants also raised at that time the possibility that the Court lacked subject matter jurisdiction over this matter because T&N Realty Trust, Peter Tropeano, and Philip Tropeano are all residents of Massachusetts for purposes of determining diversity jurisdiction.

---

[1] Subsequent to identifying the defendants in the body of the Amended Complaint, Plaintiffs described the T&N Realty Trust as, inter alia, a nominee trust created by written instrument dated June 26, 1962, as amended …." The Amended Complaint identifies the trustees of the Trust as defendants, but not the Trust.

The parties have since had numerous discussions about the possibility that this Court lacks subject matter jurisdiction over this case.  Plaintiffs, for their part, made two proposals directed at addressing the issue.  The first proposal, made approximately a year ago, was that the parties agree to arbitrate the issue of valuation, thus removing any issue of subject matter jurisdiction.  The second proposal, discussed over the last few weeks, was that the parties enter into a stipulation that would allow Plaintiffs to voluntarily dismiss the defendants in their capacity as trustees.[2]  The defendants flatly rejected both proposals, instead proposing that the situation could be remedied by the resignation of Peter Tropeano and Philip Tropeano.[3]

Argument

A.  The T&N Realty Trust Was Never Named a Defendant in Plaintiffs' Amended Complaint.

In filing their Amended Complaint, Plaintiffs clearly named as defendants Charlene Dorman, Bianca Dorman, Lydia Dorman, and Todd Dorman, individually and as they are trustees of the T&N Realty Trust and partners of Captain Parker Arms Partnership.  See Amended Complaint ("AC"), caption and ¶¶ 4-7.  Though Plaintiffs went on to describe the trust as "a Massachusetts nominee trust created by written instrument dated June 26, 1962, as amended, …, they did not identify "T&N Realty Trust" as a defendant.  See Amended Complaint, ¶ 8.  Plaintiffs did not identify T&N Realty Trust as a defendant because, pursuant to Massachusetts law, a trust is

---

[2] True and accurate copies of emails between counsel and the Stipulation proposed by Plaintiffs are attached hereto as Exhibit A.

[3] Plaintiffs have repeatedly reminded the defendants that diversity jurisdiction is determined by looking to the diversity of the parties *at the time the complaint was filed* and not based on later actions taken by the parties in an attempt to cure any defects in diversity.  See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571-71 (2004)("It has long been the case that the jurisdiction of the Court depends upon the state of things at the time of the action brought. This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure.")

appropriately sued in the name of its trustees.  See Morrison v. Lennett, 415 Mass. 857, 859-60 (1963); Crosspoint Assocs. v. Papas, 1994 Mass. Super. LEXIS 436, *11 (Mass. Super. Ct. 1994)(Gershengorn, J.)("It is well established in Massachusetts that a trust is not an entity subject to suit, rather all claims must be asserted against the trustee"); Independence One Mortgage v. Lebner, 1994 Mass. Super. LEXIS 268, * 3 (Mass. Super. Ct. 1994)(Dortch-Okara, J.)("Thus, in order to bring suit against a trust, even a nominee trust, the trustees must be named").

Although both the caption and body of the Amended Complaint make clear that Plaintiffs named the Dormans as defendants individually and in their capacity as trustees and partners, and did not name the T&N Realty Trust, the defendants have continued to caption their pleadings consistent with the original complaint[4] and now request that T&N Realty Trust be dismissed as a party to this litigation.  Because the Amended Complaint did not – and could not, consistent with Massachusetts law – name the T&N Realty Trust as a defendant, but instead named the defendant trustees in their representative capacities, Plaintiffs have no objection to the Court adopting the caption of the Amended Complaint to better reflect the various capacities of the defendants.[5]

---

[4] When the Court also continued to employ the original caption, Plaintiffs, in the interest of uniformity, conformed their caption, never understanding there to be any confusion regarding what parties were actual defendants and in what capacity.

[5] The Amended Complaint also asserted claims against Charlene Dorman, Bianca Dorman, Lydia Dorman, and Todd Dorman individually, and in their respective capacities as partners of the Captain Parker Arms Partnership.

> B.  The Defendants Appear to Have Positioned Themselves,
> In their Capacity As Trustees, as Indispensable Parties to this Action.

The question then becomes whether the trustee defendants are indispensable parties to this action. Earlier in the case, the defendants took the position that they, in their capacity as trustees of T&N Realty Trust, could frustrate Plaintiffs' lawful attempts to terminate the Partnership by refusing to liquidate and distribute the assets held in the name of the trust. Specifically, the defendants contended that "[i]n 2003, Plaintiffs could not have required the trustees to sell the assets of the Realty Trust." Opposition to Plaintiff's Motion for Real Estate Attachment ("Opp.")(Docket No. 50), p.8, Section III.B.1(a).   In this regard, the defendants reasoned that:

> Although the trust instrument is silent as to whether the vote of a majority of all trustees is required to authorize the sale of the trust's assets, the subsequent amendments require at least a majority of the trustees to sign all deeds, mortgages, loans, contracts and other instruments relating to the conduct of the business of the Realty Trust. Similarly, even the most generous reading of the February 12, 1965 Amendment to the Trust makes it clear that no less than a majority of the trustees would be needed to terminate the Realty Trust, and thus to require the sale of the trust assets.
>
> In October 2003, when the First Circuit has [sic] held that the Plaintiffs withdrew from the Captain Parker Arms Partnership, there were seven trustees, four of whom are the Dorman Defendants. Therefore, Plaintiffs could not obtain the requisite trustee votes needed to sell the trust assets.

Id. at p. 9.

Plaintiffs believe that this claim by the defendants, that they could have, as trustees, unilaterally prevented the liquidation of the trust assets following a lawful termination of the Partnership, is entirely without merit. As more fully described in Plaintiffs' recently filed motion in limine (See Docket No. 88), Plaintiffs believe that the T&N Realty Trust was clearly intended to be a nominee trust and that, even if it were not a nominee trust, upon the termination of the Partnership, the partnership agreement

requires the trustees "to proceed to the liquidation of the partnership" and to distribute the proceeds of the liquidation accordingly.

However, the defendants appear prepared to make their rights and obligations as trustees of T&N Realty Trust a central issue in the Court's determination of the value of Plaintiffs' respective partnership interests. Should this be the defendants' intention, Plaintiffs oppose the dismissal of the trustee defendants because such trustees might be indispensable parties to a determination of the value of Plaintiffs' respective interests in the Partnership on October 1, 2003 and the enforcement of Plaintiffs' rights to secure and collect those amounts.

A party is indispensable if, in the party's absence "complete relief cannot be accorded among those already parties." Pujol v. Shearson American Express, 877 F.2d 132, 134 (1st Cir. 1989). "District courts have the authority to dismiss dispensable, non-divers parties to cure defects in jurisdiction." Falken Industries v. Johansen, 360 F. Supp. 2d 208, 211 (D. Mass. 2005)(internal quotations omitted). However, "as emphasized by the Supreme Court, the authority to dismiss a nondiverse party 'should be exercised sparingly,' and a court 'should carefully consider whether the dismissal of a nondiverse party will prejudice any of the parties in the litigation.'" Id. (quoting Newman-Green v. Alfonzo-Larrain, 490 U.S. 826, 838 (1989).

Plaintiffs have sought by this action to have the Court first value their respective interests in the Partnership and then enforce Plaintiffs' rights to secure and collect those amounts. Given that the trustee defendants wish to assert that they could and would have refused to liquidate the assets held in the name of the T&N Realty trust upon the termination of the Partnership, and intend to contest Plaintiffs' ability to reach those

assets for purposes of prejudgment recovery or security, clearly they are indispensable parties.

A court must deny a motion for judgment on the pleadings "unless it appears, beyond doubt, that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Judge v. City of Lowell, 160 F.3d 67, 72 (1st Cir. 1998) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The defendant trustees themselves contend that they have the power to unilaterally determine the value of Plaintiffs respective partnership interests by refusing to liquidate certain assets held in the name of T&N Realty Trust.  This would seem to put them, and their purported authority, at the center of this case.  Furthermore, the Court implicitly recognized the viability of Plaintiffs' claims against the trustee defendants in recommending that a Standstill Order enter as against the real estate held in the name of the Trust.  (See Docket No. 61).  There would therefore seem to be little disagreement but that the trustee defendants are necessary parties to the adjudication of this case, and cannot properly be dismissed.

**CONCLUSION**

For all of the reasons described herein, Plaintiffs respectfully request that this Honorable Court deny the defendants' Motion for Judgment on the Pleadings, Dismissing Claims Against the T&N Realty Trust and its Defendant Trustees.

        PHILIP L. TROPEANO, PETER
        TROPEANO and CAROLYN PATTEN

        /s/ Thomas M. Ciampa
        _____
        Thomas M. Ciampa (BBO#566898)
        Ciampa & Associates
        20 Park Plaza, Suite 804
        Boston, MA 02116
        (617) 742-5955

Dated: November 28, 2007

**Certificate of Service**

I, Thomas M. Ciampa, hereby certify that on this 28th day of November, 2007, this document was filed through the CM/ECF and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

        ___/s/ Thomas M. Ciampa____