UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PHILIP L. TROPEANO, et al.<br>Plaintiffs,<br>v.<br>CHARLENE DORMAN, et al.,<br>Defendants. | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO.  03-CV-12231-RGS<br>)<br>)<br>)<br>)   FILED PER ORDER DATED DECEMBER 7, 2007<br>)   GRANTING DEFENDANTS' UNOPPOSED MOTION<br>)   FOR LEAVE TO FILE A REPLY MEMORANDUM |

REPLY TO PLAINTIFFS' OPPOSITION TO
MOTION FOR JUDGMENT ON THE PLEADINGS

By their Motion for Judgment on the Pleadings (docket entry #83), Defendants sought an answer the straight forward question of whether the T&N Realty Trust (the "Realty Trust") and its trustees are or are not parties to this action. Plaintiffs' opposition (docket entry #91) only serves further to muddy the waters. By way of this Reply, Defendants believe that they can simplify the issues before the Court.

**Plaintiffs Agree that the Realty Trust Is Not a Party.** Plaintiffs now state that under the Amended Complaint, the Realty Trust is not a defendant in this matter (Opp. at 3-4), and that they "never under[stood] there to be any confusion regarding what parties were actual defendants and in what capacity" (id. at 4 n.4). Although such statements are inaccurate[1] and disingenuous[2], it is clear that Plaintiffs are not opposed to the Court granting Defendants' request

---

[1] Plaintiffs refer to "Defendant T&N Realty Trust" in paragraph 14(d) of the Amended Complaint and, more than two years later, Plaintiffs were still referring to the Realty Trust as a defendant (docket entry #39 at 1). As recently as November 16, 2007, Plaintiffs proposed a stipulation which treats the Realty Trust as a party (Opp. Ex. at 2 & ¶ 2).

[2] Plaintiffs have long been aware of Defendants' concern that the Realty Trust was a named party to this action. Defendants' Answer to the Amended Complaint opens as follows: "The

to formally dismiss the Realty Trust from this action. Moreover, because Plaintiffs now agree that the Realty Trust never had the capacity to be sued (Opp. at 3-4) and the description of the individual defendants as trustees was not, in fact, an attempt to sue the Trust (see id. at 5-7), the question of subject matter jurisdiction can be put to rest.

**Plaintiffs Concede that They Have Not Alleged Claims Against the Trustee Defendants.** Defendants' Motion points out that Plaintiffs did not allege any claims against the individual defendants in their capacity as trustees of the Realty Trust (docket entry #84 at 5-6). Plaintiffs do not contradict this statement and, in fact, have confirmed that their claims exclusively concern their rights as lawfully withdrawing partners of the Captain Parker Arms Partnership (Opp. at 2). Accordingly, unless the trustee Defendants are indispensable parties, Plaintiffs appear to concede that they have no claims against the trustee Defendants.

**The Trustee Defendants Are Not Indispensable Parties.** For the first time, Plaintiffs contend that the individual defendants in their capacities as trustees "might be indispensable parties" (Opp. at 5-7), "because complete relief cannot be accorded" in their absence (Opp. at 6). Plaintiffs are mistaken.

In this case the Court must determine the amount to which Plaintiffs are entitled for their former partnership interests in the Captain Parker Arms Partnership pursuant to Mass. G.L.c. 108A, §42. Once that amount is determined, the statute commands that Plaintiffs will be treated as ordinary creditors of the Partnership. Accordingly, a judgment for the amount so determined

---

Defendants, Charlene Dorman, Bianca Dorman . . ., Lydia Dorman . . ., Todd Dorman, T&N Realty Trust and Captain Parker Arms Partnership (collectively, 'Defendants'), hereby respond to the First Amended Complaint. . . ." Last December, Defendants expressly stated that they believed that the Realty Trust remained a defendant (docket entry #50 at 2-3) and, over the past year, counsel for the parties have conferred or corresponded about the party status of the Realty Trust no fewer than eight times. Never did the Plaintiffs attempt to correct the Defendants or state that the Realty Trust or its trustees are not parties hereto.

will be entered against the remaining partners and the partnership, and Defendants will be free to satisfy the Court's judgment by any means available to them.

As Defendants have informed Plaintiffs on numerous occasions, Defendants intend to refinance the property in order to satisfy the judgment. Indeed, Defendants have represented to the Court not only this intention but the nature of the discussions with their current lender (docket entry #80 at 13-14).

Plaintiffs are not entitled to dictate how the Defendants will raise the funds needed to pay the buyout amount for their former partnership interests as determined by the Court. Plaintiffs neither have the right to demand that the judgment be satisfied by forcing a sale of the property, nor the right to draft into the suit the current trustees of the Realty Trust, against whom no claim is made and from whom no relief is sought, as a false safeguard against an unwarranted, and premature, worry about how they will enforce the judgment they have yet to receive.

**The Method of Valuing Plaintiffs' Former Partnership Interests has Nothing to do with the Identity of the Defendants.** The arguments about how Plaintiffs' former partnership interests are to be valued, and whether minority interest and lack of marketability discounts are appropriate, will be addressed when Defendants submit their response to Plaintiffs' recently filed Motion *in Limine* to Determine Applicability of Discounts (docket entry #89).[3]

Just prior to their withdrawal as partners of the Captain Parker Arms Partnership,

---

[3] In short summary, the real estate is owned by the Realty Trust. Pursuant to the Trust instrument, only the Trustees have the power to sell the Trust assets. Although majority of the beneficiary interest holders could terminate the trust and instruct the Trustees to sell the assets, the Plaintiffs never controlled a majority of the beneficial interests in the Trust. Plaintiffs understood that the Captain Parker Arms Partnership would continue as a going concern as it has after the departure of each prior partner, and Plaintiffs' former partnership interests are therefore to be valued in the same manner as partners withdrawing from a continuing partnership. Neither the Partnership Act nor Plaintiffs' collective shares in the Captain Parker Arms Partnership permitted Plaintiffs to terminate the Realty Trust or force it to sell its real property.

Plaintiffs, as well as the individual Defendants, each held a beneficial interest in the assets of the Realty Trust in proportion to their individual partnership interest. The parties do not agree on the value of Plaintiffs former interests but Defendants do not dispute that each Plaintiff should receive, as part of the their partnership interest buyout amounts, the value of their former beneficial interest in the Realty Trust. Accordingly, the parties will present at trial experts who have appraised the real estate owned by the Realty Trust as of October 1, 2003 (the withdrawal date).

      Plaintiffs agree that the task of valuing their former partnership interests does not require the participation of the Realty Trust or its Trustees as parties herein (Opp. at 3-4). Therefore, dismissal of any and all claims against the Realty Trust and its Trustees will not interfere with the Court's ability to undertake the valuation steps required in this case.

                                                               Respectfully submitted,

                                                               _____/s/  Sander A. Rikleen_____
                                                               Sander A. Rikleen – BBO# 420280
                                                               Christine M. O'Connor – BBO# 647535
                                                               EDWARDS ANGELL PALMER & DODGE LLP
                                                               111 Huntington Avenue
                                                               Boston, Massachusetts 02199
                                                              Ph:  617·239·0100
Dated:  December 7, 2007                  Fx:  617·227·4420
                                                              Attorneys for the Defendants

**Certificate of Service**

    This document was filed pursuant to the Order dated December 7, 2007 granting Defendants' Unopposed Motion for Leave to File a Reply Memorandum.
    I hereby certify that this document filed through the ECF system pursuant to Local Rule 5.4 will be sent electronically to all other parties.
                                                               /s/ Sander A. Rikleen