UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIP L. TROPEANO,<br>PETER TROPEANO, and<br>CAROLYN PATTON,<br>                Plaintiffs,<br><br>      v.<br><br>CHARLENE DORMAN,<br>BIANCA DORMAN,<br>LYDIA DORMAN,<br>TODD DORMAN,<br>T&N REALTY TRUST, and<br>CAPTAIN PARKER ARMS PARTNERSHIP,<br>                Defendants. | CIVIL ACTION<br>NO. 03-CV-12231-RGS |

## JOINT STATEMENT OF ISSUES TO BE TRIED

Pursuant to the Court's Order entered on December 10, 2007, the parties submit this joint statement of issues to be tried in this case.

The First Circuit has ruled that the Captain Parker Arms Partnership was a partnership at will when Plaintiffs withdrew as partners, and that they are entitled to the value of their partnership interests as of October 1, 2003, pursuant to Mass. G.L. c. 108A, §42. Tropeano v. Dorman, 441 F.3d 69, 82 (1st Cir. 2006) (see the Parties' Stipulation of Agreed Facts dated December 10, 2007, docket entry #97, attachment 1, ¶13).

The following discussion explains the issues to be tried, and why counsel believe that the trial should last five (5) days.[1]

**I.    PLAINTIFFS' CLAIM FOR THE VALUE OF THEIR FORMER INTERESTS:**

---

[1] The parties attempt herein to give the Court a brief overview of the presentation of evidence. This overview is not a complete recitation of the anticipated evidence.

Plaintiffs' former interests collectively consisted of a 42.86% partnership interests in the Captain Parker Arms Partnership (the "Partnership"). This interest must be valued by the Court.

The parties do not agree on the proper method of valuing Plaintiffs' former interest. The evidence to be presented to the Court in support of the parties' competing positions will include evidence upon the following disputed issues.

A.  **Valuation of the Real Property**

The Partnership operates its business, the Captain Parker Arms Apartments, on land the title of which is held in the name of the T&N Realty Trust (the "Trust"). Although the parties do not agree on the role the value of the real property will have in the Court's determination of the value of Plaintiffs' former interests, they do agree that the property must be valued as of October 1, 2003.

1.  **Nature of Plaintiffs' interest in the Real Property:**  The parties disagree as to whether the Trust is a "real" or a "nominee" trust. In the event that the Trust is a "real" trust, the parties disagree as to what affect, if any, this fact will have on the valuation of Plaintiffs' respective interests.[2] Accordingly, the parties will introduce evidence concerning the Partnership, the Realty Trust, and the relationship of the real property to each of these entities.

2.  **Appraisal Methodology:**  Each party has engaged appraisal experts to value the real property as of October 1, 2003. The experts have proffered three methodologies for valuing the real property: Capitalized Income Approach, Sales Comparison Approach and Development as Condominiums. Each party intends to present real estate appraisers – Eric Reenstierna and

---

[2] This topic is discussed in the briefing on Plaintiffs' **pending** Motion *in Limine* to Determine Applicability of Minority Interest and/or Lack of Marketability Discount (docket entry #88). See the Memorandum in Support (docket entry #89) and Defendants' Opposition (docket entry #96).

Web Collins for the Plaintiffs[3] and Walter Pennell for the Defendants – as expert witnesses to describe these various approaches and to opine as to the value of the real estate as of October 1, 2003.

        (a)    <u>Considerations Common to All Appraisal Methodologies</u>.  The condition of the physical and mechanical plant as of October 1, 2003 affects all three appraisal methods.  The parties will introduce fact evidence and expert testimony on such topic.

Defendants contend that another topic that impacts each of the appraisal methodologies is the cost of renovating the apartment units and common areas to current (as of October 2003) market rental or condominium standards.  The parties will introduce fact evidence and expert testimony on such topic.

Defendants contend that the number of units rented to elderly tenants as of October 1, 2003 also impacts each of the appraisal methodologies.  The parties will introduce fact evidence and expert testimony on such topic.

        (b)    <u>Capitalized Income Approach</u>.  The parties' appraisal experts will testify as to their analysis using the Capitalized Income Approach.  In addition to the appraisers, the parties will present fact witnesses concerning the assets and liabilities of the Partnership as of October 1, 2003.

---

[3] During the exchange of rebuttal reports, Plaintiffs provided an appraisal review and an opinion of value by Webster Collins.  Plaintiffs' experts have taken contradictory positions as to the dominate methodology, analysis, and ultimate conclusions as to the value of the real property.  Plaintiffs have not identified either witness as their "expert-in-chief", and instead intend to allow each appraiser to testify regarding his own expert opinion.  Defendants disagree that this is permissible, and plan to file a motion for discovery sanctions, specifically seeking to prevent testimony by Reenstierna or reliance by Plaintiffs on his report and the opinions stated therein.  Because Defendants have not yet filed their motion for discovery sanctions, this Joint Statement has been drafted as if both Reenstierna and Collins will be permitted to testify at trial.

    (c) <u>Sales Comparison Approach</u>.  The parties' appraisal experts will testify as to their analysis using the Sales Comparison Approach.

  The parties disagree as to whether subsequent market activity, such as sales of comparable properties or offers to purchase the subject property made after October 2003 should be included in the Sales Comparison Approach.  This topic is the subject of Defendants' **pending** Motion to exclude subsequent market activity (docket entries #85, 86 & 92).

    (d) <u>Condominium Development Approach</u>.  The parties' appraisal experts will testify as to their analysis using the Condominium Development Approach.   This testimony will include testimony as to whether developing the Captain Parker Arms Apartments as condominiums would have required compliance with accessibility and fire suppression regulations, and the cost of such compliance, and whether set asides required by the Lexington Condominium Conversion Board impact valuation of the property.

  B. **<u>Valuation of the Partnership Enterprise</u>**

  Although the parties do not agree on the additional adjustments which must be made as part of the Court's determination of the value Plaintiffs' former interests as of October 1, 2003, they do agree that there are other assets which must be valued and liabilities which must be subtracted.

  **1.** **Non-real estate assets:**  The parties will present evidence concerning non-real estate assets of the Partnership as of October 1, 2003.

  **2.** **Net Asset Value**:  The parties will present evidence concerning the liabilities outstanding as of October 1, 2003 and the methodology for accounting for such liabilities – essentially taking the sum of the Court's valuation of the real estate (prior to application of

discounts, if any) and the balance of the non-real estate assets (prior to application of discounts, if any), and subtracting from that sum the liabilities.

    C.    **Calculating Plaintiffs' Interests**

    1.    **Plaintiffs' proportional interests in the Partnership:** The parties have stipulated as to each Plaintiff's proportional interest in the Partnership as of October 1, 2003 (docket entry #97, attachment 1, ¶11).

    2.    **Minority Interest and Lack of Marketability Discounts:** The parties do not agree as to whether discounts for minority interests and lack of marketability are appropriate in this case. This topic is the subject of Plaintiffs' **pending** Motion *in Limine* (docket entries #88, 89 & 96).

    D.    **Additional Adjustments**

    1.    **Negative Capital Account Balances:** The parties do not agree on this topic. Defendants submit that to the extent not already addressed by the Court in its valuation of the Plaintiffs' interests, the Court will need to make adjustments to reflect Plaintiffs' over withdrawal of capital from the Partnership as reflected in the negative balances of their individual capital accounts as of October 1, 2003. Plaintiffs contend that this alleged "over withdrawal" is more than offset by the proportionately larger negative capital account balances of the individual defendants as of October 1, 2003.

    2.    **Overpayment of Distributions in 2003:** The parties do not agree on this topic. Defendants submit that to the extent not already addressed by the Court in its valuation of the Plaintiffs' interests, the Court will need to make adjustments to reflect distributions made to Plaintiffs during 2003 which were in excess of 2003 net profits as of October 1, 2003.

      3.    **Peter Tropeano's breach of fiduciary duty:** The parties do not agree on this topic. Defendants submit that to the extent not already addressed by the Court in its valuation of the Plaintiffs' interests, the Court will need to make adjustments to reflect the damage suffered by the Defendants as a result of Peter Tropeano's alleged breach of fiduciary duty with respect to his maintenance practices during his tenure as property manager.

      E.    **Addition of Interest to the Value the Court Assigns to Plaintiffs' Interests**

Pursuant to Mass. G.L. c. 108A, §42, Plaintiffs can elect to receive either interest or the profits attributable to use of their Partnership interests since their withdrawal on October 1, 2003. The parties do not agree on the appropriate rate of interest to be applied. This topic is the subject of Defendants' **pending** Motion *in Limine* (docket entries #72, 73, 80 & 90). Plaintiffs contend that because this is an equitable proceeding, the Court has discretion to establish a fair rate of interest (including compound interest) based upon the totality of circumstances surrounding Plaintiffs loss of the use of their funds. Plaintiffs intend to introduce evidence in this regard. Defendants do not agree that this argument has been timely raised.

**II.**    **DEFENDANTS' COUNTERCLAIMS:**

The Defendants have asserted three Counterclaims which are disputed and must be tried. The Counterclaims were served when Defendants answered the Amended Complaint following remand by the First Circuit.

      1.    Defendants' Counterclaim Count I alleges breach of fiduciary duty by Peter Tropeano, former property manager for the Captain Parker Arms Apartments. See I.D.3, above.

      2.    Defendants' Counterclaim Count II seeks to recover from the Plaintiffs their negative capital accounts as of the date they withdrew from the Partnership – October 1, 2003. See I.D.1, above.

3.      Defendants' Counterclaim Count III seeks to require the resignation of the non-partner trustees of the Trust.

## III.    OTHER PENDING MATTERS:

Also before the Court are:

Defendants' **pending** Motion for judgment on the pleadings, seeking to dismiss the Realty Trust and the individual Defendants in their trustee capacities from this case (docket entries #83, 84, 91& 95).

Plaintiffs' Motion for Leave to Amend Peter Tropeano's Reply to Counterclaim to add the additional affirmative defense of failure to mitigate damages will be filed shortly and is not opposed.

The parties respectfully submit that they will need five (5) days to try the matters discussed above.


/s/  Thomas M. Ciampa                       /s/  Sander A. Rikleen

Thomas M. Ciampa – BBO# 566898        Sander A. Rikleen – BBO# 420280
Ciampa & Associates                    Christine M. O'Connor – BBO# 647535
20 Park Plaza, Suite 804               EDWARDS ANGELL PALMER & DODGE LLP
Boston, Massachusetts 02116            111 Huntington Avenue
Tel.:  (617) 742-5955                  Boston, Massachusetts 02199
Attorney for the Plaintiffs            Ph:  617·239·0100
                                       Fx:  617·227·4420
                                       Attorneys for the Defendants


Dated:  December 12, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system pursuant to Local Rule 5.4 will be sent electronically to all other parties.

_____/s/ Christine M. O'Connor_____

- 8 -