UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIP L. TROPEANO, PETER TROPEANO and CAROLYN PATTON,  )<br><br>Plaintiffs,  )<br><br>v.  )<br><br>CHARLENE DORMAN, BIANCA DORMAN, LYDIA DORMAN, TODD DORMAN, T&N REALTY TRUST and CAPTAIN PARKER ARMS PARTNERSHIP,  )<br><br>Defendants.  ) | CIVIL ACTION<br>NO. 03CV12231 (RGS) |

**UNOPPOSED MOTION OF PLAINTIFF PETER TROPEANO
TO AMEND HIS REPLY TO DEFENDANTS' COUNTERCLAIM**

Now comes the Plaintiff/Defendant-in-Counterclaim Peter Tropeano ("Tropeano"), and respectfully requests that this Honorable Court grant him leave to amend his original Reply to Defendants' Counterclaim to add one additional affirmative defense based upon the alleged failure of Plaintiffs-in-Counterclaim to mitigate their alleged damages.[1]

As grounds for his Motion, Mr. Tropeano states that:

1.   Based upon information learned during the course of discovery, he has a good faith basis to assert an affirmative defense based upon the alleged failure of Plaintiffs-in-Counterclaim to mitigate their alleged damages.

2.   Mr. Tropeano has not previously amended his original Reply to Defendants' Counterclaim.

---

[1] The Amended Reply to Defendants' Counterclaim that Mr. Tropeano will file, should the Court grant this Motion, is attached hereto as Exhibit A. In addition to adding a Ninth Affirmative Defense, Mr. Tropeano has also removed his jury demand consistent with the earlier filed Stipulation Withdrawing Claim of Trial by Jury. (Docket #66.)

      3.      Defendants have been notified regarding this Motion, and have agreed that they will not oppose it.

      4.      Fed. R. Civ. P. declares that leave to amend "shall be freely given when justice so requires." As stated by the United States Supreme Court,

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be freely 'given.'

Foman v. Davis, 371 U.S. 178, 182 (1962).

      5.      There is no such reason to deny Mr. Tropeano's motion for leave to amend his original Reply.

WHEREFORE, Plaintiff Peter Tropeano respectfully requests that this Honorable Court grant him leave to amend his Reply to Defendants' Counterclaim to add an affirmative defense based upon the alleged failure of Plaintiffs-in-Counterclaim to mitigate their alleged damages.

      Respectfully submitted,

      PETER TROPEANO

      By his attorney,

      /s/   Thomas M. Ciampa

      Thomas M. Ciampa (BBO# 566898)
      Ciampa & Associates
      20 Park Plaza, Suite 804
      Boston, MA 02108
      (617) 742-5955

Dated:  December 12, 2007

**Certificate of Service**

I, Thomas M. Ciampa, hereby certify that on this 12th day of December, 2007, this document was filed through the CM/ECF and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

      ___/s/ Thomas M. Ciampa____