UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PHILIP L. TROPEANO, <br> PETER TROPEANO, and <br> CAROLYN PATTON, <br><br> Plaintiffs, <br><br> v. <br><br> CHARLENE DORMAN, <br> BIANCA DORMAN, <br> LYDIA DORMAN, <br> TODD DORMAN, <br> T&N REALTY TRUST, and <br> CAPTAIN PARKER ARMS PARTNERSHIP, <br><br> Defendants. | CIVIL ACTION <br> NO. 03-CV-12231-RGS |

**DEFENDANTS' MOTION *IN LIMINE*
TO EXCLUDE DEPOSITION TESTIMONY OF ALFRED P. TROPEANO**

The Defendants hereby move, *in limine*, that the Court exclude from evidence at trial the deposition testimony of Alfred P. Tropeano designated by Plaintiffs in the Joint Pre-Trial Statement (docket entry #97, at 3-4).

As grounds for this Motion, Defendants rely upon the accompanying Memorandum and state the following:

1. Mr. Tropeano's deposition was taken in February 1996, in a long-ago concluded Probate Court matter involving different parties.

2. The portions of the deposition transcript Plaintiffs seek to place into evidence concern Mr. Tropeano's understanding of the Partnership Agreement which has since expired, and how partnership interests of deceased partners of Captain Parker Arms Partnership were

treated. This case is not governed by the long-expired Partnership Agreement. Instead, Plaintiffs' interests are to be valued as withdrawing partners in a continuing partnership, pursuant to Mass. Gen. Laws ch. 108A, sec. 42. Accordingly, Mr. Tropeano's testimony is not relevant to the issue before the Court. Fed. R. Evid. 401.

3. Mr. Tropeano's deposition testimony is also inadmissible hearsay. No party to the prior litigation in which his deposition was taken had any motivation in 1996 to develop testimony about valuing a withdrawing partner's interests pursuant to section 42 of the Partnership Act because the Partnership Agreement was still in place and controlled how such valuation was to be performed. See Fed. R. Evid. 804(b)(1) (to qualify for hearsay exception, the predecessor-in-interest must have "had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination").

4. Deposition testimony taken in an earlier action that is not between the same parties, does not involve the same subject matter, and is not admissible under the Federal Rules of Evidence, cannot be used at trial. Fed. R. Civ. P. 32(a)(8) (added by amendment effective as of December 1, 2007).

5. Defendants first learned that Plaintiffs intend to offer the 1996 deposition testimony of Mr. Tropeano on the morning of December 10, 2007, during preparation of the Joint Pre-Trial Statement (docket entry #97), while Defendants' counsel were consumed with trial preparation matters. This Motion has been made as soon as practicable thereafter.

WHEREFORE, the Defendants pray that their Motion be granted.

/s/ Sander A. Rikleen<br>
Sander A. Rikleen – BBO# 420280<br>
Christine M. O'Connor – BBO# 647535<br>
EDWARDS ANGELL PALMER & DODGE LLP<br>
111 Huntington Avenue<br>
Boston, Massachusetts 02199<br>
Ph: 617·239·0100<br>
Fx: 617·227·4420<br>
Attorneys for the Defendants

Dated: December 14, 2007

## LOCAL RULE 7.1(A)(2) CERTIFICATION

On December 14, 2007, I conferred with Thomas Ciampa, counsel for Plaintiffs, and attempted in good faith to resolve or narrow the issues raised in this motion. We were unable to reach agreement.                    /s/ Christine M. O'Connor

**Certificate of Service**

I hereby certify that this document filed through the ECF system pursuant to Local Rule 5.4 will be sent electronically to all other parties.          /s/ Christine M. O'Connor