UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIP L. TROPEANO,<br>PETER TROPEANO, and<br>CAROLYN PATTON,<br><br>     Plaintiffs,<br><br>  v.<br><br>CHARLENE DORMAN,<br>BIANCA DORMAN,<br>LYDIA DORMAN,<br>TODD DORMAN,<br>T&N REALTY TRUST, and<br>CAPTAIN PARKER ARMS PARTNERSHIP,<br><br>     Defendants. | CIVIL ACTION<br>NO. 03-CV-12231-RGS |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE*
TO EXCLUDE DEPOSITION TESTIMONY OF ALFRED P. TROPEANO**

On December 10, 2007, just one week before commencement of trial, Plaintiffs advised Defendants for the first time that they intend to offer at trial the deposition testimony of Alfred P. Tropeano, taken in February 1996 taken in a long-ago concluded Probate Court matter involving different parties (Joint Pre-Trial Statement (docket entry #97, at 3-4). Mr. Tropeano's deposition testimony is neither relevant nor admissible, and should be excluded at trial.

**Background**

In 1994, Emily Tropeano, the widow of Joseph Tropeano, one of the founding partners of the Captain Parker Arms Partnership, sued the remaining partners. Emily A. Tropeano v. Alfred P. Tropeano, et al., Middlesex Probate Court, No. 94E-0216-G1 (Equity). Mrs. Tropeano sought a ruling that she became a partner following her husband's death, that her partnership interests be

valued, liquidated and paid to her, and that withheld distributions be paid to her.[1]  Alfred Tropeano's deposition was taken in that Probate Court matter in 1996.

The portions of Alfred Tropeano's deposition transcript Plaintiffs seek to place into evidence concern Mr. Tropeano's understanding of the Partnership Agreement which has since expired, and how partnership interests of deceased partners of Captain Parker Arms Partnership were treated.  For example, during his deposition Mr. Tropeano explained that at the time of Joseph Tropeano's death in 1985 the then existing Partnership Agreement did not provide for a transfer of partnership interests to an estate, and that prior to the time of Mr. Nylander's death in 1991, the Partnership Agreement had been amended.  He was never asked how a partner's interests would be determined pursuant to Mass. G.L.c. 108A, §42 following withdrawal of the partner.

The First Circuit has ruled that the Partnership Agreement expired in 1994, before Plaintiffs' withdrawal, and that Plaintiffs former interests are to be valued pursuant to Mass. G.L.c. 108A, §42, and not pursuant to the expired Partnership Agreement.  <u>Tropeano v. Dorman</u>, 441 F.3d 69, 82  (1st Cir. 2006).

## **Argument**

I.  **ALFRED TROPEANO'S DEPOSITION TESTIMONY IS NOT RELEVANT TO THE ISSUES BEFORE THE COURT**

The First Circuit has ruled that the Captain Parker Arms Partnership was a partnership-at-will when Plaintiffs sought to withdraw as partners, that Plaintiffs were entitled to withdraw from the partnership, and that they are entitled to the value of their partnership interests as of October 1, 2003, pursuant to Mass. G.L.c. 108A, §42.  <u>Tropeano v. Dorman</u>, 441 F.3d 69, 82 (1st

---

[1]  The Probate Court Complaint is attached hereto as Exhibit A.

Cir. 2006) (Parties' Stipulation of Agreed Facts dated December 10, 2007, docket entry #97, attachment 1, ¶13).

Alfred Tropeano's deposition testimony does not address the valuation of partnership interests pursuant to the Partnership Act. Accordingly, his testimony is not relevant to the issues before the Court. Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

## II. ALFRED TROPEANO'S DEPOSITION TESTIMONY IS INADMISSIBLE HEARSAY

Even if Alfred Tropeano's deposition testimony was relevant, it still would not be admissible under the Federal Rules of Evidence. Plaintiffs seek to offer into evidence Mr. Tropeano's out-of-court statements "to prove the truth of the matter asserted." Fed. R. Evid. 801(c) (defining hearsay). The only exception to the hearsay rule that Plaintiffs can turn to is found in Rule 804(b)(1), which allows the admission of:

> Testimony [of an unavailable witness] given as a witness . . . in a deposition taken in compliance with law in the course of . . . another proceeding, if the party against whom the testimony is now offered, or . . . a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination.

When the deposition testimony was taken in 1996, no party had a motivation to develop testimony about valuing a withdrawing partner's interests pursuant to section 42 of the Partnership Act because that case concerned treatment of interests of a deceased partner under the Partnership Agreement which had not yet expired.[2] Id.; see also In re Screws Antitrust Litigation, 526 F. Supp. 1316, 1319 (D. Mass. 1981) ("successive defendants do not always share the same interests when defending against claims which arise out of the [similar]

---

[2] The litigation in which Mr. Tropeano's deposition testimony was taken was filed in 1994 and concerned the interests of Joseph Tropeano, who died in 1985.

3

circumstances"); Oberlin v. Marlin Am. Corp., 596 F.2d 1322, 1329 (7th Cir. 1979) (holding that in first litigation, there was no motivation to question deponent regarding legal theory which became dominant theory in second litigation).

Accordingly, Alfred Tropeano's deposition testimony should be excluded as inadmissible hearsay.

### III. NEW FEDERAL RULE OF CIVIL PROCEDURE 32(A)(8) PROHIBITS THE USE OF ALFRED TROPEANO'S DEPOSITION TESTIMONY IN THIS CASE

As of December 1, 2007, a new rule of civil procedure controls the use of "depositions taken in an earlier action." Fed. R. Civ. P. 32(a)(8) (added by amendment, effective December 1, 2007). The new rule provides:

> A deposition lawfully taken, and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representative or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence.

Alfred Tropeano's deposition was taken in a matter between Emily Tropeano and the then partners. No successor to Emily Tropeano's interests are parties to the current suit. Nor is the subject matter the same – Emily Tropeano sued to establish her rights as a partner under a Partnership Agreement, to recover distributions she believed were improperly withheld from her, and for recovery for interests in a non-existent trust. The dispute here concerns valuation of the interests of withdrawing partners pursuant to section 42 of the Partnership Act, where there is no existing Partnership Agreement. Finally, as demonstrated in the preceding section, the rules of evidence do not permit Plaintiffs' intended use of the deposition testimony.

Accordingly, Alfred Tropeano's deposition testimony should be excluded.

## Conclusion

For the reasons set forth above, Defendants respectfully ask the Court to exclude from use at trial the 1996 deposition testimony of Alfred Tropeano, taken in a long-ago concluded Probate Court matter.

Respectfully submitted,

_____/s/ Sander A. Rikleen_____
Sander A. Rikleen – BBO# 420280
Christine M. O'Connor – BBO# 647535
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, Massachusetts 02199
Ph: 617·239·0100

Dated: December 14, 2007    Fx: 617·227·4420
Attorneys for the Defendants

## Certificate of Service

I hereby certify that this document filed through the ECF system pursuant to Local Rule 5.4 will be sent electronically to all other parties.

/s/ Sander A. Rikleen