# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.
                                    PROBATE AND FAMILY COURT
                                    DOCKET NO.:  94E-0216-G1
                                    EQUITY


EMILY A. TROPEANO, Individually, and as        )
   Executrix of the Estate of Joseph C.        )
   Tropeano or Successor to his Interest,      )
         Plaintiff                             )
                                               )
vs.                                            )        AMENDED COMPLAINT
                                               )
ALFRED P. TROPEANO, PHILIP TROPEANO and        )
PETER TROPEANO, individually, as Trustees      )
of the T & N Realty Trust, and Partners        )
of the Captain Parker Arms Partnership, and    )
CAROLINE PATTEN, individually and as Partner   )
of the Captain Parker Arms Partnership,        )
Parker Arms Partnership, and LAURENCE L.       )
TROPEANO, individually and as Trustee of       )
the T & N Realty Trust,                        )
         Defendants                            )


1.   The Plaintiff, Emily A. Tropeano, is an individual residing in
     the  Town  of  Bradford,  Merrimack  County,  State  of  New
     Hampshire.

2.   The Defendant, Alfred P. Tropeano, is a resident of 114
     Waltham St., Lexington, Middlesex County, Massachusetts.  He
     is a Trustee of the T & N Realty Trust, a Partner of the
     Captain Parker Arms Partnership, and a brother-in-law of the
     Plaintiff.  The Defendant, Alfred P. Tropeano, is also an
     attorney licensed to practice law in the Commonwealth of
     Massachusetts.

3.   The Defendant, Laurence L. Tropeano, is a resident of Forest
     St., Lexington, Middlesex County, Massachusetts.  He is a
     Trustee of the T & N Realty Trust, and a nephew of the
     Plaintiff.

4.   The Defendant, Philip Tropeano, is a resident of 73 Lothrop
     St., Beverly, Essex County, Massachusetts. He is a Trustee of
     the T & N Realty Trust, a Partner of the Captain Parker Arms
     Partnership and a brother-in-law of the Plaintiff.

5.   The Defendant, Peter Tropeano, is a resident of 19A Revere
     St., Lexington, Middlesex County, Massachusetts.  He is a
     Trustee of the T & N Realty Trust, a Partner of the Captain
     Parker Arms Partnership, and a nephew of the Plaintiff.

6.  The Defendant, Caroline Patten, is a resident of 1280 Ocean St., Marshfield, Plymouth County, Massachusetts. She is a Partner of the Captain Parker Arms Partnership, and a niece of the Plaintiff.

7.  On or about June 26, 1962, the Defendant, Alfred P. Tropeano, became a Trustee of the T & N Realty Trust (hereinafter, "Trust"), a trust established to acquire real estate or any interest therein. (See Exhibit 1)

8.  Upon information and belief, shares in the trust were issued. Each shareholder received a certificate reflecting his shares.

9.  On January 7, 1964, the Plaintiff, Emily A. Tropeano hereinafter "Emily", and her husband, Joseph C. Tropeano, became joint owners of a Fifteen (15%) percent interest of the Trust assets. (See Exhibit 2)

10. On or about January 8, 1964, the following individuals became partners in a business known as The Captain Parker Arms Partnership; the Defendants, Alfred P. Tropeano, Philip Tropeano, Louis Tropeano (now deceased), Wilbur Nylander (now deceased), and the Plaintiff's deceased husband, Joseph Tropeano. Under the terms of the Partnership Agreement, the partners acquired the land at the intersection of Waltham Street and Worthen Road, Lexington, MA, and were to construct apartments on said land. They did so, and the resulting apartments were and are known as The Captain Parker Arms. (See Exhibit 3)

11. Upon information and belief the Trust formed on June 26, 1962, held said real estate in trust for the benefit of the Captain Parker Arms Partnership hereinafter known as "The Partnership".

12. On or about February 5, 1982, the Trust was amended to provide for an expansion of the number of trustees, namely, Defendant, Laurence L. Tropeano, and Louis Tropeano (now deceased). (See Exhibit 4)

13. Upon information and belief, after 1985, the Trust was further amended to provide for expansion of the number of Trustees namely, Defendant, Peter Tropeano.

14. Upon information and belief, after 1990, the Defendant, Caroline Patten, became a partner in the Captain Parker Arms Partnership.

15. On or about August 2, 1985, Joseph Tropeano and the Plaintiff, Emily A. Tropeano, who were the joint holders of 150 shares of the 1,000 shares in the Trust, dated June 26, 1963, transferred their shares to the Joseph C. Tropeano Family

Trust.

16. In 1985, Joseph Tropeano died.  The Defendant, Alfred P. Tropeano, Trustee of the Trust acknowledged the Plaintiff, Emily Tropeano, as a successor in the interest of her husband, Joseph C. Tropeano.  As successor in interest, the Plaintiff continued to receive yearly income distributions from the Partnership.

17. Upon information and belief, on January 6, 1985, John Hancock Mutual Life Insurance Co. loaned $2.5 million to the Trust. Of the proceeds received by the Trustees, fifteen (15%) percent was paid to the Estate of Joseph C. Tropeano and the Plaintiff, Emily Tropeano, and the defendants received distributions in proportion to their respective interests.

18. In the years following the death of her Husband, Joseph Tropeano, including the years 1986, 1987, 1988, 1989, and 1990 the Plaintiff, as successor to the interest of her Husband, Joseph C. Tropeano, received income distributions from the Partnership in proportion to her 15% interest.

19. For each tax year following the death of Joseph Tropeano in 1985, the Plaintiff, Emily Tropeano, consistently received Form 1065, K-1 from the Partnership and appropriately reported to the Internal Revenue Service the amount indicated on the Form K-1 for each of the calendar years on her income tax returns.

20. In July, 1990, the Defendant, Alfred Tropeano, suggested to Emily Tropeano that he purchase her interest in Captain Parker Arms Partnership.

21. On October 3, 1990, the Defendants, Alfred Tropeano, Philip Tropeano and Laurence L. Tropeano, intentionally prevented the Plaintiff from receiving her 15% share in the partnership assets, even though the Defendant, Alfred Tropeano, admitted that the Plaintiff was entitled to receive her 15% interest.

COUNT I
Accounting

22. The Plaintiff, Emily Tropeano, hereby repeats and realleges the statements and allegations made in paragraphs 1 through 21 above, as though the same were set forth herein in full.

23. The Defendants, Alfred Tropeano, Laurence L. Tropeano, Philip Tropeano, Peter Tropeano and Caroline Patten, have wrongfully taken, used and withheld monies belonging to the Plaintiff, Emily Tropeano, and have obtained income and benefits therefrom and have failed to account to the Plaintiff, Emily Tropeano, therefor.

WHEREFORE, the Plaintiff, Emily Tropeano, requests that this court order that the Defendants, Alfred Tropeano, Laurence L. Tropeano, Philip Tropeano, Peter Tropeano and Caroline Patten, account for the assets of the Captain Parker Arms Partnership.

## COUNT II
### Constructive Trust

24. The Plaintiff, Emily Tropeano, hereby repeats and realleges the statements and allegations made in paragraphs 1 through 23 above, as though the same were set forth herein in full.

25. The Defendant, Alfred Tropeano, as Trustee of the T & N Realty Trust had a fiduciary relationship with the Plaintiff, Emily Tropeano, a beneficiary of the T & N Realty Trust.

26. The Defendants, Alfred Tropeano, Laurence L. Tropeano, Philip Tropeano and Peter Tropeano, as Trustees of the T & N Realty Trust, violated their fiduciary relationship with the Plaintiff by failing to properly carry out their duties as trustees.

27. The Defendants, Alfred Tropeano, Philip Tropeano, Peter Tropeano and Caroline Patten, Partners of the Captain Parker Arms and the Defendants, Alfred Tropeano, Philip Tropeano, Laurence L. Tropeano and Peter Tropeano, Trustees of the T & N Realty Trust, engaged in wrongful conduct in an attempt to deprive the Plaintiff, Emily Tropeano, of her rights in and to the assets of the Captain Parker Arms Partnership and the T & N Realty Trust which holds title to the Captain Parker Arms Partnership Agreement.

28. The Defendants, Alfred Tropeano, Laurence L. Tropeano, Philip Tropeano, Peter Tropeano and Caroline Patten, have in bad faith failed and refused to distribute interest payments to the Plaintiff pursuant to her 15% interest for the years 1991, 1992, 1993, and to date.

29. The Defendants, Alfred Tropeano, Laurence L. Tropeano, Philip Tropeano, Peter Tropeano and Caroline Patten, have profited and been unjustly enriched from their wrongful and inequitable conduct in that they have withheld income rightfully belonging to the Plaintiff.

30. The Plaintiff, Emily Tropeano, does not have an adequate remedy at law for the defendants' wrongful conduct.

WHEREFORE, the Plaintiff demands that this court impose an order that the assets belonging to the Captain Parker Arms Partnership be held in constructive trust for the benefit of the Plaintiff, and for any further relief which this court deems and fair, just and equitable.

-4-

COUNT III
Breach of Fiduciary Duty

31. The Plaintiff, Emily Tropeano, repeats and realleges the statements and allegations made in paragraphs 1 through 30 above as though the same were fully set forth herein.

32. The Defendants, Alfred Tropeano, Laurence L. Tropeano, Philip Tropeano and Peter Tropeano, as Trustees of the T & N Realty Trust had a fiduciary relationship with the Plaintiff, Emily Tropeano, a beneficiary of the T & N Realty Trust.

33. The Defendants, Alfred Tropeano, Laurence L. Tropeano, Philip Tropeano, Peter Tropeano and Caroline Patten, have in bad faith failed and refused to account for partnership assets and distribute interest payments to the Plaintiff pursuant to her 15% interest for the years 1991, 1992, 1993, and to date.

34. The Plaintiff, Emily Tropeano, has been harmed by the Defendants' self dealing in that she has not received the interest income owed to her.

WHEREFORE, the Plaintiff, Emily Tropeano, demands judgment against the Defendants, Alfred Tropeano, Laurence L. Tropeano, Philip Tropeano, Peter Tropeano and Caroline Patten, for the amount of the loss as shall be found by this Court to have occurred as a result of the Defendants' breach of fiduciary duty, as well as the Plaintiff's costs, interest, and attorneys fees.

COUNT IV
Removal of Trustee (G.L. c. 203 Sec. 12)

35. The Plaintiff, Emily Tropeano, repeats and realleges the statements and allegations made in paragraphs 1 through 34 above as though the same were fully set forth herein in full.

36. On or about October, 1985, the Defendant, Alfred Tropeano, advised the Plaintiff, Emily Tropeano, that her deceased Husband's interest in the Partnership income would pass to her. The Plaintiff received income distributions in the years 1985, 1986, 1987, 1988, 1989 and 1990.

37. The Plaintiff, Emily A. Tropeano, relied on the Defendant, Alfred Tropeano's, representations concerning payment of income to her.

38. The Defendant, Alfred Tropeano, failed to make any distribution of interest income and failed to make any accounting to the Plaintiff of partnership assets in the years 1991, 1992, and 1993, to date.

39. On or about October, 1991, through September, 1992, the Defendant, Alfred Tropeano, issued conflicting written statements to the Plaintiff, Emily Tropeano, concerning the prior interest payments received by her, characterizing them as a buyout of her interest in the partnership.

40. Upon information and belief, the Defendant, Alfred Tropeano, acquired more than a 50% interest in the Partnership by purchasing the shares of other partners prior to their death.

41. The Defendants, Alfred Tropeano, Laurence L. Tropeano, Philip Tropeano and Peter Tropeano, as Trustees of the T & N Realty trust, violated their fiduciary relationship with the Plaintiff, by failing to distribute income to the Plaintiff, Emily Tropeano, each year since 1991 to date; by failing to provide accountings of the distribution of income to the Plaintiff, Emily Tropeano, for the years 1991 to date; by attempting to control the majority of assets of the partnership, and by issuing conflicting statements to the Plaintiff, Emily Tropeano, characterizing the nature of distribution previously received by her as a "buyout" of her interest in the partnership, when she had already reported said income on IRS Form 1065, and there was never any prior indication of a "buyout".

WHEREFORE, the Plaintiff, Emily Tropeano, demands that the Defendant, Alfred Tropeano, be removed as Trustee of the T & N Realty Trust, and that the Court appoint an appropriate trustee in his place.

## COUNT V
### Declaratory Judgment (G.L. c. 231(A))

42. The Plaintiff hereby repeats and realleges the statements and allegations made in paragraphs 1 through 41 above as though the same were set forth herein in full.

43. This action is brought pursuant to M.G.L. c. 231(A), Section 1, et seq., to obtain a Declaratory Judgment.

44. The matters for which the Plaintiff requests declaratory relief are susceptible of full and complete resolution by means of this Court's grant of the declaratory relief requested.

45. The matters for which the Plaintiff seeks declaratory relief are appropriate subjects for such relief in that the Plaintiff seeks determination of right, duty, status, or other legal relations under the partnership agreement and the declaration of trust.

WHEREFORE, the Plaintiff seeks the following declaratory relief and hereby requests that the court declare and enter judgment in the Plaintiff's behalf as follows:

a.   A determination that the Plaintiff, Emily Tropeano, is a partner of the Captain Parker Arms Partnership.

b.   In the event a partnership no longer exists, that a receiver be appointed to value the Plaintiff's interest, liquidate her interest and distribute the proceeds to the Plaintiff, Emily Tropeano.

c.   A determination that the plaintiff has a fifteen (15%) percent beneficial interest in the T & N Realty Trust.

d.   The amount of interest payments the Plaintiff is due from the Captain Parker Arms Partnership for the years 1990, 1991, 1992, 1993 and 1994.

e.   A determination that all distributions from the Captain Parker Arms partnership to the plaintiff were interest payments.

f.   That disbursements from the John Hancock Mutual Life Insurance Company Loan of $2.5 million to the Captain Parker Arms Partnership constituted distribution of partnership assets to the defendants, Alfred Tropeano, Laurence L. Tropeano and Philip Tropeano, and the plaintiff, Emily Tropeano.

> Respectfully submitted,
> Emily A. Tropeano, Plaintiff,
> by her attorney,
>
> Law Offices of
> Barry C. Abelson & Associates
>
> Jill M. Bradley
> P.O. Box 643
> 420 No. Main Street
> Randolph, MA  02368
> (617) 986-6556
> BBO #:   554368

Dated: 1-25-95

(Tropamnd.com)

-7-

DECLARATION OF TRUST

WHEREAS it is proposed to form a trust relating to the purchase, holding, improvement, development and management of various parcels of real estate, together with the investment and management of proceeds from the same and any other property, and to accomplish this to build, erect, tear down, repair, remodel, enlarge, rebuild and operate buildings, grade and landscape grounds of every description;

WHEREAS the Trustees hereunder named will by deed acquire title to certain real estate situated in Lexington, Middlesex County, Massachusetts, which deed will be recorded herewith;

NOW, THEREFORE, WE, ALFRED P. TROPEANO of Lexington, Middlesex County, Massachusetts, and WILBUR C. NYLANDER, of Belmont, Middlesex County, Massachusetts hereby declare that we hold the said real estate and any and all other property of whatever nature, both real and personal, however described and wherever located which may hereafter be conveyed or come to us as Trustees under the Trust for the following purposes:

I - TITLE OF TRUSTEES

The title of the Trustees hereunder shall be The T & N Realty Trust, and any property conveyed, sold or leased to them under that description shall be held under this instrument.

II - POWERS OF TRUSTEES

(a)  To acquire any parcels or parcel of real estate or interest therein, and manage, lease, develop, improve, and hold, mortgage or sell the same.

(b)  To enter into, execute, adopt, and fulfill any contract for the erection, alteration, or repair of any structure upon real estate.

(c)  To act as agents or trustees in the care and management of real and personal property committed to it by deed of trust or otherwise; to receive for investment the funds of any person, firm, or corporation or association, and to pay out the same as directed by such person, firm,

corporation, or association, and to deal and trade in stocks, bonds, securities, goods, wares, and merchandise of every description.

(d)   To have, purchase, convey, mortgage, and lease within or without the Commonwealth of Massachusetts such real or personal property as the purposes of the Trust may require.

(e)   To do any and all of the things as Trustees to the same extent and as fully as natural persons might or could do as principals, agents, contractors, trustees, developers, even though said express powers do not explicitly appear in this Declaration of Trust.

## III - SHAREHOLDERS

There are shareholders other than the Trustees named.  The term "shareholder" used in this instrument shall mean the holder of a certificate of a share or shares issued under this Trust according to the records of the Trustees.  Every such holder of a share or shares becomes a party hereto upon receiving a certificate therefor and ceases to be a party hereto upon parting with the same.  The death of any shareholder during the continuance of this Trust shall not operate to determine the Trust nor shall it entitle the legal representative of such deceased shareholder to an account or to take any action in the courts or otherwise against the Trust or the Trustees; but the executors, administrators, or assigns of the decedent shall accede to all the rights of the decedent under this Trust upon proper proof of title.  Shares shall be transferable as against the Trustees only on the books of the Trustees and upon the surrender of the outstanding certificate; and until such transfer the Trustees may deal with the record owner thereof and such dealings shall be conclusive upon all the parties.

## IV - LIMITATIONS OF POWERS OF TRUSTEES

The Trustee shall have no power to act as agent for beneficiaries hereunder and shall not bind them, any person or corporations contracting with the Trustees shall look only to the funds and property of this Trust for

- 2 -

payment under said contract, or for payment of any debt, mortgage, damage, judgment or decree, or for any money that otherwise may become due or payable by reason of any failure on the part of the Trustees, and neither the Trustees nor the beneficiaries under this instrument, either present or future, shall be personally liable therefor, nor shall the beneficiaries be liable for any act or obligation of the Trustees hereunder.

## V - COMPENSATION OF TRUSTEES

In addition to all reasonable and proper expenses incurred as hereinbefore provided for the management of this Trust, the Trustees shall receive reasonable compensation for their services in said management.

## VI - BOOKS OF ACCOUNT

The Trustees shall at all times keep full and proper books of account and records of their proceedings and doings, and a book showing the names and addresses of all shareholders hereunder, and the number of shares held by each, and all said books shall be open for the inspection of the shareholders at all reasonable times.

## VII - RESIGNATION AND SUCCESSION OF TRUSTEES

Any Trustee hereunder or any successor may resign his Trust hereunder by written instrument, signed by him and acknowledged in the manner and form as required for the acknowledgment of deeds, such resignation to take effect when such instrument is recorded with Middlesex South Registry of Deeds. Upon resignation of a Trustee hereunder, he may appoint his successor by the instrument containing his resignation. In case of the death or disability of a Trustee hereunder, the shareholders under this Trust may elect a Trustee to fill the vacancy caused by such death or disability. A certificate of the election of such succeeding Trustee shall be filed in the said Registry of Deeds for Middlesex County, within thirty (30) days after election. The Trust Fund shall immediately vest in the succeeding Trustee upon such appointment or election and he shall thereupon hold the same with all the powers and duties thereby given.

- 3 -

VIII - BOND AND PERSONAL LIABILITY OF TRUSTEES

No bond shall ever be required of the Trustees hereunder, and the Trustees and/or succeeding Trustees shall be responsible only for his own wil breach of trust or misfeasance, and shall not be liable for any act or defaul of any co-trustee or agent.

IX - ALTERATION OF THE TRUST

The shareholders may alter or add to this Trust Indenture or termin this Trust if they deem it judicious so to do. The instrument setting forth alteration, addition, termination shall be signed by the Trustees and shall s forth the vote of the shareholders authorizing said change, but the same shal be ineffectual until recorded in said Middlesex South District Registry of De

X - DURATION AND TERMINATION

Upon the expiration of twenty (20) years from date hereof, or at such earlier time as hereinbefore provided, the Trustees shall terminate this Trust, and convey the property or distribute the proceeds among the benefici ratably, or their heirs, executors, and administrators, after paying the Trustees' obligations, charges and expenses; but it shall be the duty of the Trustees, and their power shall continue for that purpose, to prosecute and defend all suits and other proceedings pending at time of such termination, a to sell and convey the net proceeds of any property acquired thereby and term this Trust, but the Trustees may always retain such funds or property of the Trust as they shall deem necessary to indemnify them because of costs and expenses of such proceedings, and against such decrees or judgments as have b or may be entered against them.

PROVIDED, HOWEVER, and it is especially declared, that the Trustees shall be under no obligation to terminate this Trust or convey the Trust Fun except as hereinbefore provided.

IN WITNESS WHEREOF, We, the said Alfred P. Tropeano and Wilbur C. Mylander, Trustees as aforesaid, hereunto set our hands and seals this 26th d

- 4 -

of June, 1962.

_Alfred P. Tropeano_
Individually and as Trustee as aforesaid

_Wilbur C. Nylander_
Individually and as Trustee as aforesaid

COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss. _ . ..                                          June    26 . 1962

    Then personally appeared the above-named Alfred P. Tropeano and
Wilbur C. Nylander, Trustees as aforesaid, and acknowledged the foregoing
instrument to be their free act and deed, before me

_Frederick J. Conroy_
Notary Public

My commission expires: _December 5, 1964_

- 5 -

THE ... ... ... OF TRUST AMENDMENT

................. ................................ ........................

T & N Realty Trust ...

WHEREAS ..., ............... all the shareholders .................... ...
Trustees were duly ........ to amend ................... ..........
forth.

............................................

Agreed .......................................

both of Middlesex ......., ................ ........ under .............. ...
entitled/ T & N Re... "Trust" dated ................. .......
"The

the Land ................. ................ ............... ..................
Document No. .........., ................. ... ...... ...................

holders hereby change and amend this Trust as follows:

By striking out under Article VII entitled "Resignation and ....................
of Trustees" the third sentence thereof .................................
.... such a ................................................... ...............
Middlesex County within thirty (30) days after ........." ......... ..
lieu thereof "A certificate ... the election of such succeeding Trustee shall
be filed with the Land Registration Office for the Middlesex South ........
District."

............. .... A...... ............................................

in lieu to read the ...................... "IT... ...... ...............
vote of the shareholders having ........ the ... of 21 or more ..................
may alter or add to this Trust Indenture ....................................
in general ..........................................................
termination ......... ...............................................
the shareholders authorizing said change; and a statement .... the Trustee ..
that effect shall be conclusive and binding on all persons, but the same ...
be ineffectual until filed with the Land Registration ..................
South Registr..... ... ...

Under Article X "Duration and Termination" ... ...
the expiration ... twenty (20) years fr... the date ... ... ... ...
in its place "Upon the expiration of twenty (20) years after the death of the
survivor of Alfred F. Tropeano and of Wilbur C. Nylander."

Notwithstanding anything to the contrary appearing ... ... ... Trust
the said Trust is amended or added to as follows: In addition ... to ... and
therein granted and without limiting the generality of the ... ...
Trustees may borrow money in the name of the Trust and give as security
therefor notes, mortgages, pledges, security agreements and any and all other
instruments that the Trustees in their discretion may consider necessary
with all terms, conditions and conditions in and to all ... and all ...
left to the absolute discretion of the Trustees and even if the term of duration
or obligations which said mortgage or mortgages secure extend beyond the
period for the duration of the Trust. Excepting as herein amended, modified
or amplified the aforesaid Indenture of Trust is hereby confirmed.

IN WITNESS WHEREOF, we, the said Alfred F. Tropeano and Wilbur C.
Nylander, Trustees as aforesaid, hereunto set our hands and seals this ... day of February, 1965.

_Alfred P. Tropeano_

_Wilbur ..._
Trustees as ...

COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss. February ... ...

Then personally appeared the above-named Alfred F. Tropeano and
Wilbur C. Nylander, individually and as Trustees aforesaid, and acknowledged
the foregoing instrument to be their free act and deed, before me

Notary Public
My commission expires

- 2 -

THE TRUSTEES OF THE

T & N REALTY TRUST

under a Declaration of Trust dated the 26th day of June, 1963,

HEREBY DECLARE THAT JOSEPH C. TROFRANO and EMILY TROFRANO, or the survivor thereof, are the owners of one hundred fifty (150) shares of the one thousand (1,000) shares issued and to be issued under this Declaration of Trust.  Said one hundred fifty (150) shares are the original issue.

The shares represented by this certificate may be transferred on the books of the said Trustees in accordance with the provisions of said Declaration of Trust.

WITNESS our hands and seals this 7 day of January, 1964.

*Alfred P. Trofrano*

*Wilbur C. Mijander*
Trustees of said Trust

PARTNERSHIP AGREEMENT

WHEREAS Torsten H. Reenstierna of Arlington, Middlesex County, Commonwealth of Massachusetts, and Alfred P. Tropeano, of Lexington, in said County and Commonwealth, are co-partners under an agreement dated January 5, 1955, and the owners of certain lands situated in said Lexington, and being the land referred to in said partnership as "Partnership A"; and

WHEREAS Torsten H. Reenstierna is desirous of selling his interest in said land, and Wilbur C. Nylander, of Belmont, Louis Tropeano, Joseph C. Tropeano and Philip L. Tropeano, all of said Lexington, are desirous of purchasing the said Reenstierna's interest;

NOW, THEREFORE, THIS PARTNERSHIP AGREEMENT.

This partnership agreement is made on this 8 day of January, 1968.

1.    Alfred P. Tropeano, Wilbur C. Nylander, Louis Tropeano, Joseph C. Tropeano and Philip L. Tropeano will become and remain partners in the business of acquiring the title to the land situated at the intersection of Waltham Street and Worthen Road, in said Lexington, and to construct apartments on said land, for the term of thirty years from the date hereof.

2.    The firm name of the partnership shall be "Captain Parker Arms".

3.    The business of the partnership shall be carried on in the Town of Lexington, Middlesex County, Commonwealth of Massachusetts, and at such other place or places as the partners shall hereinafter determine.

4.    In order to dispense with the necessity of obtaining signatures of the partners' respective wives and of all of the partners' signatures to deeds, mortgages, leases and other documents, the title to the real estate

shall be taken in the name of the partners' nominee, and in accordance with

G. L. Chapter 108A, Section 10 (4), namely, Wilbur C. Nylander and Alfred P.

Tropeano, Trustees of the T & N Realty Trust under a Declaration of Trust

dated June 26, 1962, which Trust has not been recorded and has no present

assets and is to be amended by the Trustees thereof to designate that they

will hold the real estate in trust for the benefit of this partnership.  The

said Wilbur C. Nylander and Alfred P. Tropeano by signing this Agreement of

partnership covenant and agree that they will not acquire any other property

in the name of said Trust excepting that which pertains to this partnership

and that they will not further amend said Trust to designate any beneficiaries

other than this partnership.

5.  All net income to the Trust/and all losses resulting to the

Trust or any deficiencies shall be borne by the partners in the following

percentages:  Alfred P. Tropeano - 40% - Wilbur C. Nylander, Louis Tropeano,

Joseph C. Tropeano, and Philip L. Tropeano - 15% each.

6.  The parties hereto agree that in the event any lending

institution requires personal signatures on any mortgage note or mortgage

deed that he will affix his signature to such documents.

7.  All applicable provisions and sections of General Laws Chapter

108A of the  Commonwealth of Massachusetts are herein incorporated by reference

and made a part hereof.

_____
Alfred P. Tropeano

_____
Wilbur C. Nylander

_____
Louis Tropeano

_____
Joseph C. Tropeano

_____
Philip L. Tropeano

- 2 -

T & N REALTY TRUST

AMENDMENT TO TRUST

      ALFRED P. TROPEANO, of Lexington, County of Middlesex and Commonwealth of Massachusetts, and WILBUR C. NYLANDER, of Belmont in said County and Commonwealth, Trustees of T & N Realty Trust dated June 26, 1962, and registered January 8, 1964, being Document #401177, filed in the Land Registration Office of South Registry District and referred to in Certificate 113382, Book 697, Page 32, in accordance with Article IX and by vote of the beneficiaries (sometimes referred to in said trust as Shareholders) hereby amend said trust as follows:

      A.  The word "Shareholder and the word Beneficiaries" have been interchangeably used in this trust and the word shareholder(s) should have been beneficiary(ies) and, therefore, this amendment corrects the same as follows:

      (1)  The words "shareholder(s) appearing in Articles III, VI, VII, IX and any other article where the said word appears are deleted and the word beneficiary or beneficiaries inserted in lieu thereof.

      (2)  The word beneficiaries appearing in Articles IV and X are affirmed.

B.   Article III is hereby deleted and the following
inserted in lieu thereof:

Article III - Beneficiaries

The beneficiaries are the successors to a partner-
ship organized January 8, 1955, and modified and
confirmed by the co-partners being Alfred P. Tropeano,
Wilbur C. Nylander, Louis Tropeano, Joseph C. Tropeano,
and Philip L. Tropeano referred to in a written co-
partnership agreement dated January 8, 1964, named
"Captain Parker Arms".

C.   Article X - Duration and Termination

By striking out "Upon the expiration of twenty (20) years
from the date hereof" and inserting in lieu thereof:   "Upon the
expiration of 10 years from the date of death of the survivor of
the five co-partners referred to in Article III above."

D.   By adding Article XI   "Trustees"

In addition to the trustees Alfred P. Tropeano and
Wilbur C. Nylander, Louis Tropeano and Laurence L. Tropeano, both
of said Lexington, are elected and appointed as trustees.

-2-

E.  By adding Article XII  "Signatures"

(1)  The signature of two trustees shall be required on all deeds, mortgages, notes, agreements for sale or purchase of land and of leases.

(2)  The signature of one trustee shall be required on all checks either as maker or endorser.

Except as herein modified, the trust is by vote hereby **affirmed.**

IN WITNESS WHEREOF, we ALFRED P. TROPEANO and WILBUR C. NYLANDER have hereunder set our hands and seals on this fifth day **of February, 1982.**

_____
ALFRED P. TROPEANO, Trustee

_____
WILBUR C. NYLANDER, Trustee

COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.                                      February 5, 1982

**Then** personally appeared the above-named Alfred P. Tropeano and Wilbur C. Nylander and acknowledged the foregoing to be their free act and deed, before me

_____
Notary Public
My commission expires: 2-13-87

ACCEPTANCE BY TRUSTEES

We the undersigned LOUIS TROPEANO and LAURENCE L. TROPEANO being the elected trustees herein named hereby accept our appointment and election as said Trustees.

_____
LOUIS TROPEANO

_____
LAURENCE L. TROPEANO