UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIP L. TROPEANO,<br>PETER TROPEANO, and<br>CAROLYN PATTON,<br><br>           Plaintiffs,<br><br>    v.<br><br>CHARLENE DORMAN,<br>BIANCA DORMAN,<br>LYDIA DORMAN,<br>TODD DORMAN,<br>T&N REALTY TRUST, and<br>CAPTAIN PARKER ARMS PARTNERSHIP,<br><br>           Defendants. | CIVIL ACTION<br>NO. 03-CV-12231-RGS |

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF
<u>ATTORNEY FREDERICK CONROY</u>**

      The Defendants hereby move, *in limine*, that the Court exclude from evidence at trial the testimony of Attorney Frederick Conroy, a trial witness listed by Plaintiffs in the Joint Pre-Trial Statement (docket entry #97, at 2).

      As grounds for this Motion, Defendants rely upon the accompanying Memorandum and state the following:

      1.     For nearly ten years, attorney Frederick Conroy represented Defendant Captain Parker Arms Partnership (the "Partnership") and its partners in all manner of issues relating to the Partnership.

      2.     This Court already disqualified Conroy from serving as Plaintiffs' attorney herein due to his conflict of interest (docket entry #11).

3. Conroy's testimony, if allowed, necessarily would concern information he learned from confidential communications taking place while Conroy served as counsel to the Partnership and its partners. As such, the attorney-client privilege prevents Conroy from divulging such information.

4. Furthermore, the Massachusetts Rules of Professional Conduct bar Conroy from using confidential information relating to his representation of the Partnership to its disadvantage or to the advantage of a third person.

5. Notwithstanding the attorney-client privilege and Conroy's ethical obligations, Conroy's testimony should be excluded because any non-privileged facts about which he could testify should be available from other witnesses who are available to testify about the very same matters.

6. Defendants first learned that Plaintiffs intend to call attorney Conroy as a trial witness on the morning of December 10, 2007, during preparation of the Joint Pre-Trial Statement (docket entry #97), while Defendants' counsel were consumed with trial preparation matters. This Motion has been made as soon as practicable thereafter.

WHEREFORE, the Defendants pray that their Motion be granted.

Dated: December 14, 2007

/s/ Sander A. Rikleen
Sander A. Rikleen – BBO# 420280
Christine M. O'Connor – BBO# 647535
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, Massachusetts 02199
Ph: 617·239·0100
Fx: 617·227·4420
Attorneys for the Defendants

## LOCAL RULE 7.1(A)(2) CERTIFICATION

      On December 14+, 2007, I conferred with Thomas Ciampa, counsel for Plaintiffs, and attempted in good faith to resolve or narrow the issues raised in this motion.  We were unable to reach agreement.　　　　　　　　　　　　　　　　/s/  Christine M. O'Connor


## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system pursuant to Local Rule 5.4 will be sent electronically to all other parties.　　　　/s/ Christine M. O'Connor

3