UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIP L. TROPEANO, PETER TROPEANO, and CAROLYN PATTON, <br><br> Plaintiffs, <br><br> v. <br><br> CHARLENE DORMAN, BIANCA DORMAN, LYDIA DORMAN, TODD DORMAN, T&N REALTY TRUST, and CAPTAIN PARKER ARMS PARTNERSHIP, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) CIVIL ACTION ) NO. 03-CV-12231-RGS ) ) ) ) ) ) ) ) ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE*
TO EXCLUDE THE TESTIMONY OF ATTORNEY FREDERICK CONROY**

On December 10, 2007, just one week before commencement of trial, Plaintiffs advised Defendants for the first time that they intend to call Frederick Conroy, an attorney already disqualified by this Court from representing Plaintiffs, as a witness at trial (Joint Pre-Trial Statement (docket entry #97, at 2). Conroy's testimony, if allowed, necessarily would concern information he learned from confidential communications taking place while Conroy served as counsel to Defendant Captain Parker Arms Partnership and the individual Defendants in their capacities as partners. As such, the attorney-client privilege prevents Conroy from divulging such information. Furthermore, the Massachusetts Rules of Professional Conduct bar Conroy from using confidential information relating to his representation of the Partnership to its disadvantage or to the advantage of a third person. Notwithstanding the attorney-client privilege

and Conroy's ethical obligations, Conroy's testimony should be excluded because other witnesses are available to testify about the very same matters. Accordingly, Defendants respectfully ask this Court to exclude Conroy's testimony at trial.

**Background**

Prior to their withdrawal in October 2003, Plaintiffs and the individual Defendants were all of the partners of the Captain Parker Arms Partnership (the "Partnership"). For nearly ten years before Plaintiffs' withdrawal, Attorney Frederick Conroy represented the Partnership in a variety of matters.

For example, between 1994 and 1996, Conroy represented the Partnership and its individual partners in a lawsuit brought by Emily Tropeano, the wife of deceased founding partner Joseph Tropeano (Affidavit of Charlene Dorman in Support of Motion to Disqualify, (docket entry #8) at ¶ 5). Between 2001 and 2002, Conroy advised the partners in the Partnership (both the Plaintiffs and the Dorman Defendants) concerning a proposed change in its legal form to a limited partnership (id. at ¶ 6). In 2002, Conroy drafted documents setting forth the powers and duties of the Trustees of the T&N Realty Trust, which holds title to the real estate upon which the Partnership conducts its business and of which Ms. Dorman and the Tropeano Partners were the Trustees (id. at ¶¶ 7, 8). As a final example, Ms. Dorman, representing the majority partner interest, consulted with Conroy prior to making changes in 2003 to the day-to-day management of the Partnership's business (id. at ¶ 9).

Despite his long representation of the Partnership, Conroy abruptly changed his allegiances in August 2003 when he sent to the Dorman Partners a letter in which he indicated that he represented the Tropeano Partners (id. at ¶ 10). In that letter, he wrote that the Tropeano Partners intended to separate from the Partnership and demanded payment for the value of their

partnership interests (id.). Soon thereafter, Conroy filed this lawsuit on behalf of Plaintiffs, naming the Partnership and the Dorman Partners as Defendants. Troubled by this conflict of interest, the Dorman Partners moved to disqualify Conroy as counsel for the Tropeano Partners (docket entries # 6, 7). Citing Rules 1.7 and 1.9 of the Massachusetts Rules of Professional Conduct, this Court agreed that Conroy's previous representation of the Partnership and its partners disqualified him from serving as counsel to the Tropeano Partners in this litigation (docket entry #11).

## Argument

I. **ATTORNEY CONROY'S TESTIMONY SHOULD BE EXCLUDED IN ITS ENTIRETY**

   A. **The Attorney-Client Privilege Protects From Disclosure the Content of Communications Made to Conroy in His Capacity as Attorney for the Partnership.**

The attorney-client privilege bars Conroy from testifying against the Partnership about information he obtained during confidential communications which occurred in his capacity as attorney for the Partnership. The privilege protects such communications from disclosure in order to encourage full and frank communications between an attorney and his/her clients. Suffolk Const. Co. v. Div. of Capital Asset Mgmt., 449 Mass. 444, 456 (2007). Surely, the Dorman Partners would not have freely disclosed information to Conroy about the Partnership if they believed he would betray their trust by using that information against the Partnership in a subsequent lawsuit.

The privilege survives termination of the attorney-client relationship. Bays v. Theran, 418 Mass. 685, 691 (1994); see also Suffolk Const. Co., 449 Mass. at 456. Even though the Partnership's adversaries have now enlisted Conroy's assistance, Conroy is not permitted to

violate the privilege by divulging matters he learned in confidence while he served as attorney for the Partnership.

Moreover, Conroy is not entitled to decide whether he will reveal information gleaned from confidential communications with his former client. The privilege belongs to the client, not the attorney. Suffolk Const. Co., 449 Mass. at 456. While an attorney has an obligation to assert the privilege on behalf of his former client, U.S. v. Delevo, No. 00-30036, 2002 WL 844401, at *5 (D. Mass. 2002), the Partnership, in the face of Conroy's inaction, affirmatively invokes the privilege to prevent Conroy's testimony. Because the privilege belongs to the client, it is the Partnership's privilege to waive, if at all. Matter of Reorganization of Elec. Mut. Liability Ins. Co., Ltd. (Bermuda), 425 Mass. 419, 423 (1997). Conroy cannot waive the privilege, nor can the Plaintiffs waive the privilege belonging to a partnership from which they withdrew four years ago. See In re Grand Jury Subpoena, 274 F.3d 563, 571 (1st Cir. 2001) (corporation's attorney-client privilege may only be waived by current management).

Accordingly, Conroy's testimony should be excluded because Plaintiffs would be attempting to elicit information protected by the attorney-client privilege.

**B.  Conroy's Ethical Obligations to His Former Client Forbid Him From Testifying Against the Partnership in this Action.**

Conroy's ethical obligations as an attorney also prevent him from testifying against the Partnership in this litigation. The Massachusetts Rules of Professional Conduct provide that a lawyer may not use confidential information relating to the representation of his former client to the advantage of a third person or to the disadvantage of his former client, unless the former client consents. Mass. R. Prof'l. Conduct 1.9(c). Early in this action, Defendants brought a motion seeking to disqualify Conroy as counsel to the Plaintiffs due to his conflict of interest (docket entries #6, 7). Plaintiffs conceded the existence of a conflict by failing to oppose the

4

motion. By disqualifying Conroy as Plaintiff's counsel, this Court necessarily concluded that this action is adverse to, and substantially related to, Conroy's former representation of the Partnership (docket entry #11). See also Bays, 418 Mass. at 691 (explaining requirements for disqualification). Indeed, this lawsuit has been brought by the Partnership's adversaries concerning the rights of individuals who were formerly members of the Partnership when Conroy served as its attorney.

In his capacity as attorney to the Partnership, Conroy obtained confidential information that he risks revealing in his testimony should he be called as a witness against the Partnership – indeed, it is difficult to identify any relevant, non-hearsay evidence Conroy may have that would not also be confidential to the Partnership. Furthermore, it is assumed that confidences were transmitted in the former attorney-client relationship. See Bays, 418 Mass. at 691; Ebix.com, Inc. v. McCracken, 312 F. Supp. 2d 82, 89-90 (D. Mass. 2004). Conroy continues to have a duty to maintain these confidences. Com. v. Goldman, 395 Mass. 495, 503 (1985); Bays, 418 Mass. at 691.

Testifying will expose Conroy to "an intolerably strong temptation to breach his duty of confidentiality to the former client." See Bays, 418 Mass. at 691 (concerning attorney representation of former client's adversary). Also, because the Plaintiffs have designated Conroy as one of their witnesses, it is reasonable to assume that information acquired by Conroy in his representation of the Partnership will be used against the Dorman Partners by their adversary in the instant action. Ebix.com, Inc., 312 F. Supp. 2d at 89.

Consequently, Conroy's ethical duty to his former client prevents him from testifying against the Partnership in this litigation.

C.  **Other Witnesses Are Available to Testify About the Partnership Who Are not Subject to the Attorney-Client Privilege or Barred by Ethical Duties.**

Calling Conroy as a witness to testify against his former client is inappropriate, especially where his testimony is likely intended to establish some fact that can be elicited from other witnesses or evidentiary materials. Kendall v. Atkins, 374 Mass. 320, 324 (1978). This lawsuit concerns the value of Plaintiffs' partnership interests at the time of their withdrawal from the Partnership in 2003. Any one of the other former or existing partners have sufficient personal knowledge to provide testimony on subjects concerning the Partnership. Significantly, unlike Conroy, such witnesses could testify without relying on inadmissible hearsay. Conroy's testimony simply should not be necessary to establish any facts relevant to this dispute.

Notably, even the absence of other available witnesses is not a strong enough justification to set aside the attorney-client privilege. Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Arizona, 881 F.2d 1486, 1494 (9th Cir. 1989).

II. **ALTERNATIVELY, PLAINTIFFS MUST DISCLOSE THE FACTS WHICH THEY SEEK TO ESTABLISH THROUGH CONROY'S TESTIMONY TO DETERMINE WHETHER SUCH FACTS MAY BE OBTAINED BY OTHER MEANS.**

Alternatively, if this Court is considering allowing Conroy to testify, Plaintiffs first should be required to disclose the facts they hope to establish by Conroy's testimony so that the parties may determine how those facts could be proved by a different witness or through other evidence. Kendall, 374 Mass. at 325.

**Conclusion**

For the reasons discussed above, the Defendants respectfully ask this Court to exclude Attorney Conroy's testimony at trial.

|  |  |
|---|---|
|  | /s/ Sander A. Rikleen |
|  | Sander A. Rikleen – BBO# 420280 |
|  | Christine M. O'Connor – BBO# 647535 |
|  | EDWARDS ANGELL PALMER & DODGE LLP |
|  | 111 Huntington Avenue |
|  | Boston, Massachusetts 02199 |
|  | Ph: 617·239·0100 |
| Dated: December 14, 2007 | Fx: 617·227·4420 |
|  | Attorneys for the Defendants |

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system pursuant to Local Rule 5.4 will be sent electronically to all other parties.          /s/ Christine M. O'Connor