UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PHILIP L. TROPEANO,<br>PETER TROPEANO, and<br>CAROLYN PATTON,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>CHARLENE DORMAN,<br>BIANCA DORMAN,<br>LYDIA DORMAN,<br>TODD DORMAN,<br>T&N REALTY TRUST, and<br>CAPTAIN PARKER ARMS PARTNERSHIP,<br><br>　　　　　　Defendants. | CIVIL ACTION<br>NO. 03-CV-12231-RGS |

## DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS

Pursuant to Fed. R. Civ. P. 26 & 37, Defendants respectfully ask this Court to exclude from trial (a) the appraisal report of Eric Reenstierna of Reenstierna Associates, and (b) any testimony by Reenstierna, as the appropriate discovery sanction for Plaintiffs' failure to provide required expert disclosures and proper answers to expert interrogatories.

As grounds for this Motion, Defendants rely upon the accompanying Memorandum and state the following:

1.　　In this case, the Plaintiffs ask this Court to determine the value of the their interests in the Captain Parker Arms Partnership as of the date of their withdrawal, October 1, 2003. As part of this determination, the Court will need to determine a value for the real property on which the Partnership conducts its business.

2. To assist the Court in this step, the parties have engaged expert appraisers. After submitting the report of their expert appraiser Eric Reenstierna of Reenstierna Associates, seven weeks later Plaintiffs submitted another appraiser's valuation of the real property, purportedly as a rebuttal report. Plaintiffs' second appraiser, Webster Collins, of CB Richard Ellis, rejected the analysis and conclusions of Reenstierna and concluded that the value of the real property was significantly lower than the value Reenstierna suggested.

3. Upon receipt of the Collins report, Defendants propounded interrogatories requests seeking clarification as to the positions Plaintiffs and their experts would take at trial, in light of the fact that Plaintiffs had submitted contradictory expert reports. Plaintiffs' answers to these interrogatories were not served until November 27 and 28 and proved to be nonresponsive, evasive and incomplete.

4. By letter dated November 30, 2007, Defendants provided Plaintiffs with written notice that their interrogatory answers were insufficient and incomplete.

5. Plaintiffs have refused to supplement their expert reports to address the contradictory positions taken by their experts, or to supplement the answers to interrogatories that were propounded specifically to obtain clarification about the positions Plaintiffs' will advocate at trial.

6. On December 12, 2007, Plaintiffs stated that they intend to allow each of their appraisers to testify regarding their own conflicting opinions at trial. This Motion has been made as soon as practicable thereafter.

7. Although the Defendants have made every effort to accommodate the scheduling issues of Plan tiffs' counsel, Defendants are left without meaningful information as to the

amounts Plaintiffs will claim at trial to be the true value of the real property and the true value of each Plaintiff's partnership interest.

8. Plaintiffs' abuse of the discovery process has prejudiced Defendants who at this late date, just one business day before trial, still do not know what values Plaintiffs claim to be the true value of the real property and the true value of each Plaintiff's partnership interest.

WHEREFORE, the Defendants pray that their Motion be granted.

Respectfully submitted,

/s/ Sander A. Rikleen
Sander A. Rikleen – BBO# 420280
Christine M. O'Connor – BBO# 647535
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, Massachusetts 02199
Ph: 617·239·0100
Fx: 617·227·4420
Attorneys for the Defendants

Dated: December 14, 2007

## LOCAL RULE 7.1(A)(2) CERTIFICATION

On December 14, 2007, I conferred with Thomas Ciampa, counsel for Plaintiffs, and reiterated my position in a letter. We were unable to resolve this dispute.

/s/ Christine M. O'Connor

**Certificate of Service**

I hereby certify that this document filed through the ECF system pursuant to Local Rule 5.4 will be sent electronically to all other parties.

/s/ Christine M. O'Connor