UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIP L. TROPEANO, PETER TROPEANO, and CAROLYN PATTON, <br><br>               Plaintiffs, <br><br>v. <br><br>CHARLENE DORMAN, BIANCA DORMAN, LYDIA DORMAN, TODD DORMAN, T&N REALTY TRUST, and CAPTAIN PARKER ARMS PARTNERSHIP, <br><br>               Defendants. | CIVIL ACTION <br> NO. 03-CV-12231-RGS |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR DISCOVERY SANCTIONS**

This case asks the Court to determine the value of the Plaintiffs' interests in the Captain Parker Arms Partnership as of the date of their withdrawal, October 1, 2003. As part of this determination, the Court will need to determine a value for the real property on which the Partnership conducts its business. To assist the Court in this step, the parties have engaged expert appraisers. After submitting the expert report of one appraiser, Eric Reenstierna of Reenstierna Associates, Plaintiffs submitted another appraiser's valuation of the real property, seven weeks later, purportedly as a rebuttal report. This second appraiser, Webster Collins, of CB Richard Ellis, rejected the analysis and conclusions of Reenstierna and concluded that the value of the real property was significantly lower than the value Reenstierna suggested.

Plaintiffs refuse to supplement either their expert reports, to address the contradictory positions taken by their experts, or their answers to interrogatories that were propounded specifically to obtain clarification about the positions Plaintiffs will advocate at trial in light of the fact that their experts are at odds. Plaintiffs have abused the discovery process and, in so doing, have prejudiced Defendants. Accordingly, Defendants now respectfully ask the Court to impose discovery sanctions on Plaintiffs, specifically by excluding from evidence at trial the Reenstierna report and testimony by Reenstierna.

## Background

Pursuant to the Court's order of June 8, 2007, the parties were to identify testimonial experts and exchange expert reports on August 3, 2007, with an exchange of rebuttal reports, if any, by September 7. Because of scheduling conflicts, the parties subsequently agreed to exchange the expert reports on August 10 and rebuttal reports, if any, on September 14 (Affidavit of Christine O'Connor ("O'Connor Aff."), ¶ 2). Accordingly, on August 13, Plaintiffs served the expert appraisal report of Eric Reenstierna of Reenstierna Associates and Defendants served, among other reports, the expert appraisal report of Walter Pennell, of Hunneman Appraisal & Consulting Company (O'Connor Aff., ¶ 3). Defendants also timely served their Disclosures Pursuant to Rule 26(a)(2). Plaintiffs failed to make this disclosure until October 1, 2007 (id., ¶7).

On August 22, Defendants were notified that Plaintiffs had engaged a different appraiser[1] "to rebut the Hunneman report" (O'Connor Aff., ¶ 4, Ex. A). On September 12,

---

[1] Not until the new expert conducted an inspection of the property on August 28, 2007 did Defendants learn that Plaintiffs had retained Webster Collins, of CB Richard Ellis (O'Connor Aff., ¶ 5). As had been disclosed to Plaintiffs' counsel by Defendants' predecessor counsel, Defendants previously had engaged the services of Collins' colleague, Steven Kaye, as a non-testimonial expert (id., Ex. B at 1). Defendants protested the engagement of an appraiser

Plaintiffs requested a two-week extension of the date for exchanging rebuttal reports and, although Defendants were prepared to meet the September 14 deadline, they agreed to provide Plaintiffs with the additional time (id., ¶ 6).  On October 1, Plaintiffs served a purported rebuttal to the Hunneman report, which was an "appraisal review" by Mr. Collins (id., ¶ 7).

Mr. Collins purports to assess both Reenstierna's and Hunneman's compliance with appraisal standards, concludes (as had Hunneman) that a valuation based upon a condominium conversion was not viable, rejected Reenstierna's valuation, disagreed with aspects of Hunneman's appraisal and its conclusion as to value and, despite having never appraised the property, offered his own valuation of the property, an amount that was $1.7 million lower than the amount Reenstierna proffered (id., ¶ 8).  As such, Mr. Collins report is not a "rebuttal" in the traditional sense.  The Plaintiffs have made no attempt to supplement either report or to harmonize the fundamental differences in their expert's positions or valuations (id., ¶ 9).

Upon receipt of the Collins report and after discussion with Defendants' expert, Defendants timely served on October 9 two interrogatories and, on October 11, three interrogatories in an effort to understand the positions Plaintiffs would take at trial (O'Connor Aff. ¶ 10 & Exs. D and E).  Plaintiffs did not provide timely responses as required by Fed. R. Civ. P. 33(b)(3) (id., ¶ 10).

On November 14, Defendants' counsel conferred with Plaintiffs' counsel about Plaintiffs' failure to meet the interrogatory response deadlines (id., ¶ 11).  Defendants' counsel specifically stated that the interrogatories had been propounded because Plaintiffs had submitted two contradictory expert reports and Defendants sought clarification as to what topics and

---

    from the same firm, expressing concern about potential conflicts and breaches of
    confidentiality (id., Ex. C).  The parties eventually reached an agreement on this issue and
    filed a stipulation with the Court on September 27, 2007 (docket entry #71).

opinions each expert would testify about at trial and what real property valuation Plaintiffs would advocate before the Court (id.). She further explained to Plaintiffs' counsel that, pursuant to Local Rule 26.4, written notice of objections to expert qualifications and exhibits were due by November 21, and that Plaintiffs' failure to provide timely interrogatory responses was impairing Defendants' ability to meet this deadline (id.).

Defendants did not receive answers to the interrogatories until two weeks later (O'Connor Aff. ¶¶ 11, 12). When they finally arrived, the answers were non-responsive, incomplete and failed to clarify the position Plaintiffs will take at trial.

Defendants propounded an interrogatory which sought, in part:

> (b) the subject matter on which the witness is expected to provide opinion or expert testimony; (c) a complete statement of the substance of the facts and opinions as to which the witness is expected to provide opinion or expert testimony (if the witness has prepared an expert report, include in your answer an identification of the specific portions of the expert report as to which the witness is expected to testify).

(O'Connor Aff., Ex. D, Interrogatory No. 2). Plaintiffs' answer to this interrogatory – a verbatim copy of an interrogatory Plaintiffs had propounded – simply referred Defendants to the "respective expert reports" of Reenstierna and Collins (id.).

Defendants' straight-forward interrogatory asking Plaintiffs to "[p]lease state the dollar amount you contend is equal to the fair market value of the Subject Property as of October 1, 2003, and state the basis for this contention" (id., Ex. E, Interrogatory No. 4) received a similarly evasive and unresponsive answer:

> [Plaintiffs] state[] that the fair market value of the Subject Property as of October 1, 2003 was some amount between $16.3 million, as described in the expert report of Webster A. Collins and CB Richard Ellis, Inc., and $18.0 million, as described in the expert report of Eric Reenstierna and Reenstierna Associates, and refers the defendants to these expert reports . . .

(id.). The interrogatory answer was served 19 days late (id., ¶12).

Plaintiffs' answer to Defendants' interrogatory seeking the specific dollar amount that Plaintiffs contend represents each Plaintiffs' interest in the Partnership as of October 1, 2003 and the methodology by which those amounts are calculated (id., Ex. E, Interrogatory No. 5) was no more informative:

> As for the exact dollar amount of [Plaintiffs'] interest, [they] expect[] the Court to make that determination based upon: (1) the expert reports (including rebuttal reports) of (a) Eric Reenstierna of Reenstierna Associates, (b) Webster A. Collins and CB Richard Ellis, Inc., (c) Kevin Hastings and R.W. Sullivan Inc., (d) Norton S. Remmer, and (e) Walter H. Pennell and Hunneman Appraisal & Consulting Co.; (2) the various documents and other information that have been, and continue to be, produced pursuant to discovery in this matter regarding, among other matters, all non-real estate assets of the Partnership as of October 1,2003, all of which documents and information are equally available to the defendants, and (3) any additional information developed by Plaintiffs between now and the trial of this matter.

(id. ).

Such interrogatory answers are non-responsive, incomplete, inadequate and fail to provide any clarification of the issue created by Plaintiffs' submission of contradictory expert reports. Defendants, by letter dated November 30, sought revised and responsive answers to the interrogatories (O'Connor Aff. ¶13, Ex. F). Plaintiffs have not responded to this letter (id., ¶13). Although Plaintiffs plan to present the testimony and reports of both Reenstierna and Collins, they deny the characterization of Reenstierna as their expert-in-chief (despite the fact that his report was provided on the date for exchanging expert reports) and seek to avoid the fact that Collins is no more than a rebuttal witness (see Joint Statement (docket entry #98, at 3 n.3).

**Argument**

As described herein, Plaintiffs have abused the discovery process, particularly with respect to the required expert disclosures and the obligation to fully answer interrogatory requests. Only this week, Plaintiffs indicated that they do not intend to comply with their obligations to supplement either their expert reports to address the contradictory positions taken

by Plaintiffs' experts, or their answers to interrogatories that were propounded specifically to obtain clarification about the position Plaintiffs will advocate at trial in light of the fact that their experts are at odds (docket entry #98 at 3 n.3). Defendants ask the Court to impose a discovery sanction that would limit Plaintiffs to only one expert position at trial – the position taken in the last expert report submitted by Mr. Collins.

Federal courts have an inherent power to manage litigation through the imposition of sanctions that is "'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 11 (1st Cir. 1985) (quoting Link v. Wabash Railroad, 370 U.S. 626, 630-31 (1962)). Defendants respectfully ask this Court to use its inherent power to sanction discovery abuses by prohibiting Plaintiffs from proceeding to trial with contradictory expert opinions on the underlying valuation needed for this Court to resolve the ultimate issue in this case. Plaintiffs should be limited to the most recent expert opinion they proffered.

**I.     THE PLAINTIFFS HAVE FAILED TO MEET THEIR DISCOVERY OBLIGATIONS UNDER THE FEDERAL RULES**

Plaintiffs' disregard for the discovery rules and obligations should not be tolerated. Their submission of a new appraiser's valuation under the guise of a "rebuttal" report and their failure to provide responsive and complete answers to interrogatories about the positions Plaintiffs and their experts will take at trial, violate the letter and spirit of this Court's procedural rules. Defendants, who are left guessing as to what Plaintiffs ultimately will argue are unduly prejudiced by Plaintiffs' failure to abide by the procedural rules.

A.   **Plaintiffs "Rebuttal" Report Is Really A Second, and Contradictory, Expert Report, Proffered In Violation of the Procedural Rules.**

Under the Federal Rules of Civil Procedure, testimonial experts are required to submit reports that set forth their conclusions and the basis for those conclusions.  Fed. R. Civ. P. 26(a)(2)(B).  The expert reports and any responsive rebuttal reports are to be "disclos[ed] at the times and in the sequence that the court orders."  Id., 26(a)(2)(C).  This Court's scheduling order required expert reports to be produced, followed by rebuttal reports thirty days later (docket entry #70).  Rebuttal reports are not a second bite at the apple – they are intended to be responsive to an expert report proffered by another party.  Plaintiffs' purported "rebuttal" report by Collins only minimally responds to Defendants' expert report.  Instead, faced with Defendants' appraisers' unassailable report, Plaintiffs use the guise of a "rebuttal" report to retreat from, without withdrawing, the Reenstierna appraisal and to impermissibly submit an untimely, second expert opinion of valuation.

Expert reports are required so that the receiving party may fully prepare for trial and to eliminate unfair surprise.  Coles v. Perry, 217 F.R.D. 1, 4 (D.D.C. 2003) ("The interest served by requiring the disclosure of expert opinions is self evident.  It is to prevent unfair surprise at trial and to permit the opposing party to prepare for the expert's cross examination.").  Offering contradictory expert reports undermines both of these policy objectives.

Here, Plaintiffs force Defendants not only to prepare for cross-examination of two experts who reach contradictory conclusions, but to proceed to trial without an understanding of what position Plaintiffs will take with respect to the ultimate issues of the case.

B.   **Plaintiffs Failed to Supplement the Expert Reports.**

Moreover, despite having a duty to supplement their expert reports, Plaintiffs have made no effort to supplement either of their two expert valuations to explain or harmonize the

inconsistencies in their positions.  Fed. R. Civ. P. 26(e)(2) (added by amendment effective December 1, 2007) ("For an expert whose report must be disclosed under Rule 26(a)(2(B), the party's duty to supplement extends . . . to information included in the report. . . ." ).  Certainly, upon receipt of the Collins report, Plaintiffs had new information that would suggest that the Reenstierna report required supplementation.  See  Klonoski v. Mahlab, 156 F.3d 255, 268 (1st Cir. 1998).

Similarly, any attempt by either expert to harmonize his opinion on the witness stand with that of the other expert – Reenstierna, as the first expert would seem more likely to try to harmonize his opinion with that of Collins – would surely constitute an undisclosed "unfair surprise."  Coles, 217 F.R.D. at 4; see also  Fed. R. Civ. P. 37(c)(1) (prohibiting use of information that had not been disclosed).

### C.    Plaintiffs Failed to Fully Answer and Supplement the Interrogatories.

The Court should not tolerate attempts by the Plaintiffs to evade a plainly worded and reasonable interrogatory served by the Defendants.  Fed. R. Civ. P. 33(b)(3) (redesignated by amendment, effective December 1, 2007 (previously, Rule 33(b)(1)) (an interrogatory "must . . . be answered separately and fully").  A party cannot meet its obligation to "fully" respond to the interrogatory by giving an answer that obfuscates its true position.  As one federal court explained:

> In the interest of narrowing the issues and ascertaining the facts relevant thereto, the Court should not permit answers to interrogatories that are incomplete, inexplicit and unresponsive.  The answers to interrogatories must be responsive, full, complete and unevasive.

Miller v. Doctor's General Hospital, 76 F.R.D. 136, 140 (W.D. Ok. 1977) (citations omitted).

In response to an interrogatory seeking "a complete statement of the substance of the facts and opinions as to which the witness is expected to provide opinion or expert testimony,"

Plaintiffs only referenced the expert reports. By no stretch of the imagination did Plaintiffs "fully" answer this interrogation. When asked to "state the dollar amount you contend is equal to the fair market value of the [real estate] as of October 1, 2003," Plaintiffs answered that the value was between the Collins' valuation and the Reenstierna's valuation. Without a doubt, this answer is "incomplete, inexplicit and unresponsive." Miller, 76 F.R.D. at 140. At bottom, the Plaintiffs have simply given noncommittal and evasive answers to the interrogatories.

Nor have Plaintiffs made any effort to supplement their interrogatory answers, despite objecting to each of Defendants' interrogatories as "premature" notwithstanding the fact that Plaintiffs served their answers more than two weeks after the Court's ordered date for close of discovery. See Fed. R. Civ. P. 26(e)(1)(A) (added by amendment effective December 1, 2007 (previously encompassed in Rule 26(e)(2)) ("A party who has . . . responded to an interrogatory . . . must supplement its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect. . . ."). Defendants, both in conference and by letter, notified Plaintiffs that their interrogatory answers were nonresponsive and incomplete (O'Connor Aff., ¶¶ 11, 13). Plaintiffs not only failed to supplement their responses, they never responded to Defendants' concerns.

## II.   THE COURT SHOULD SANCTION PLAINTIFFS

Plaintiffs appear to have decided to offer contradictory expert opinions in hopes that the Court will somehow sort out the conflicting testimony and arrive at a value. Plaintiffs' refusal to clarify the positions they and their experts will take at trial, particularly with respect to the key issue of the value of the real property, will have a negative impact on the orderly progress of the trial. The conflicting testimony will cause nothing but confusion and delay as the Court wades through the material presented by the Plaintiffs' two bickering experts. The Court is well within its rights, in the interest of "manag[ing] [its] own affairs so as to achieve the orderly and

expeditious disposition of [the] case[]", to sanction Plaintiffs.  Brockton Sav. Bank, 771 F.2d at 11.

Defendants believe the most sensible solution to the Plaintiffs' intransigence is to prohibit the Plaintiffs' from introducing the Reenstierna report into evidence and from calling Reenstierna as an expert witness.  The Collins report, as the more recent of Plaintiffs' two expert submissions, appears to supersede the report of Reenstierna.  Collins rejected Reenstierna's analysis and conclusions, and submitted his own valuation of the real property.

Plaintiffs could have provided clarification as to what expert valuation they would advocate at trial – in fact, Defendants have invited them to do so in multiple ways and on multiple occasions – but, instead they have chosen to be evasive and nonresponsive.  Under such circumstances, limiting Plaintiffs to their most recent expert submission is an appropriate sanction.  Fed. R. Civ. P. 26 & 37; see also, e.g., Roadway Exp., Inc. v. Piper, 447 U.S. 752, 765 (1980) ( noting the "recognized the 'well-acknowledged' inherent power of a court to levy sanctions in response to abusive litigation practices" (quoting Link, 370 U.S. at 632)).

**Conclusion**

For the foregoing reasons, the Defendants' motion to sanction the Plaintiffs should be granted, and the Plaintiffs should be barred from introducing the report by Eric Reenstierna into evidence or from calling Reenstierna as an expert witness.

Respectfully submitted,

Dated: December 14, 2007

_____/s/ Sander A. Rikleen_____
Sander A. Rikleen – BBO# 420280
Christine M. O'Connor – BBO# 647535
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, Massachusetts 02199
Ph: 617·239·0100
Fx: 617·227·4420
Attorneys for the Defendants

**Certificate of Service**

I hereby certify that this document filed through the ECF system pursuant to Local Rule 5.4 will be sent electronically to all other parties.

/s/ Sander A. Rikleen