UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIP L. TROPEANO,<br>PETER TROPEANO, and<br>CAROLYN PATTON,<br><br>              Plaintiffs,<br><br>     v.<br><br>CHARLENE DORMAN,<br>BIANCA DORMAN,<br>LYDIA DORMAN,<br>TODD DORMAN,<br>T&N REALTY TRUST, and<br>CAPTAIN PARKER ARMS PARTNERSHIP,<br><br>              Defendants. | CIVIL ACTION<br>NO. 03-CV-12231-RGS |

## AFFIDAVIT OF ATTORNEY CHRISTINE O'CONNOR

I, Christine O'Connor, hereby depose and state as follows:

1.    I am an attorney at Edwards Angell Palmer & Dodge LLP and co-counsel to the Defendants in this action. This affidavit is based upon my personal knowledge.

2.    Because of vacation schedules of experts and counsel, the parties agreed to postpone the exchange of expert reports by one week until August 13, 2007.

3.    On August 10, 2007, a messenger from my firm hand delivered to counsel for Plaintiffs the following expert reports on behalf of Defendants: (1) the expert appraisal report of Walter Pennell, of Hunneman Appraisal & Consulting Company; (2) the expert report of Norton S. Remmer, of Norton S. Remmer, P.E. Consulting Engineers, concerning building code compliance; (3) the expert business valuation report of William Mitchell of Haverford Valuation Associates; and (4) Defendants' Disclosures Pursuant to Rule 26(a)(2). The same messenger

received from Plaintiffs' counsel and returned to me Plaintiffs' expert appraisal report of Eric Reenstierna of Reenstierna Associates.

4. On August 22, 2007, I received an email from Plaintiffs' counsel which stated that Plaintiffs had "engaged a second real estate appraisal expert to rebut the Hunneman Report" and sought an appointment to inspect the property. Attached as <u>Exhibit A</u> is a true copy of that email.

5. On August 28, 2007, during the property inspection by Plaintiffs' new expert, Defendants learned that Plaintiffs had retained real estate appraiser Webster Collins, of CB Richard Ellis. Defendants' predecessor counsel had previously disclosed to Plaintiffs' counsel that he had engaged the services of Collins' colleague at CB Richard Ellis, Steven Kaye, to conduct an appraisal. Attached as <u>Exhibit B</u> is a true copy of that communication. Mr. Kaye never completed an appraisal but continues to be engaged as a non-testimonial consulting expert. Upon learning the identify of Plaintiffs' new expert, Defendants' counsel immediately notified Plaintiffs' counsel of the conflict. Attached as <u>Exhibit C</u> is a true copy of that communication.

6. On September 12, 2007, Plaintiffs' counsel contacted me by telephone and requested a two-week extension of the date for exchanging rebuttal reports. Although Defendants were prepared to meet the September 14 deadline for exchanging rebuttal reports, I agreed to provide Plaintiffs with the additional time. On the agreed upon date for the exchange, Friday, September 28, Plaintiffs' counsel took ill and the parties agreed to postpone the exchange until the following Monday, October 1, 2007.

7. On October 1, 2007, a messenger from my firm delivered by hand Hunneman's rebuttal of the Reenstierna report to Plaintiffs' counsel and Plaintiffs' counsel provided the same messenger a rebuttal of the Remmer report and a report authored by real estate appraiser Webster

2

Collins. Plaintiffs also produced their Disclosures Pursuant to Rule 26(a)(2), which had been due on August 10, 2007.

8. Mr. Collins refers to his report as an "appraisal review" and purports to assess both Reenstierna's and Hunneman's compliance with appraisal standards. Collins concluded (as had Hunneman) that a valuation based upon a condominium conversion was not viable and rejected Reenstierna's valuation. He also disagreed with aspects of Hunneman's appraisal and its conclusion as to value. Despite having never appraised the property himself, Collins offered his own valuation of the property, an amount that was $1.7 million lower than the amount Reenstierna proffered.

9. Plaintiffs have not supplemented either the Reenstierna or Collins reports. Nor have they provided any correspondence or other communication that harmonizes Plaintiffs' conflicting expert reports.

10. Because Plaintiffs' experts had reached contradictory conclusions, Defendants served interrogatories seeking to obtain a better understanding of the positions Plaintiffs will advocate at trial. The first of these was timely served on October 9 and consisted of only two interrogatories. Plaintiffs' response to the October 9 interrogatories was due no later than November 8. The second request was served on October 11 and consisted of only three interrogatories. Plaintiffs' response to the October 11 interrogatories was due no later than November 12.

11. On November 14, 2007, during a deposition break, I conferred with Plaintiffs' counsel about Plaintiffs' failure to answer the interrogatories that were then past due. I specifically stated that the interrogatories had been propounded because Plaintiffs had submitted two contradictory expert reports. I explained that Defendants sought clarification as to what

3

topics and opinions each expert would testify about at trial and what real property valuation Plaintiffs would advocate before the Court. I further explained that, pursuant to Local Rule 26.4, written notice of objections to expert qualifications and exhibits were due by my calculations no later than November 21 and that I was concerned that Defendants would not be able to meet this deadline because Plaintiffs had failed to provide timely interrogatory responses.

12. Plaintiffs' answers to the October 9 interrogatories were not received until November 27 (Exhibit D hereto). Plaintiffs' answers to the October 11 interrogatories were not received November 28 (Exhibit E hereto).

13. On November 30, 2007, I sent Plaintiffs' counsel a letter which set forth with specificity Defendants' complaints about the insufficiency and inadequacy of Plaintiffs' answers to the expert interrogatories and demanded that revised and responsive answers be provided. Attached as Exhibit F is a true copy of that letter. Although Plaintiffs have responded to another topic raised in the same letter, they have not responded in any manner to Defendants' valid concerns about the inadequate interrogatory answers.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of December, 2007.

_____/s/ Christine M. O'Connor_____

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system pursuant to Local Rule 5.4 will be sent electronically to all other parties.

_____/s/ Christine M. O'Connor_____