**EXHIBIT F**

# EDWARDS ANGELL PALMER & DODGE LLP

111 Huntington Avenue  Boston, MA  02199  617.239.0100  *fax* 617.227.4420  eapdlaw.com

Christine O'Connor
617.239.0163
*fax* 617.316.8332
coconnor@eapdlaw.com

November 30, 2007

**BY E-MAIL AND FIRST CLASS MAIL**

Thomas M. Ciampa, Esq.
Ciampa & Associates
20 Park Plaza, Suite 804
Boston, MA  02116

      Re:    Phillip L. Tropeano, et al. v. Charlene Dorman, et al.,
              U.S. Dist. Ct., Dist. of Mass., No. 03-CV-12231-RGS

Dear Tom:

We received the packages sent this week that included Plaintiffs' unsigned responses to Defendants' first and second sets of interrogatories and the expert document production. We find the interrogatory responses inadequate and believe that the expert production is incomplete.

As I indicated during our discussions concerning Plaintiffs' failure to meet the interrogatory response deadlines, Defendants proffered the interrogatories because Plaintiffs have submitted two contradictory expert reports. Defendants sought clarification as to which topics and opinions each expert will offer at trial and thus proffered the same expert interrogatory Plaintiffs had served. Plaintiffs responded by simply referencing the expert reports. This answer not only fails to answer the interrogatory but, given the fact your experts are at odds, also fails to provide the information needed to prepare the pre-trial statement or narrow the issues for trial. Similarly, Plaintiffs' responses to Defendants' interrogatory asking Plaintiffs to state the real estate value they plan to argue at trial were nonresponsive, given the fact that your experts have come to disparate conclusions. Defendants' interrogatory concerning "the dollar amount you contend is equal to the value of your interest in the Partnership as of October 1, 2003, and state the basis for this contention, including, but not limited to, a complete description of the data you used and the methodology by which you calculated the value of your interest in the Partnership as of October 1, 2003" is the heart of this case. Plaintiffs neither provided a dollar amount nor a methodology for calculating the partnership interests. Please supplement these responses immediately so the parties can prepare the pre-trial statement now due in one week.

Following conference, each party agreed to produce certain expert documents and this agreement was memorialized in a letter I sent to you on October 30 and your email in response dated November 2. We note that your production did not include invoices from any of the experts or a privilege log. Additionally, page 19 of Mr. Collins report appears to contain an extract from a

# EDWARDS ANGELL PALMER&DODGE LLP

Thomas M. Ciampa, Esq.
November 30, 2007
Page 2

document that was not produced. We request that the original document and its source be disclosed. Mr. Collins also refers to conversations he had with various people but the production does not include any notes from these conversations. Please confirm that there were no notes from any of these conversations. Mr. Collins also discusses several properties (pages 19-22) but the production does not include any documents concerning these properties, not even comp sheets. Please confirm that Mr. Collins did not reference any documents concerning these properties and that Mr. Collins has produced all other documents that he is required to produce. Mr. Reenstierna also alludes to having conducted interviews, yet he similarly produced no notes. Please confirm that there were no notes from any of these conversations.

Thank you.

Very truly yours,

Christine O'Connor

cc:   Sander A. Rikleen, Esq.