UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIP L. TROPEANO, PETER TROPEANO, and CAROLYN PATTON, <br><br> Plaintiffs, <br><br> v. <br><br> CHARLENE DORMAN, BIANCA DORMAN, LYDIA DORMAN, TODD DORMAN, T&N REALTY TRUST and CAPTAIN PARKER ARMS PARTNERSHIP, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) DOCKET NO. <br> ) 03-CV-12231-RGS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' CONSOLIDATED OPPOSITION TO (1) MOTION IN LIMINE TO EXCLUDE DEPOSITION TESTIMONY OF ALFRED P. TROPEANO; (2) MOTION IN LIMINE TO EXCLUDE TESTIMONY OF FREDRICK CONROY; AND (3) MOTION FOR DISCOVERY SANCTIONS**

In a trio of motions filed late on the Friday afternoon immediately prior to the start of trial, the defendants continue their recent theme -- sounded throughout the motions – that the Court should consider only evidence that supports the defendants' position. It is, of course, somewhat peculiar how much energy the defendants have expended in their attempts to keep the Court from receiving factual evidence in this case. Because the defendants' motions are nothing more than an attempt to derail, rather than advance, the fact finding process, each motion should be summarily denied.

Unfortunately, because the defendants have filed their motions at a time orchestrated to preclude a full and complete response, Plaintiffs limited to replying in only a summary fashion. Accordingly, in support of their Consolidated Opposition, Plaintiffs state as follows.

A.  The Deposition Testimony of Alfred P. Tropeano Is On Point And Admissible.

In their first motion, the defendants seek to keep from the Court's view testimony given by Alfred P. Tropeano in Emily A. Tropeano v. Alfred P. Tropeano, et al., Middlesex Probate Court, No. 94E-0216-G1 (Equity), a case in which Alfred Tropeano testified on behalf of the Captain Parker Arms Partnership with respect to, among other things, the partnership's view as to the proper method of valuing partnership interests being redeemed by the partnership, the creation of the T&N Realty Trust (and the reason for its creation), and the status of the trust as a nominee trust. In short, Alfred Tropeano, on behalf of the partnership, and fully represented by the attorney for the partnership, testified as to the partnership's position with respect to some of the precise questions to be decided by this Court.

It is completely understandable *why* the defendants would like to preclude consideration of Alfred Tropeano's testimony – the partnership has, under oath, in a prior proceeding, taken positions which it would now like to abandon as inconvenient to its present position. The fact that Alfred Tropeano's testimony on behalf of the partnership contradicts the now-controlling partners' current position does not support exclusion, however. To the contrary, the contradiction in testimony supports *admission*. See, e.g., Pope v. Savings Bank of Puget Sound, 850 F.2d 1345, 1356 (9th Cir. 1988)("Under Fed. R. Civ. P. 32(a)(2) and Fed. R. Evid. 801(d)(1), prior inconsistent statements given in a prior proceeding under oath may come in as substantive evidence")(citations omitted); Limsico v. U.S. INS, 951 F.2d 210, 215 (9th Cir. 1991)("Impeachment evidence of a prior inconsistent statement can be used not only to show that the witness is not telling the truth, but also as substantive evidence of a contrary conclusion of fact").

2

Similarly, Rule 804(b)(1), cited by the defendants in their motion to exclude, supports not exclusion, but admission. The Rule provides for the admission of deposition testimony from a prior proceeding:

> …if the party against whom the testimony is now offered, or . . . a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination.

The defendants cite to this rule in support of exclusion, arguing that, in the prior proceeding, "no party had a motivation to develop testimony about valuing a withdrawing partner's interests pursuant to section 42 of the Partnership Act…." Putting aside the defendants' attempts to define the issue out of existence by defining the overlapping interests as narrowly as possible, the defendants misapprehend the intent of the rule. Rule 804(b)(1) is not intended to exclude the prior testimony of a partner, testifying on behalf of the partnership as to a theory of its own making (even if the partnership now wants to disavow the earlier testimony). The controlling partners should not be heard to argue that they did not have the opportunity to cross examine Alfred Tropeano's testimony in the prior action because it was the partnership itself that proffered Alfred Tropeano's testimony.

The defendants' argument on this point – indeed each of the defendants' motions – ignores "the basic purpose of the Federal Rules of Evidence: truth ascertainment and fair adjudication of controversies." United States v. Sposito, 106 F.3d 1042 (1st Cir. 1997)(citing 11 Moore's Federal Practice § 803(24)[7] (2d ed. 1994 & Supp. 1996-97). Accordingly the Defendants' motion to exclude the testimony of Alfred P. Tropeano should be denied.

      B.      The Testimony of Attorney Fredrick Conroy Should Be Allowed.

The Defendants have moved in limine to preclude the testimony of Attorney Fredrick Conroy, who served as counsel to the Captain Parker Arms Partnership. Here, the defendants' motion succeeds both in being premature and frivolous. Even assuming that the attorney-client privilege is applicable, the defendants' motion would be premature because there has been no attempt by Plaintiffs to elicit testimony which could possible fall within the attorney-client privilege  By attempting to block Attorney Conroy's testimony in toto, the defendants must be arguing that there could be no set of facts on which Attorney Conroy could testify – regardless of whether Attorney Conroy came into possession of such facts or information through conversations with his clients. On its face, such an argument is erroneous. See, e.g., Cavallaro v. United States, 153 F. Supp. 2d 52 (D. Mass. 2001)("Although the attorney-client privilege is well established, it is narrowly construed because any expansion of the privilege hinders the Court in its search for truth.")  Certainly, Attorney Conroy could testify about documents which he drafted or other information which did not come to him through a protected communication with his client. Accordingly, to the extent that the defendants could argue for preclusion of *some* testimony from Attorney Conroy, such a motion is properly brought at trial, if and when Plaintiffs actually attempt to solicit evidence covered by the privilege.[1]

More to the point, however, the defendants seem to conveniently forget that, when an attorney acts as an attorney to a partnership, the privilege is held jointly by all partners and cannot be asserted against one another. FDIC v. Ogden Corp., 202 F.3d

---

[1] Defendants seem to forget that the case is being tried as a bench trial. As such, there is no concern that a jury might be improperly influenced by objections raised during trial.

4

454, 461 (1st Cir. 2000)("Despite its venerable provenance, the attorney-client privilege is not absolute. One recognized exception renders the privilege inapplicable to disputes between joint clients. …Thus, when a lawyer represents multiple clients having a common interest, communications between the lawyer and any one (or more) of the clients are privileged as to outsiders but not inter sese")(citations omitted); Cacciola v. Nellhaus, 49 Mass. App. Ct. 746, 752 (Mass. App. Ct. 2000)("attorney for partnership represents all partners as to matters of partnership business and has fiduciary duty to disclose to them all matters concerning partnership"); Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 225 (1st Cir. 2005)("The common-interest exception permits a party access to his joint-client's communications with the shared counsel.")

At its most basic, then, the defendants cannot assert the attorney-client privilege with respect to Attorney Frederick Conroy insofar as Attorney Conroy was representing the Captain Parker Arms Partnership because, during such representation, Attorney Conroy was representing all of the partners in the partnership and, as such, the privilege cannot be asserted. Accordingly, this motion in limine should similarly be denied.

    C.    The Defendants Are Not Entitled to So-Called "Discovery Sanctions Simply Because They Were Disinclined To Do Their Own Work During The Expert Discovery Stage of the Litigation.

Having made a strategic decision not to conduct *any* depositions of Plaintiffs' expert witnesses, the defendants now come to the Court complaining that, somehow, their professed ignorance of the experts' expected testimony is Plaintiffs' fault. Preliminarily, however, the defendants' professed "ignorance" is feigned. Each of Plaintiffs' two appraisal experts produced a lengthy and extensive expert report that was properly

5

produced to the defendants. The defendants, however, claim that Plaintiffs' experts cannot reasonably be expected to testify in conformity with their individual reports because – in the defendants' estimation – the reports "contradict" each other. This contention, however, is far from accurate. It is certainly true that the Plaintiffs' expert reports do not walk in lockstep. There is a good reason for this. In employing its experts, Plaintiffs were under the impression that the purpose of expert witnesses was to provide the Court with honest, accurate, and independent testimony so as to allow the Court to make a factual determination of the issues before it. Plaintiffs instructed their experts as such and, as a result, they produced reports which are not simply carbon copies of one another. The defendants, apparently, have a different view of the purpose of an expert report, as evidenced by their motion for discovery sanctions.[2] It would seem to bear repeating, then, that "the basic purpose of the Federal Rules of Evidence: truth ascertainment and fair adjudication of controversies." United States v. Sposito, 106 F.3d 1042 (1st Cir. 1997)(citing 11 Moore's Federal Practice § 803(24)[7] (2d ed. 1994 & Supp. 1996-97).

      To the extent that the defendants claim that the perceived disparities between the two expert reports could result in an "unfair surprise" at trial, such "surprise" results only from the defendants' decision not to bother taking expert depositions. Certainly if the defendants could not be bothered even to take the steps which would have eliminated their professed confusion, the issue cannot actually have weighed heavily on their trial preparation. Indeed, the defendants' proposed "sanction," the exclusion of one of

---

[2] The defendants' approach to discovery is further exemplified by their earlier engagement, and then dismissal, of appraisal expert Steven Kaye of CB Richard Ellis. See Docket #71). Mr. Kaye appears to have appraised his way right of the defendants' team by over-exercising his independence and honesty.

Plaintiffs' expert reports, simply lends more proof to the conclusion that, while the truth may indeed be out there, the defendants are desperate not to have the Court discover it.[3]

Because the Defendants' Motion for Discovery Sanctions is wholly without merit, it too should be denied.

## Conclusion

For the reasons outlined here, the Defendants' Motion in Limine to Exclude Deposition Testimony of Alfred P. Tropeano; Motion in Limine to Exclude Testimony of Frederick Conroy; and Motion for Discovery Sanctions should each be denied.

PHILIP L. TROPEANO, PETER
TROPEANO and CAROLYN PATTEN

/s/ Thomas M. Ciampa
_____
Thomas M. Ciampa (BBO#566898)
Ciampa & Associates
20 Park Plaza, Suite 804
Boston, MA 02116
(617) 742-5955

Dated: December 16, 2007

### Certificate of Service

I, Thomas M. Ciampa, hereby certify that on this 16th day of December, 2007, this document was filed through the CM/ECF and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

___/s/ Thomas M. Ciampa____

---

[3] Indeed, between their motion for discovery sanctions and their motion to preclude consideration of subsequent market activity (and any expert testimony relying thereon), the defendants seek the exclusion of both of the appraisal reports submitted by Plaintiffs' experts.